1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

**MARK HOFFMAN,** individually
and on behalf of all others similarly
situated,

          *Plaintiff,*

*v.*

**BCI ACRYLIC, LLC
D/B/A BATH
PLANET**

**and**

**NORTHWEST BATH SPECIALISTS,
LLC D/B/A BATH PLANET OF
SEATTLE**

          *Defendants.*

Judge Ricardo S. Martinez
Case No. 2:25-cv-02032-RSM
Noted for Hearing: January 30, 2026

10
11
12
13
14
15
16
17
18
19
20
21

**MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

22
23
24
25

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 1
(2:25-cv-02032-RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Pursuant to Federal Rule 12(c), the Court should enter judgment on the pleadings dismissing Plaintiff Hoffman's claims against Defendant BCI Acrylic, LLC.[1] As demonstrated below, these claims fail as a matter of law because BCI had no interactions of any nature with anyone named Mark Hoffman, and Plaintiff has not pled, nor is there any material in the record that could possibly sustain a theory of vicarious liability for any actions alleged to have been undertaken by Defendant Northwest Bath Specialists, LLC ("Bath Planet Seattle").

## BACKGROUND

On June 1, 2025, Plaintiff filed his action against Defendants BCI and Bath Planet Seattle, alleging that Bath Planet Seattle (not BCI) sent Plaintiff unsolicited phone calls and text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), the Washington State Commercial Electronic Mail Act, RWC § 19.190.060, *et seq.* (the "CEMA"), and by way of CEMA, the Washington State Consumer Protection Act, RWC § 19.86.[2] Plaintiff alleges that he received 37 calls and text messages placed by Bath Planet Seattle even after he registered for the National Do Not Call Registry in 2007. (Dkt. #18 ¶¶ 25-27, 35.) Following Bath Planet

---

[1] As explained in its Answer, BCI Acrylic, LLC is now known as Bath Concepts, LLC. For ease of reference in this motion Defendant BCI Acrylic, LLC n/k/a Bath Concepts, LLC will be referred to as "BCI."

[2] CEMA does not create a private right of action, but instead makes a violation of CEMA "an unfair or deceptive act in trade or commerce and an unfair method of competition for the purposes of applying the consumer protection act." RCW 19.190.060(2). Thus, Plaintiff seeks damages through Washington's Consumer Protection Act.

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 2
(2:25-cv-02032-RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

Seattle's calls and texts, on December 27, 2024, Plaintiff spoke to "Melissa from Bath Planet," and learned that the calls were placed by Bath Planet Seattle. (*Id.* ¶ 34-35.)

Plaintiff's sole basis for claiming BCI should face any potential liability is Plaintiff's rank speculation that BCI is a "franchisor that sells its products and services through franchisees like Defendant Bath Planet Seattle," that BCI "enjoyed the benefits of the widespread mass calling conduct by its franchisees, including Bath Planet Seattle" and that it is "liable as a franchisor for Defendant Bath Planet Seattle's conduct and telemarketing calls placed by Bath Planet Seattle. . . " (*Id.* ¶¶ 5, 41, 43.) Plaintiff supplied no factual basis for these allegations in his Complaint; instead, Plaintiff pleads that the supposed franchise relationship exists "upon information and belief." (*Id.* ¶¶ 35, 45, 47, 50.)

In its answer, BCI denied each and every allegation that Defendants have a franchise-relationship. (*Id.*) And, BCI's answer affirmatively alleged that BCI only generates revenue from the sale of its products to installers, it plays no role in the installers' marketing efforts, and it had no knowledge of Bath Planet Seattle's actions or inactions taken regarding customer outreach. (*Id.* ¶ 48.)

On August 1, 2025, Bath Planet Seattle moved to dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction. (Dkt. #19.) In support, Bath Planet Seattle attached two exhibits: (1) an affidavit of its corporate representative (Dkt. #19-1); and (2) the Dealership Agreement between BCI and Bath Planet Seattle (Dkt. #19-2). The

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 3
(2:25-cv-02032-RSM)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

1  Northern District of Illinois granted Bath Planet Seattle's motion—confirming that

2  Bath Planet Seattle sent Plaintiff messages from a Bath Planet Seattle number

3  associated with Washington. (Dkt. #27 at 2.)

