1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

MARK HOFFMAN, on behalf of himself and
all others similarly situated,

               Plaintiff,

     v.

BCI ACRYLIC, LLC D/B/A BATH PLANET,
and NORTHWEST BATH SPECIALISTS,
LLC D/B/A BATH PLANET OF SEATTLE,

               Defendants.

Case No. 2:25-cv-02032-RSM

Honorable Judge Ricardo S. Martinez

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Plaintiff Mark Hoffman and Defendants BCI Acrylic, LLC d/b/a Bath Planet ("BCI")

and Northwest Bath Specialists, LLC d/b/a Bath Planet of Seattle ("BP Seattle") ("Defendants")

(collectively with Plaintiff, the "Parties"), by and through counsel, certify that they have conferred

pursuant to Federal Rule of Civil Procedure 26(f) and submit the following Joint Report and

Discovery Plan reflecting the result of that conference and their respective positions with respect

to the items below.

**1. A statement of the nature and complexity of the case.**

  **Plaintiff's Statement:** In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]restricted telemarketing…can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227). The National Do Not Call Registry ("the Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.* The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

  Plaintiff alleges that Defendants made at least 37 unsolicited telemarketing solicitations to his residential telephone number that is listed on the National Do Not Call Registry. Bath Planet is liable for the telemarketing conduct of its exclusive franchisee, Bath Planet Seattle, because the calls promoted Bath Planet–branded goods and services from which both entities benefited and were made pursuant to Bath Planet's control over Bath Planet Seattle's marketing, lead generation, and branding. Because telemarketing solicitations typically use technology capable of generating thousands of similar calls and messages per day, the Plaintiff sues on behalf of a proposed nationwide class and Washington class, on behalf of other persons who received similar solicitations, currently defined below:

1

2

3

**National DNC Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Defendants encouraging the purchase of Bath Planet's goods or a Bath Planet Franchisee's services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

4

5

6

7

**TCPA Identification Class:** All persons in the United States who (1) received more than one telemarketing text message or call from or on behalf of Defendants encouraging the purchase of Bath Planet's goods or a Bath Planet Franchisee's services, (2) within a 12-month period, (3), which such text message or call did not provide the called party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

8

9

10

**Washington CEMA Class**: All persons in the State of Washington whose (1) cellular telephone or pager numbers, (2) received a text message from or on behalf of Defendants encouraging the purchase of Bath Planet's goods or a Bath Planet Franchisee's services, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

11

12

13

14

15

16

Plaintiff disputes that he provided any consent. The purported consent form cited by BP Seattle does not establish that Plaintiff submitted, authorized, or otherwise provided prior express written consent. In fact, the form submission on which BP Seattle relies identifies a different individual by name, not Mr. Hoffman. Plaintiff further maintains that BCI is vicariously liable for Bath Planet Seattle's telemarketing conduct for the reasons set forth in Plaintiff's Opposition to BCI's Motion for Judgment on the Pleadings.

17

**Defendants' Statement:**

18

Defendant BCI Acrylic, LLC n/k/a Bath Concepts, LLC:

19

20

21

For the reasons set forth in BCI's pending Motion for Judgment on the Pleadings (Dkts. 47-48), BCI asserts that each of Plaintiff's claims lack merit and the Court should dismiss BCI as a matter of law.

22

23

BCI had no interactions of any nature with anyone named Mark Hoffman. All parties agree that Defendant Northwest Bath Specialists, LLC ("Bath Planet Seattle"), not BCI, contacted

24

25

Plaintiff. Plaintiff does not allege that BCI directed Bath Planet Seattle to contact Plaintiff, that BCI gave instructions, or that BCI detailed what to include in Bath Planet Seattle's messages to Plaintiff.

Moreover, Plaintiff has not pled, nor is there any material in the record that could possibly sustain a theory of vicarious liability for any actions alleged to have been undertaken by Bath Planet Seattle.  Plaintiff's only basis for establishing vicarious liability against BCI is that "upon information and belief" Defendants have a franchise agreement. BCI denies Plaintiff's unsupported allegations of a franchisor-franchisee relationship and has denied that it exercised any control over Bath Planet Seattle's marketing efforts. The Dealership Agreement attached to Bath Planet Seattle's motion to dismiss, disclaims any express or implied actual authority and therefore disclaims the existence of any agency relationship between BCI and Bath Planet Seattle. (Dkt. 19-2).

