1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

**MARK HOFFMAN,** individually
and on behalf of all others similarly
situated,

11
12

*Plaintiff,*

13

*v.*

14
15

**BCI ACRYLIC, LLC
D/B/A BATH
PLANET**

16
17

**and**

18
19

**NORTHWEST BATH SPECIALISTS,
LLC D/B/A BATH PLANET OF
SEATTLE**

20

*Defendants.*

Case No. 2:25-cv-02032
Judge Ricardo S. Martinez
Noted for Consideration: 2/16/2026

21
22

## REPLY IN SUPPORT OF BCI ACRYLIC, LLC'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

23

Plaintiff's response to BCI's motion waives any argument that BCI is directly

24

liable for any of the claims asserted in his Complaint. Plaintiff's response likewise fails

25

to address and therefore abandons his statutory claims against BCI under the

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 1
(2:25-cv-02032)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

Washington Commercial Electronic Mail Act ("CEMA"). Plaintiff thus limits his theory of purported liability against BCI in this case to vicarious liability under the TCPA. That theory fails.

Plaintiff's response does not and cannot cure his failure to adequately allege facts showing that BCI exercised *any* control or authority over Bath Planet Seattle's alleged telemarketing. Confronted with these deficiencies, Plaintiff shifts focus away from the absence of BCI's control. Plaintiff instead references BCI's business relationship with Bath Planet Seattle and the parties' trademark-licensing arrangement, neither of which support vicarious liability. Where Plaintiff does cite the Complaint, he refers only to conclusory, unsupported allegations that are insufficient as a matter of law to support liability, or allegations regarding *Bath Planet Seattle's* alleged actions towards Plaintiff, *not* BCI's.

Accordingly, the Court should dismiss all claims against BCI with prejudice.

## ARGUMENT

### I.    Plaintiff Waives Any Theory of Direct Liability and Abandons His Claims Under the CEMA.

Plaintiff's response to BCI's motion does not dispute BCI's argument that it is not directly liable for any of the conduct or claims alleged in the Complaint (*see* Dkt. 47 at 6-8; *see generally* Dkt. 51). Nor does Plaintiff respond to BCI's argument that Plaintiff fails to state a claim under the Washington Commercial Electronic Mail Act ("CEMA") and CPA (*see* Dkt. 47 at 15-17; *see generally* Dkt. 51). By failing to dispute or

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 2
(2:25-cv-02032)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

address those arguments in his response, Plaintiff (1) waived any argument that BCI is directly liable for any of Plaintiff's claims, and (2) abandoned the claims against BCI under the Washington CEMA and CPA. *Rozier v. Dept. of Homeland Sec. Fed. Protective Serv.*, No. 2:21-cv-07232, 2022 WL 2199938, at *3 (C.D. Cal. March 7, 2022) (citing *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010)) (holding that plaintiffs waived an argument and abandoned a claim by failing to respond to defendant's argument in their opposition to a motion to dismiss).

Plaintiff's only remaining avenue to attempt to keep his Complaint alive as to BCI is to argue BCI is vicariously liable for Bath Planet Seattle's alleged conduct under TCPA. As set forth in BCI's principal brief and below, Plaintiff's vicarious liability fails, and the Court should therefore dismiss each of Plaintiff's claims against BCI.

## II.    Plaintiff's Theory of Vicarious Liability is Unsupported and Fails.

Plaintiff admits that vicarious liability under the TCPA requires an agency relationship between the defendant and third-party caller. (Dkt. 51 at 10.) The Agreement between BCI and Bath Planet Seattle is clear that no agency relationship exists: "The relationship between the parties shall be that of a buyer and seller of Bath Planet Products. *[Bath Planet Seattle] shall not be considered the agent or representative of [BCI].*" (Dkt. 19-2, § 3 (emphasis added); *see also id.* at § 21 (making clear that Bath Planet Seattle is an independently owned and not an agent of BCI).)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

1    Moreover, even beyond the contract's clear and unequivocal terms disclaiming

2  any agency relationship, Plaintiff's Complaint agency theory also fails because there

3  are no allegations supporting the contention BCI had a right to control Bath Planet

4  Seattle's alleged telemarketing efforts. Indeed, "[a]n *essential* element of agency is the

5  principal's right to control the agent's actions." *Rogers v. Assurance IQ, LLC,* No. 2:21-

6  cv-00823, 2023 WL 2646468, at *5 (W.D. Wa. March 27, 2023) (citing Rest (3d) of

7  Agency § 1.01) (emphasis added). Outside of naked assertions devoid of any factual

8  enhancement, Plaintiff fails to include any allegations BCI exercised *any* degree of

9  control over the manner and means of Bath Planet Seattle's alleged telemarketing

10  efforts. That failure is fatal to Plaintiff's claims.