4         Bath Planet Seattle's motion and corresponding exhibits disclaim BCI's

5  involvement in the text messages and calls. (Dkt. #19 at 12 ("All material events

6  leading to Plaintiff's claims occurred in Washington. . ."); *Id.* at 13 ("records relating to

7  text messages sent to Plaintiff and any putative class members, and the system used to

8  send those texts are in the Western District of Washington."); Dkt. #19-1 ¶ 17 ("[a]ny

9  text messages sent from NW Bath are sent to Plaintiff or any putative class members

10  [*sic*] were sent from its Washington state office."). These materials negate Plaintiff's

11  baseless allegation that a franchise agreement governs Defendants' relationship. (*See*

12  *generally* Dkt. #19-2.) And, they undercut Plaintiff's conclusory allegations that an

13  agency relationship governs the Parties. (*Id.* at § 21 (asserting that Bath Planet shall be

14  an independent contractor who was granted a license to sell and install BCI's

15  products).)

16         The Northern District of Illinois's Memorandum and Order granting Bath

17  Planet Seattle's motion to dismiss further confirms that BCI had no involvement in

18  sending messages to Plaintiff. (Dkt. #27 at 2 ("An affidavit from BP Seattle owner

19  Charles Hartshorn confirms that [the messages came from Washington]."). Indeed, the

20  Court granted Bath Planet Seattle's motion on the basis that none of the violations

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 4
(2:25-cv-02032-RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

occurred in Illinois. (*See generally* Dkt. #27.) This further confirms that BCI had no involvement whatsoever with Bath Planet Seattle's calls. Given that the Agreement forecloses Plaintiff's claim for direct and vicarious liability under the TCPA and CEMA, Defendant BCI files this motion for judgment on the pleadings seeking the dismissal of Plaintiff's claims against BCI.

## ARGUMENT

A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Under this standard, Plaintiff's Complaint must be dismissed when plaintiff fails to plead enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, allegations that are conclusory, speculative, or otherwise fail to show more than a mere possibility that a defendant has acted unlawfully are grounds for dismissal. *Kwan v. SanMedica Int'l.*, 854 F.3d 1088, 1096 (9th Cir. 2017). In ruling on a Rule 12(c) motion, the Court may consider documents beyond the pleadings such as letters and contracts referred to in plaintiff's complaint and which are central to his claim. *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014). Dismissal is warranted when the plain language of a

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 5
(2:25-cv-02032-RSM)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

contract attached as an exhibit or incorporated by reference conflicts with Plaintiff's

allegations. *Id.* (dismissing Plaintiff's claim because it is contradicted by the

documents he attached to his complaint).

Moreover, Courts are encouraged to dismiss claims like Plaintiff's, where the

factual allegations are so devoid and speculative that the Court would be effectively

allowing the use of discovery to conduct a fishing expedition. *Webb v. Trader Joe's Co.*,

999 F.3d 1196, 1204 (9th Cir. 2021). Plaintiff's bare-boned pleadings are entirely devoid

of any factual allegations implicating BCI for liability under TCPA and CEMA, and

must be dismissed.

**I.      Plaintiff Does Not Allege Direct Liability Against BCI Under the TCPA.**

To the extent Plaintiff's claims could be read as attempting to assert direct

liability against BCI, the Court should dismiss Plaintiff's claims. Under the TCPA,

direct liability only applies to entities that (1) "tak[e] the steps necessary to physically

place the call" or (2) "was so involved in placing the call so as to be deemed to have

initiated it." *Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *4 (W.D. Wa. March 27,

2023) (finding plaintiff failed to state a claim for direct liability because Plaintiff failed

to plead facts supporting the inference that defendant dialed the calls). And the mere

fact that a company produces or sells a product does not render it liable for calls made

by resellers of that product. *In re Joint Petition filed by Dish Network, LLC,* 28 F.C.C.Rcd.

at 6574, 6583 ¶ 26 (2013). Plaintiff's claims must be dismissed. First, Plaintiff pleads no

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 6
(2:25-cv-02032-RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

facts showing that BCI physically placed the calls or texts to Plaintiff. Second,

Plaintiff's pleadings do not include the allegation that BCI had any control over Bath

Planet Seattle in initiating contact with Plaintiff.