Defendant Northwest Bath Specialists, LLC d/b/a Bath Planet of Seattle:

Defendant BP Seattle is a provider of high quality home improvement and bathroom remodeling services. Amongst the various outreach channels it uses to engage with consumers, BP Seattle will place outbound telephone calls or text messages to consumers when it has their consent to do so.

As relevant to this case, when a consumer requests information from BP Seattle and provides express written consent to be contacted, BP Seattle will initiate outbound calls to that consumer at the number provided.

In this case, BP Seattle was provided with a consent record reflecting that a consumer requested contact from BP Seattle. Plaintiff now sues BP Seattle in this Court for violating the TCPA.

BP Seattle submits it is not liable for the calls to Plaintiff because: i) Plaintiff submitted, or authorized the submission, of the consent request; and ii) BP Seattle had the legal right to reasonably rely (and, as a factual matter, did reasonably rely) on the consent, even if it was provided by a third party and not Plaintiff.

**2. A proposed deadline for the joining of additional parties.**

The Parties agree that the deadline to join additional parties shall be April 29, 2026.

**3. A proposed deadline for the filing of the Motion for Class Certification**.

Plaintiff proposes that the deadline to file a motion for class certification shall be August 19, 2026.

Defendants propose that the deadline to file a motion for class certification shall be January 14, 2027.

**4. Assignment of this case to a full time United States Magistrate Judge.**

No.

**5. A discovery plan.**

**(A) initial disclosures**

The Parties have not yet exchanged initial disclosures and will do so by February 4, 2026, pursuant to this Court's December 31, 2025 Order (ECF 46).

**(B) subjects, timing, and potential phasing of discovery**

*Plaintiff's Statement*

Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support his anticipated motion for class certification as well as the merits of his claims under the TCPA, RCW 19.190.060, and RCW 19.86, in order to adequately prepare for trial, or oppose any summary judgment motion that Defendants may file. Plaintiff will seek from the

Defendants, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendants; (3) ESI related to any purported consent to receive telemarketing complaints received; (4) Defendants' policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendants and their responses thereto.

Plaintiff proposes the following discovery schedule:

| | |
|---|---|
| Amend the Pleadings | April 29, 2026 |
| Class Certification | Proponent by: August 19, 2026<br><br>Respondent by: September 16, 2026<br><br>Reply in support: October 14, 2026 |
| Completion of Fact Discovery | October 14, 2026 |
| Expert Disclosures | Proponent by: September 16, 2026<br><br>Respondent by: October 14, 2026<br><br>Completion of expert depositions by November 11, 2026<br><br>Motion to exclude experts: December 16, 2026<br><br>Oppositions to motion to exclude experts: January 13, 2027<br><br>Reply in support: January 27, 2027 |
| All Discovery Motions | By December 16, 2026 |
| Completion of all Discovery | January 27, 2027 |

| Dispositive Motions | Proponent by: February 17, 2027<br><br>Respondent by: March 17, 2027<br><br>Reply in support: March 31, 2027 |
|---|---|
| Settlement Conference | April 2027; to be determined by court |
| Trial | June 2027; to be determined by the Court. |

**Defendants Propose the Following Bifurcated Discovery Schedule:**

| Amend the Pleadings | April 29, 2026 |
|---|---|
| Completion of Fact Discovery on Individual Claim | June 15, 2026 |
| Dispositive Motions on Individual Claim | Proponent by: July 15, 2026<br><br>Respondent by: August 12, 2026<br><br>Reply by: August 26, 2026 |
| Expert Disclosures | Proponent by: September 16, 2026<br><br>Respondent by: October 14, 2026<br><br>Completion of expert depositions by November 11, 2026<br><br>Motion to exclude experts: December 16, 2026<br><br>Oppositions to motion to exclude experts: January 13, 2027<br><br>Reply in support: January 27, 2027 |
| Class Certification | Proponent by: January 14, 2027<br><br>Respondent by: February 11, 2027 |

| | |
|---|---|
| | Reply in support: February 25, 2027 |
| Completion of All Discovery | By May 26, 2027 |
| Settlement Conference | June 2027; to be determined by court |
| Trial | July 2027; to be determined by the Court. |

**(C) electronically stored information**

The Parties anticipate conducting discovery of electronically stored information. The Parties will meet and confer regarding the protocol to be applied, including whether to adopt the Court's Model ESI Agreement.