11    The few allegations Plaintiff makes regarding BCI's conduct are conclusory,

12  unsupported assertions, including: (1) that "[BCI] encouraged and benefitted from

13  Bath Planet Seattle's violative conduct," (2) BCI "oversaw or had the right to oversee

14  the telemarketing calls at issue," (3) "[BCI] derives profit from and exercises control

15  over its franchisees," (4) "[BCI] controlled the content of Bath Planet Seattle's

16  telemarketing," and (5) "Upon information and belief, [BCI] also directs franchisees to

17  follow its installation and sales model, and provides franchisees with leads"(Dkt. 18

18  ¶¶ 47-48, 50-51, 55). These naked assertions are not enough to establish the requisite

19  agency relationship. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 567, 127 S. Ct. 1955,

20  167 L. Ed. 2d 929  (2007) (finding that without further factual enhancement, plaintiff's

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 4
(2:25-cv-02032)

claims fall short). Plaintiff fails to allege any facts showing *how* BCI performed the above-listed conduct, *how* BCI knew those things, or *what facts* those conclusory assertions are based on. These speculative assertions do not establish a plausible inference of agency; they are merely an insufficient, threadbare recital of the elements of vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d. 868 (2009).

> **A.      Plaintiff's Response Fails to Establish Express and Implied Actual Authority.**

Plaintiff fails to establish actual authority under either an express or implied theory. As explained below, Plaintiff (1) ignores the Agreement's explicit requirement that Bath Planet Seattle comply with applicable law, which necessarily forecloses any claim of actual authority, and (2) identifies no factual allegations showing that BCI exercised the control necessary to support either express or implied authority over telemarketing. Instead, Plaintiff relies on allegations concerning trademark licensing and a general business relationship. Those allegations are insufficient.

First, Plaintiff's response ignores the fact that the Agreement required Bath Planet Seattle to comply with applicable state and federal laws. (Dkt. 47 at 10 (citing Dkt. 19-2, § 20).) This failure, alone, is dispositive to any argument that in this case Bath Planet Seattle had actual authority to engage in its alleged telemarketing conduct. *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 449 (9th Cir. 2018) (rejecting the

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

1  actual authority theory because the Agreement expressly prohibited the party from

2  employing certain violative marketing tools).

3         Second, Plaintiff's response does not even include any allegations that BCI

4  allegedly exercised control over Bath Planet Seattle. Such allegations of "control" are

5  the "essential ingredient" in the make-up of either express or implied actual authority.

6  *Jones*, 887 F.3d at 450. Express authority exists when an agreement provides express

7  direction and control over telemarketing initiatives. *See e.g.*, *United States v. Dish*

8  *Network, LLC*, 256 F.Supp. 3d 810, 841 (C.D. Ill. 2017) (finding that Dish's agreement

9  expressly authorized the co-defendant to market through outbound telemarketing).

10  When an agent is given general instructions on what to do, the agent is said to have

11  the implied authority to perform acts consistent with that direction. *Rogers v.*

12  *Postmates*, No. 19-cv-05619, 2020 WL 3869191, at *4 (N.D. Cal. July 9, 2020). Under

13  either theory, Plaintiff must allege facts which, if true, would show BCI had the right

14  to control the caller and the manner and means of the calls made. None exist here.

15         Indeed, Plaintiff does not allege that BCI exercised the necessary control over

16  Bath Planet Seattle to establish Bath Planet Seattle as BCI's agent under either theory.

17  *Postmates*, 2020 WL 3869191, at *4 (finding that allegations that entity "oversaw,"

18  "monitored" and "tracked" the marketing campaign does not amount to an allegation

19  that it "controlled" the execution of the campaign); *Naiman v. TranzVia, LLC*, No. 17-

20  cv-4813, 2017 WL 5992123, at *6 (N.D. Cal. Dec. 4, 2017) (finding that facts regarding

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 6
(2:25-cv-02032)

control are the only facts that allow the court to draw the reasonable inference that defendant is vicariously liable). Plaintiff does not allege that BCI communicated with Bath Planet Seattle about its alleged telemarketing efforts. Nor does Plaintiff allege that BCI directed or authorized Bath Planet Seattle to make the alleged telemarketing calls or texts, or that such calls or texts could or should be part of the marketing initiatives. Plaintiff also fails to allege that BCI exercised any control over the "manner and means" by which Bath Planet Seattle made the alleged calls. Plaintiff's response does not and cannot address these failures.