### A.    All Parties Agree that Bath Planet Seattle, Not BCI, Physically Contacted Plaintiff.

Plaintiff alleges that Bath Planet Seattle, *not BCI*, sent calls and text messages to

Plaintiff. (Dkt. #18 ¶ 29, 35.) Indeed, there is not a single allegation included in the

Complaint that directly alleges that BCI, itself, engaged in any affirmative conduct

that would violate the TCPA. And Plaintiff fails to allege any facts showing that BCI

assisted Bath Planet Seattle in contacting Plaintiff. Instead, Plaintiff alleges he received

confirmation that Bath Planet Seattle was the sender when he (1) spoke to Melissa

from Bath Planet, and (2) corresponded with BCI who asserted that it had not made

the calls or texts to Plaintiff. (*Id.* ¶ 34, 56.) Also, BCI denied all allegations that it called

or texted Plaintiff, that it had ownership or control over the phone number used to call

Plaintiff, and that it had any interaction with Plaintiff of any nature. (Dkt. #18 ¶¶ 29-

34.) Moreover, Bath Planet Seattle's motion confirms that it was the party that texted

Plaintiff and that it did so of its own volition. (Dkt. #19 at 12 ("Plaintiff alleges that

NW Bath. . . sent or directed to be sent unsolicited text messages" and "texts messages

sent from NW Bath are sent to Plaintiff. . . from its Washington state office."); Dkt.

#19-1 at ¶ 17.)

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 7
(2:25-cv-02032-RSM)

1

2

3

4

5

6

7

8

9

10

That which is not alleged drives home the point that BCI did not engage in any affirmative conduct at issue in this case. Indeed, Plaintiff does not allege that BCI exercised a degree of control over Bath Planet Seattle, including by sending calls and texts to him. Plaintiff does not allege that BCI directed Bath Planet Seattle to make contact with Plaintiff, that BCI gave instructions, or that BCI detailed what to include in Bath Plaintiff Seattle's messages to Plaintiff. This, without more, is insufficient to state a claim for direct liability against BCI. Thus, any direct liability claims against BCI fail as a matter of law.

11

## II.    Plaintiff's Vicarious Liability Claim Under the TCPA Must Be Denied.

12

### A.    Plaintiff Fails to State a Plausible Agency Relationship.

13

14

15

16

17

18

19

20

21

22

23

24

25

To hold a defendant vicariously liable under the TCPA, plaintiff must allege an agency relationship between defendant and the caller—whether through actual authority or apparent authority. Here, Plaintiff's only basis for establishing vicarious liability against BCI is that "upon information and belief," Defendants had a franchise relationship. (*See e.g.*, ¶ 35, 45, 47.) Plaintiff fails to describe the franchise agreement, attach the supposed franchise agreement, or even plead facts showing how the alleged agreement (if it existed) establishes an agency relationship sufficient to impose TCPA liability. Thus, these naked assertions are mere speculation and do not state a cognizable claim. *See Twombly*, 560 U.S. 544, 567 (2007) (finding that without further factual enhancement plaintiff's claims falls short).

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 8
(2:25-cv-02032-RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

1    BCI has denied Plaintiff's unsupported allegations of a franchisor-franchisee

2    relationship and has denied that it exercised any control over Bath Planet Seattle's

3    marketing efforts. (Dkt. #18 ¶¶ 28, 40, 41, 46, 47, 48, 51.) Bath Planet Seattle's motion,

4    in fact, confirms BCI's denials. (Dkt. #19 at 5 "Hoffman relies upon that baseless

5    allegation to justify jurisdiction in this Court. . . ").

6    

7    The pleadings demonstrate that BCI had no involvement in the calls or texts at

8    issue, no communication with Plaintiff, and no direct connection to the sender. Thus,

9    Plaintiff's attempt to impute liability against BCI based on a speculative franchise

10    theory is not only legally insufficient, but also impermissibly expands TCPA liability.

11    These failures warrant dismissal of Plaintiff's vicarious liability claim against BCI.

12    **B.    Affirmative Evidence Negates Any Purported Agency Relationship.**

13    Plaintiff's attempt to establish an agency relationship among Defendants rests

14    entirely on the unsupported claim that a franchise agreement exists between BCI and

15    Bath Planet Seattle. This assertion is not only conclusory, but it is directly contradicted

16    by the record. Defendant Bath Planet Seattle attached the Agreement to its motion,

17    which Agreement was incorporated by reference in Plaintiff's Complaint. (Dkt. #19-2.)

18    As discussed below, that Agreement expressly disclaims the existence of any agency

19    relationship, disproving Plaintiff's theory of vicarious liability through actual and

20    apparent authority.