**(D) privilege issues**

The Parties anticipate no unusually complex privilege issues. The Parties will make claims of privilege or of protection of trial preparation materials at the time of production, which will be accompanied by a privilege log. The Parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information.

**(E) proposed limitations on discovery**

The Parties intend to follow the provisions of the Federal Rules of Civil Procedure and the Local Rules for the Western District of Washington regarding limitations on discovery. Neither party, however, waives the right to limit or seek leave to exceed these limits if necessary as the case proceeds. Should discovery show the need to limit or exceed any discovery limits, the Parties will attempt to reach an agreement on the scope of the discovery before seeking leave of Court to limit or exceed any discovery limits.

**(F) the need for any discovery related orders**

The Parties anticipate submitting a stipulated protective order based on this Court's model order. The Parties also anticipate submitting a proposed ESI Order.

**6. Local Civil Rule 26(f)(1).**

**(A) prompt case resolution**

The Parties are evaluating whether the case can be resolved promptly. The Parties are open to using a private mediator to help resolve this matter.

**(B) alternative dispute resolution**

The Parties believe that private mediation is an appropriate method of ADR for this case.

**(C) related cases**

The Parties are not aware of a related case against BCI Acrylic, LLC d/b/a Bath Planet.

**(D) discovery management**

The Parties agree to exchange discovery electronically, when possible, to minimize expense. The Parties agree to accept service of discovery via email service to all counsel of record and any legal staff requested by either party be included on service. The Parties agree that all discovery exchanged will be identified by a document control number (i.e., a Bates number) by the producing party or parties.

**(E) anticipated discovery sought**

Plaintiff will seek from the Defendants, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendants; (3) ESI related to any purported consent to receive telemarketing complaints

1  received; (4) Defendants' policies and procedures concerning TCPA compliance; and (5)

2  telemarketing complaints received by Defendants and their responses thereto.

3       Defendants' discovery plan includes deposing Plaintiff and obtaining copies of call logs

4  and internet search histories (a forensic review of Plaintiff's devices may also be needed) to

5  establish consent. *See generally Davis v. Reliance*, 2022 WL 17085598 (E.D. N.C. Nov. 18, 2022)

6  (ordering production of TCPA class representative's search histories and text messages to

7  demonstrate consent.) Defendants also contemplate the need to depose Plaintiff's co-residents, and

8  perhaps others with whom he frequently socializes to determine whether he would have submitted

9  the request for information, either due to a desire for a home improvement or due to a desire to

10  manufacture a TCPA lawsuit.

11  **(F) phasing of motions;**

12       The Parties do not anticipate the need to phase motions, but hereby reserve their right to

13  request phasing of motions.

14  **(G) preservation of discoverable information**

15       The Parties do not anticipate any issues regarding the preservation of discoverable

16  information.

17  **(H) privilege issues**

18       The Parties anticipate no unusually complex privilege issues. The Parties will make claims

19  of privilege or of protection of trial preparation materials at the time of production, which will be

20  accompanied by a privilege log. The Parties agree to comply with Fed. R. Evid. 502 regarding the

21  inadvertent disclosure of privileged information.

22

23

24

25

**(I) Model Protocol for Discovery of ESI**

The Parties will continue to meet and confer regarding the protocol to be applied, including whether to adopt the Court's Model ESI Agreement with potential modifications.

**(J) alternatives to Model Protocol**

See above, section 6(I).

**7. The date by which discovery can be completed.**

Plaintiff proposes that the date by which discovery shall be completed is January 27, 2027.

Defendants propose that the date by which discovery shall be completed is May 26, 2027.

**8. Bifurcation.**

The parties have differing positions on bifurcating the case. Plaintiff believes that bifurcating discovery will lead to unnecessary disputes over certain information sought in discovery qualifies as class or merits discovery. Defendants believe that bifurcated discovery is warranted in this case because Defendant BCI filed a motion for judgment on the pleadings that is pending before the Court, signaling threshold dispositive issues that would make the class claim moot. Moreover, Defendants' position is that there is no overlap between the individual claim and class claim.

**9. Whether the pretrial statements and pretrial order should be dispensed with.**

The Parties agree to the use of pretrial statements and pretrial order under LCR 16(e), (h), (i), and (k), and under LCR 16.1.

**10. Any other suggestions for shortening or simplifying the case.**

The Parties have no suggestion for shortening or simplifying this case at this time.