Plaintiff argues that the Agreement between BCI and Bath Planet Seattle to license the "Bath Planet" name and sell "Bath Planet" goods gives rise to an inference of actual authority. That is wrong. The fact that BCI licensed the "Bath Planet" name in no way shows BCI had control over the manner and means the alleged telemarketing calls were conducted. And "[a]n allegation of a beneficial contractual relationship alone is insufficient to establish agency." *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003) (overruled on alternative grounds) (noting that receipt of a financial benefit from provided customer information is insufficient to establish agency).

**B.     Plaintiff's Response Misconstrues the Law on Apparent Authority.**

Plaintiff argues that he alleges facts to show "apparent authority" because Bath Planet Seattle's Caller ID Name allegedly displayed as "Bath Planet." That analysis

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 7
(2:25-cv-02032)

focuses on *Bath Planet Seattle's* identification of itself through its own caller ID registration. It does nothing to establish action or authorization by BCI. Apparent authority "must be established by proof of something said or done" by the *principal* on which a third party "reasonably relied" and it "cannot be established merely by showing that [the purported agent] claimed authority or purported to exercise it." *N.L.R.B. v. Dist. Council of Iron Workers of the State of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997). Here, Plaintiff was required to allege that *BCI* said or did something upon which Plaintiff relied. Plaintiff merely relies on allegations that *Bath Planet Seattle's* caller-ID populated when Bath Planet Seattle made the alleged calls to Plaintiff. Plaintiff's focus on Bath Planet Seattle's conduct is misplaced.

The only arguable "manifestation" Plaintiff alleges BCI made was giving Bath Planet Seattle the license to use the former's trade name, trademark, and service mark. But that manifestation was between BCI and Bath Planet Seattle, alone, not between BCI and consumers in the Northwest territory, such as Plaintiff. Since Plaintiff did not allege facts showing that BCI sent text messages or direct communications to actual consumers in Plaintiff's territory, there are no allegations sufficient to infer that Plaintiff thought a reseller or dealer was acting on BCI's behalf. *See, e.g., Makaron v. GE Sec. Mfg., Inc.*, No. CV–14–1274, 2015 WL 3526253, at *8 (C.D. Cal. May 18, 2015). Thus, Plaintiff had no basis to reasonably believe that BCI was making calls to Plaintiff.

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 8
(2:25-cv-02032)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Even more, BCI's direct communication with Plaintiff disposes of any argument in favor of alleged apparent authority. Plaintiff alleges that he "sent correspondence to BCI, who disclaimed responsibility because it claimed it did not place the calls." (Dkt. 18 ¶ 56.) And that is true. BCI informed Plaintiff it had not made any calls or texts to Plaintiff, denying both responsibility for the calls and any authority over the entity that placed them. That fact, taken together with the explicit language of the Agreement, shows Plaintiff cannot make a showing (and there is no reasonable inference of) apparent authority. Plaintiff's focus on his apparent confusion over Bath Planet Seattle's calls improperly shifts the inquiry from *BCI's* manifestations to *Bath Planet Seattle's* manifestations, which is legally insufficient.

### C.    Plaintiff Cannot State a Claim for Ratification.

Plaintiff's response does not contest that ratification can only be invoked if there is an underlying agency relationship. As set forth above and in BCI's principal brief, the Agreement makes clear there is no agency relationship between the parties, and Plaintiff has not pled facts sufficient to show BCI had authority or control over Bath Planet Seattle's telemarketing activities. This reality serves to dispose Plaintiff's ratification theory.