21    **1.    The Agreement Disclaims Express or Implied Actual Authority.**

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 9
(2:25-cv-02032-RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

1
2
3
4
5
6
7
8
9
10
11

Plaintiff's vicarious liability claim fails as a matter of law because he cannot establish actual authority. To meet its pleading requirements, Plaintiff was required to allege facts showing that a principal had actual authority—either expressly or impliedly—to authorize the agent to act on its behalf. Actual express authority requires an affirmative grant of power—not mere labels or conclusions. *See, e.g., Jones v. Royal Admin. Servs, Inc.*, 887 F.3d 443, 449 (9th Cir. 2018) (finding that contractual relationship alone was insufficient to establish actual authority). Implied authority requires Plaintiff plead that the principal's words or conduct caused the agent to believe that the principal consented to the act. *Id.*

12
13
14
15
16
17
18
19

For two reasons, Plaintiff fails to establish actual authority between BCI and Bath Planet Seattle First, Plaintiff's entire agency argument hinges on the Agreement. However, nothing in the Agreement explicitly or implicitly gave Bath Planet Seattle authority to place outbound telemarketing calls and texts to Seattle residents. In fact, the Agreement stated that Bath Planet Seattle was required to comply with federal and state laws—which it allegedly did not do. (Dkt. #19-2 § 20.)

20
21
22
23
24
25

The plain language of the Agreement disproves Plaintiff's naked assertions: Section 21 provides that "Nothing in this Agreement is intended to constitute either party as an agent. . ." (Dkt. #19-2 at § 21(A)); That [Bath Planet Seattle] shall prominently display on all sales and installation contracts distributed to the public a statement, ***which clearly indicates that the Dealer is independently owned and***

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 10
(2:25-cv-02032-RSM)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

*operated* and that [Bath Planet Seattle] *is not an agent of the Company*." (*Id.* at § 21(B) (emphases added)); That "nothing in this Agreement authorizes [Bath Planet Seattle], its agents or employees. . . to incur any debt or other obligation in the name of [BCI]." (*Id.* at § 21(C)); And, finally, that "[BCI] does not assume liability for and shall not be deemed liable for any act or omission. . . in the operation of [Bath Planet Seattle]." (*Id.* at § 21(D).) Thus, the Agreement's representation that the "Dealer is independently owned and operated" and that "Bath Planet Seattle is not an agent of the Company" negates any presumption of an agency relationship.

In order to prove vicarious liability, Plaintiff was required to prove facts sufficient to show that BCI exercised control over Bath Planet Seattle. Here, BCI did not employ the subject telemarketers, did not control the hours the telemarketers worked, did not set quotas for the number of calls or sales the telemarketers were required to make, and the telemarketers did not report in any way to BCI. *NLRB v. United Ins. Co. of Am.*, 390 U.S. 254, 258 (1968) (finding that the fact that the individuals performed their work away from the offices and did not report to the corporation supported the conclusion that the agents were not employees).

Further demonstrating BCI's lack of control, Bath Planet Seattle is an independent business that is separate and distinct from BCI. *Jones*, 887 F.3d at 452 (finding that the fact that the caller operated its own business indicated that codefendant lacked control over telemarketing). Hoffman merely alleges that Bath

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 11
(2:25-cv-02032-RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

Planet Seattle's sale and installation of BCI products, in addition to branding, forms an agency relationship. (Dkt. #18 ¶¶ 46, 48). This Court should adopt the analysis utilized in *Jones*, i.e., the routine arm's length act of BCI merely providing Bath Planet Seattle the tools to make sales does not demonstrate BCI's control or authority over Bath Planet Seattle's telemarketing. Further, Plaintiff does not assert in his pleadings how BCI's providing sales tools to Bath Planet Seattle effectively control Bath Planet Seattle.

Plaintiff's failure to plead facts sufficient to show either conduct establishing an agency relationship or BCI's control over Bath Planet Seattle's unilateral telemarketing calls and texts, dooms his claim for vicarious liability against BCI under the TCPA.

### 2.    Plaintiff Fails to Plead Facts Showing Apparent Authority.

To create apparent authority, the *principal* must speak to, write to, or otherwise act toward a third party. That is, apparent authority can only "be established by proof of something said or done by the [alleged principal], on which [the plaintiff] reasonably relied. *Thomas v. Taco Bell Corp.*, 582 Fed. App'x 678, 679 (9th Cir. 2014) (quoting *N.L.R.B. v. Dist. Council of Iron Workers of the State of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997) (finding insufficient evidence that principal told plaintiff that agent had authority to bind principal, which was dispositive)).