**11. The date the case will be ready for trial.**

The Parties respectfully request that the Court defer setting a trial date  until after the Court's determination on Plaintiff's motion for class certification. However, the Parties anticipate the case will be ready for trial in July 2027.

**12. Whether the trial will be jury or non−jury.**

Plaintiff has requested a jury-trial.

**13. The number of trial days required.**

Plaintiff estimate that the trial will last 7 to 10 days.

Defendants submit trial of a certified matter may take several weeks—and involve testimony from thousands of potential class members—depending on how class member consent is to be addressed.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

**14. The names, addresses, and telephone numbers of all trial counsel.**

*Counsel for Plaintiffs*

*/s/ Samuel J. Strauss*
Samuel J. Strauss (WSBA #46971)
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611
Telephone: (872) 263-1100
sam@straussborrelli.com

Anthony I. Paronich (pro hac vice)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

Andrew Roman Perrong
**PERRONG LAW LLC**
2657 Mt. Carmel Avenue
Glenside, PA 19038
Telephone: 215-225-5529
Fax: 888-329-0305
A@perronglaw.Com

*Counsel for Plaintiff*

*Counsel for Defendants*

*/s/ Christopher Luhrs*
Christopher Luhrs, WSBA #43175
**WILLIAMS KASTNER**
601 Union St., Ste 4000
Seattle, Washington, 98101
T: 206-628-2413
F: 206-628-6611
CLuhrs@williamskastner.com

Joseph L. Olson (*pro hac vice*)
Ashni B. Gandhi (*pro hac vice*)
**MICHAEL BEST & FRIEDRICH, LLP**
444 W. Lake St., Ste. 3200
Chicago, Illinois, 60606
T: 312-222-0800
F: 312-222-0818
jlolson@michaelbest.com
ashni.gandhi@michaelbest.com

*Counsel for BCI Acrylic LLC*

*/s/ David M. Rose*
David M. Rose (WSBA # 32849)
**PACIFIC NORTHWEST FAMILY LAW**
216 S. Palouse Street
Walla Walla, Wasington 99362
Telephone: (509) 288-4806
Facsimile: (509) 572-3701
dmr@pnwfamilylaw.com

*Counsel for Bath Planet Seattle*

**15. The dates on which the trial counsel may have complications.**

None at this time.

**16. Service.**

All Defendants have been served.

Page 13

**17. Request for a scheduling conference before the Court enters a scheduling order.**

The Parties do not request a scheduling conference.

**18. Disclosure statements pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

BCI filed its corporate disclosure on February 9, 2026. Bath Planet Seattle has not filed its corporate disclosure statement.

*[Counsel signatures to follow on next page.]*

Dated: February 11, 2026

Respectfully submitted,

*/s/ Samuel J. Strauss*
Samuel J. Strauss (WSBA #46971)
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611
Telephone: (872) 263-1100
sam@straussborrelli.com

Anthony I. Paronich (pro hac vice)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

Andrew Roman Perrong
**PERRONG LAW LLC**
2657 Mt. Carmel Avenue
Glenside, PA 19038
Telephone: 215-225-5529
Fax: 888-329-0305
A@perronglaw.Com

*Counsel for Plaintiff*

Dated:  February 11, 2026

Respectfully submitted,

*/s/ Christopher Luhrs*
Christopher Luhrs, WSBA #43175
**WILLIAMS KASTNER**
601 Union St., Ste 4000
Seattle, Washington, 98101
T: 206-628-2413
F: 206-628-6611
CLuhrs@williamskastner.com

Joseph L. Olson (*pro hac vice*)
Ashni B. Gandhi (*pro hac vice*)
**MICHAEL BEST & FRIEDRICH, LLP**
444 W. Lake St., Ste. 3200
Chicago, Illinois, 60606
T: 312-222-0800
F: 312-222-0818
jlolson@michaelbest.com
ashni.gandhi@michaelbest.com

*Counsel for BCI Acrylic LLC*

*/s/ David M. Rose*
David M. Rose (WSBA # 32849)
**PACIFIC NORTHWEST FAMILY LAW**
216 S. Palouse Street
Walla Walla, Wasington 99362
Telephone: (509) 288-4806
Facsimile: (509) 572-3701
dmr@pnwfamilylaw.com

*Counsel for Bath Planet Seattle*