However, even if the Court assumes an agency relationship, Plaintiff's theory of ratification still fails. Plaintiff cannot establish BCI's "knowing acceptance" of a purported benefit because Plaintiff fails to allege facts to show that BCI – the principal

– "exercised choice and consented" to the acts of Bath Planet Seattle. (Rest. § 4.01(d) cmt. d.) Plaintiff does not allege that BCI had knowledge of these practices before or during the time where the alleged text messages and calls were made. Nor does Plaintiff allege that he told BCI such texts and calls violated the TCPA. *Kristensen v. Credit Payment servs. Inc.*, 879 F.3d 1010, 1015 (9th Cir. 2018) (knowledge that an agent is engaged in a "commonplace market activity" like text messaging is not enough for ratification). And while Plaintiff speculates that BCI could profit from this activity, Plaintiff fails to include facts showing that BCI knowingly accepted any benefit resulting from the telemarketing calls.  Plaintiff does not even allege that BCI knew that Bath Planet Seattle sent these alleged text messages in violation of the TCPA. Because BCI had no knowledge of the alleged TCPA violations, Plaintiff's theory of ratification also fails.

**III.    Plaintiff's Alternative Arguments To Establish Agency Do Not Pass Muster.**

Implicitly acknowledging his lack of allegations regarding "control," Plaintiff next argues control is not the "sole path to vicarious liability." (Dkt. 51 at 15.) Plaintiff contends that an agency relationship may be established based on (1) a purportedly unique business relationship and (2) the benefits exchanged under the Agreement. (*Id.*) As set forth below, Plaintiff is wrong.

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 10
(2:25-cv-02032)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

1

2

### A.      No Court has Held that a Business Relationship, Alone, Confers Agency.

3

4

Plaintiff's reliance on *Krakauer v. Dish Network, Inc.* – a Fourth Circuit Court of

5

Appeals decision that is both legally and factually distinct and not binding on this

6

Court – as a purported golden ticket to vicarious liability is misplaced. Plaintiff argues

7

*Krakauer* dictates that when a caller exclusively sells branded goods, the owner of the

8

branded goods assumes TCPA liability. (*See e.g.*, Dkt. 51 at 16 ("[t]he Fourth Circuit

9

held that when a seller operates through a downstream channel whose role is to sell

10

the seller's branded offering, calls made by that channel can be treated as calls made

11

'on behalf of' the seller and can support vicarious liability under ordinary agency

12

principles.").) That is wrong. The court in *Krakauer* merely examined whether the jury

13

instructions on vicarious liability were proper, and whether the jury's conclusion

14

lacked any meaningful support, viewing "the trial evidence in the light most favorable

15

16

to the prevailing party." *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 660 (4th Cir.

17

2019). Contrary to Plaintiff's representation, the court ***did not*** determine whether an

18

19

agency relationship existed as a matter of law, nor did it establish any sweeping rule

20

on vicarious liability as applied to various business models.

21

Moreover, the facts underlying *Krakauer* bear no resemblance to those alleged

22

by Plaintiff here. In *Krakauer*, Dish did not dispute that TCPA violations occurred, that

23

24

the calls were made solely to sell Dish services, or that Dish knew of the violative

25

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 11
(2:25-cv-02032)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

conduct. 925 F.3d at 659. The Court also noted evidence that the telemarketer operated

under Dish's broad authority, including Dish's control over the telemarketer's

technology, recordkeeping, use of Dish's name and logo, and a voluntary compliance

agreement in which Dish expressly acknowledged its authority over TCPA

compliance. *Id.*

No such allegations exist in this case. Plaintiff does not allege that BCI exercised

any authority over Bath Planet Seattle's telemarketing technology, record retention

practices, or TCPA compliance, nor that BCI expressly authorized or oversaw Bath

Planet Seattle's conduct. To the contrary, BCI disputes that any alleged calls were

made for the sole purpose of selling BCI products and affirmatively states that it had

no knowledge of any allegedly violative conduct. (Dkt. #18 ¶¶ 48-49.)

Ultimately, *Krakauer* stands only for the unremarkable proposition that (in the

Fourth Circuit) once an agency relationship is established, "traditional vicarious

liability rules ordinarily make principals . . . vicariously liable for acts of their agents . .

. within the scope of their authority." *Id.* at 660. *Krakauer* does not create any

mechanism to bypass the agency principles or requirements of control outlined above.

> **B.    Plaintiff's Speculation as to a "Franchise Relationship" Between BCI and Bath Planet Seattle Does Not Confer Agency.**

Plaintiff's response repeatedly asserts Bath Planet Seattle is a "franchisee" of

BCI, relying on the similarity of their names and the Agreement between the entities

to license the "Bath Product" name in relation to the sale of BCI-manufactured goods.