Here, Plaintiff fails to allege that BCI made any representations or engaged in any conduct—directly or indirectly—that could have led Plaintiff to reasonably

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 12
(2:25-cv-02032-RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

believe Bath Planet Seattle was acting as BCI's agent.  Instead, Plaintiff confirms that

he only received calls and texts from Bath Planet Seattle, and talked only to Bath

Planet Seattle personnel. (Dkt. #18 ¶¶ 25-27, 34-35.) And BCI represented to Plaintiff

(before he filed this lawsuit) that BCI was not involved in or responsible for sending

any calls and texts to him, and that the Agreement forecloses any argument that BCI

exercised control over Bath Planet Seattle. (*Id.*) Indeed, Bath Planet Seattle's motion

confirms that BCI had no control over Bath Planet Seattle's marketing. (Dkt. #19 at 5;

Dkt. #19-1 ¶¶ 12, 27 ("Northwest Bath only seeks out customers [in Idaho and

Washington] where they are licensed to do business"); Dkt. #19-2 at 2 ("The

relationship between the parties shall be that of a buyer and seller of Bath Planet

Products.").). Thus, Plaintiff does not (and cannot) allege facts showing that BCI did

anything that would reasonably have caused Plaintiff to believe that Bath Planet

Seattle was BCI's agent.

### 3.  Because Plaintiff Cannot State A Claim for Actual or Apparent Authority, Ratification Necessarily Fails.

A prerequisite to asserting a claim for vicarious liability under a theory of

ratification is an underlying agency relationship between the parties. Restatement

(Third) Agency § 4.03 cmt. b (2006) ("[w]hen an actor is not an agent and does not

purport to be one, the agency law doctrine of ratification is not a basis on which

another person may become subject to the legal consequences of the actor's conduct").

As discussed above, the Agreement provides that Bath Planet Seattle is an

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 13
(2:25-cv-02032-RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

independent contractor, untethered to BCI, and expressly disclaims any agency between the entities. And Bath Planet Seattle confirms that it does not purport be an agent of BCI. (*See generally* Dkt. #19.) Thus, Plaintiff's ratification argument cannot subject BCI to the legal consequences of Bath Planet Seattle's unilateral acts.

To the extent that this Court finds that Plaintiff alleged facts showing either apparent or actual authority, Plaintiff must plead that the principal ratified the misconduct by "knowing acceptance of a benefit." Restatement (Third) of Agency § 4.01 cmt d. To prove this form of ratification, there must be an "observable indication. . . that the principal has exercised choice and has consented to" the acts of the purported agent by having knowledge of the material facts. *Id.*; *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (finding that lack of agency relationship negates plaintiff's theory of ratification). Just like the defendant in *Kristensen*, BCI did not exercise any control over Bath Planet Seattle, and did not even know Bath Planet Seattle engaged in telemarketing efforts. *Id.* And, Plaintiff pleads that he called BCI to make BCI aware of the calls—suggesting that Plaintiff knew that BCI was unaffiliated with Bath Planet Seattle. (Dkt. #18 ¶ 56.) In response to Plaintiff, BCI stated that it did not call Plaintiff. (*Id.*) This demonstrates that BCI had no knowledge of the material facts, let alone ratified them.

Plaintiff has not pled that BCI consented to Bath Planet Seattle's alleged unlawful calls and texts, nor that BCI had any knowledge of such conduct. Plaintiff's

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 14
(2:25-cv-02032-RSM)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

theory of ratification is based entirely on a purported franchise relationship between

Defendants that does not exist. Specifically, Plaintiff claims BCI ratified Bath Planet

Seattle's actions by failing to terminate a franchise agreement despite allegedly

knowing of Bath Planet Seattle's misconduct. (Dkt. #18 ¶¶ 60–61.) However, the plain

language of the Agreement affirmatively states that no franchise relationship exists

between the Defendants. Thus, BCI had no reason to terminate a relationship that

does not exist. Further, Plaintiff fails to demonstrate that BCI had any control over

Bath Planet Seattle's operations or communications, or that it knowingly accepted any

benefit from the alleged misconduct.

Absent evidence of agency, knowledge, or benefit, Plaintiff's ratification theory

fails as a matter of law.

III.    **Plaintiff's Washington CEMA and corresponding CPA Claims Must Be Dismissed.**

The claims making up Plaintiff's Washington statutory claim overlap his its

TCPA allegations, and suffer from similar defects. To state a claim under CEMA,

Plaintiff must allege that the entity conducting business in Washington initiated or

assisted in the "transmission of an electronic commercial text message to a telephone

number assigned." RCW § 19.190.060. As discussed in the TCPA direct liability section

above, Plaintiff alleges that Bath Planet Seattle, *not BCI*, sent the calls and text

messages. (Dkt. #18 ¶ 29, 35.) Bath Planet Seattle also admits that it contacted Plaintiff.