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 12
(2:25-cv-02032)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

Despite Plaintiff's characterization of the relationship between BCI and Bath Planet Seattle, none of the allegations establish a "franchisee relationship." Under Washington's Franchise Investment Protection Act ("FIPA"), a "franchise relationship" only forms with the existence a franchise fee payment . *Blanton v. Texaco Refin. & Mktg., Inc.*, 914 F.2d 188, 190 (9th Cir. 1990) (citing *Lobdell v. Sugar 'N Spice, Inc.*, 33 Wash. App. 881, 886–87, 658 P.2d 1267 (1983)). Simply purchasing goods at a bona fide wholesale price and reselling them to customers is not a "franchise fee." Wash. Rev. Code § 19.100.010(4). Here, Plaintiff cannot plausibly allege that Bath Planet Seattle paid a franchise fee to BCI. Thus, contrary to Plaintiff's representations, no such franchise relationship exists.

Even if this Court finds that a franchise relationship exists (it does not), such a relationship, alone, does not establish agency. *See Salazar v. McDonald's Corp.*, 944 F.3d 1024, 1032 (9th Cir. 2019) (a "[franchise] system alone" does not "constitute . . . the 'control' needed to support vicarious liability claims")**.** Moreover, Washington courts have recognized that "[f]ranchisees occupy an undefined middle ground, possessing some of the autonomy of retail or wholesale dealers, yet some of the dependence of employees or agents." *Rodriguez v. Windermere Real Estate/Wall St., Inc.*, 142 Wash. App. 833, 840, 175 P.3d 604 (2008) (quoting *Lobdell*, 33 Wash. App. at 887). Since Plaintiff has not pled any factual support to establish the contours of such control between BCI and Bath Planet Seattle, Plaintiff's claim for vicarious liability must fail.

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 13
(2:25-cv-02032)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

**C.    Plaintiff is Not Entitled to Discovery.**

Discovery is not warranted and Plaintiff's desire for discovery has no bearing on the standard of review on a motion for judgment on the pleadings. In *Rogers v. Assurance IQ, LLC,* the court found dismissal to be appropriate when the plaintiff made too many leaps without supporting facts. 2023 WL 2646468, at *5 (W.D. Wa. March 27, 2023) (dismissing vicarious liability allegations on motion to dismiss because "there are simply too many leaps Plaintiffs request be made without any supporting facts"). That applies equally here. Beyond speculative, naked assertions unsupported by factual enhancement, the Complaint contains no allegations that BCI authorized or had control over Bath Planet Seattle's actions. *Naiman v. TranzVia, LLC*, 2017 WL 5992123, at *11 (N.D. Cal. Dec. 4, 2017). And the Agreement between BCI and Bath Planet Seattle is clear that no agency relationship exists. Simply put, because Plaintiff has not stated a viable claim against BCI on the pleadings, he is not entitled to discovery from BCI.

## CONCLUSION

For the foregoing reasons, the Court should enter judgment on the pleadings in Defendant BCI's favor, and dismiss with prejudice all claims asserted against BCI.

*///*

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S MOTION FOR JUDGMENT ON THE PLEADINGS - 14 (2:25-cv-02032)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

1    Dated: February 13, 2026                Respectfully Submitted,

2                                            **MICHAEL BEST & FRIEDRICH, LLP**

3                                            */s/ Christopher Luhrs*

4                                            Christopher Luhrs
                                             WILLIAMS KASTNER
5                                            601 Union St., Ste 4000
                                             Seattle, Washington, 98101
6                                            T: 206-628-2413
                                             F: 206-628-6611
7                                            CLuhrs@williamskastner.com

8                                            Joseph L. Olson        (*pro hac vice*)
                                             Ashni B. Gandhi       (*pro hac vice*)
9                                            **MICHAEL BEST & FRIEDRICH, LLP**
                                             444 W. Lake St., Ste. 3200
10                                           Chicago, Illinois, 60606
                                             T: 312-222-0800
11                                           F: 312-222-0818
                                             jlolson@michaelbest.com
12                                           ashni.gandhi@michaelbest.com

13

14

15

16

17

18

19

20

21

22

23

24

25

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 15
(2:25-cv-02032)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing *Reply In Support Of BCI Acrylic, LLC's Motion for Judgment on the Pleadings* was served upon all counsel of record via the Court's CM/ECF systems on the 13th day of February, 2026.

/s/   *Christopher Luhrs*

MEMORANDUM IN SUPPORT OF BCI ACRYLIC, LLC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 16
(2:25-cv-02032)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600