(Dkt. #19 at 12 ("Plaintiff alleges that NW Bath. . . sent or directed to be sent

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 15
(2:25-cv-02032-RSM)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

unsolicited text messages" and "texts messages sent from NW Bath are sent to

Plaintiff. . . from its Washington state office."); Dkt. #19-1 at ¶ 17.)  Thus, Plaintiff's

failure to plead facts showing that BCI initiated the call disposes of its CEMA claim.

Not only does Plaintiff fail to plead facts showing that BCI *initiated* a

commercial text message but also fails to allege facts showing that BCI *assisted* in

sending those commercial text messages. CEMA defines "assistance" as offering

"substantial assistance or support" enabling another to "formulate, compose, send,

originate, initiate, or transmit" a commercial text message "when the person

providing the assistance knows or consciously avoids knowing that the initiator of the

[text message]" will or intends to violate the CPA. RWC § 19.190.010(1). Nowhere

does Plaintiff allege that BCI committed any act related to the subject messages—let

alone that BCI formulated, composed, sent, originated, initiated, or transmitted them.

In fact, Plaintiff has done nothing more than recite the bare-boned elements of CEMA,

which is insufficient to state a cause of action. *Frank v. Cannabis & Glass, LLC*, 2019 WL

4855378, *3 (E.D. Wash. Oct. 1, 2019) (dismissing Plaintiff's CEMA claim when

Plaintiff merely provided an application to send messages, without more facts).

Lastly, to the extent that Plaintiff argues that the nonexistent franchise

relationship alone satisfies the "substantial assistance" requirement, that argument

must fail. First, the actual Agreement refutes any existence of a franchise relationship

and confirms that Defendant BCI and Bath Planet Seattle are two independent entities.

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 16
(2:25-cv-02032-RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

(Dkt. #19-2 at § 1 ("this agreement is made to establish the Dealer: (a) as an authorized seller and installer of the 'Bath Planet Products' of the Company, (b) as a duly licensed Licensee. . . to use the name and trademark 'Bath Planet'. . . and (c) arrange for the legal disclosure of intellectual property and certain trade secrets. . . owned by the Company.") Second, the Agreement demonstrates that BCI had no control over Bath Planet Seattle's compliance with the law in the sale, marketing and installation of BCI-manufactured products. (*Id.* at §§ 6, 20.) Bath Planet Seattle's motion confirms that BCI had no involvement in Bath Planet Seattle's customer outreach. (Dkt. #19 at 12.)

Without specific facts, allegations of a fictitious franchise agreement cannot give rise to liability under CEMA. Plaintiff's conclusory CEMA claim and corresponding CPA claim must each be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should enter judgment on the pleadings in Defendant BCI's favor, and dismiss with prejudice all claims asserted against BCI.

Dated: January 8, 2026                    Respectfully Submitted,

                                          **WILLIAMS, KASTNER & GIBBS, PLLC**

                                          */s/ Christopher Luhrs_____*

                                          Christopher Luhrs, WSBA #43175
                                          **WILLIAMS KASTNER**
                                          601 Union St., Ste 4000
                                          Seattle, Washington, 98101
                                          T: 206-628-2413
                                          F: 206-628-6611
                                          CLuhrs@williamskastner.com

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 17
(2:25-cv-02032-RSM)

1

2          Joseph L. Olson      (*pro hac vice*)
           Ashni B. Gandhi       (*pro hac vice*)
3          **MICHAEL BEST & FRIEDRICH, LLP**
           444 W. Lake St., Ste. 3200
4          Chicago, Illinois, 60606
           T: 312-222-0800
5          F: 312-222-0818
           ashni.gandhi@michaelbest.com
6          jlolson@michaelbest.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 18
(2:25-cv-02032-RSM)

1

<u>**CERTIFICATE OF SERVICE**</u>

2

3
   The undersigned, an attorney, hereby certifies that a copy of the foregoing

4
*Motion for Judgment on the Pleadings* was served upon all counsel of record via the

5
Court's CM/ECF systems on the 8th day of January, 2026.

6

7

8

9
            /s/ *Christopher Luhrs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 19
(2:25-cv-02032-RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600