THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MARK HOFFMAN,

Plaintiff,

v.

BCI ACRYLIC LLC et al.,

Defendant(s).

Case No. 2:25-CV-02032-RSM

**DEFENDANT NORTHWEST BATH SPECIALISTS, LLC D/B/A BATH PLANET OF SEATTLE'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

**NOTE ON MOTION CALENDAR: APRIL 17, 2026**

## I.    <u>INTRODUCTION</u>

Count II of Plaintiff Mark Hoffman's ("Plaintiff") Complaint must be dismissed for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6).

In Count II, Plaintiff purports to assert a violation of the Telephone Consumer Protection Act's ("TCPA") identification provision, 47 C.F.R. § 64.1200(d)(4). That regulation requires a caller making an artificial or prerecorded voice call to provide the name of the individual caller, the name of the entity on whose behalf the call is made, and a telephone number or address at which that entity may be contacted. *See* 47 C.F.R. § 64.1200(d)(4). However, Plaintiff's allegations do not satisfy the basic elements of such a claim.

First, the Complaint does not allege that Plaintiff received an artificial or prerecorded-voice call, a necessary element for a claim under 47 C.F.R. § 64.1200(d)(4).

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT    TROUTMAN AMIN, LLP
Case No. 2:25-CV-02032-RSM                     400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
1                                                                      (949) 350-5612

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

Without allegations establishing an artificial or prerecorded voice call was received, Count II must be dismissed.

Second, even accepting Plaintiff's allegations as true, Plaintiff's own Complaint demonstrates that the identification requirements were satisfied. Plaintiff alleges that the caller stated, "Hi there. This is Melissa with Bath Planet," and provided a call-back telephone number. These allegations confirm that the caller identified both the individual caller and the entity on whose behalf the call was made, and provided contact information, precisely what the regulation requires. Because the Complaint itself establishes compliance with Section 64.1200(d)(4), Plaintiff pled himself out of court.

Accordingly, Count II of Plaintiff's Complaint should be dismissed for failure to state a claim.

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that his telephone number "is a residential, non-commercial telephone number." Compl. at ¶ 18. Plaintiff further alleges he listed his phone number on the National Do-Not-Call ("DNC") Registry in 2007. *Id.,* at ¶ 27.

Plaintiff claims that, notwithstanding this alleged registration, he received "at least 37 calls and text messages from either Bath Planet or Bath Planet Seattle between December 5, 2024 and present from the caller ID "253-246-7906". *Id.,* at ¶ 29.

According to Plaintiff, during the first call he received, the caller identified herself as "Melissa with Bath Planet" and provided a call back number at 253-246-7906. *Id.,* at ¶ 31.

The next day, Plaintiff alleges he received the following text message: "Hi there! This is Melissa from Bath Planet here. I'm excited to follow up on your online inquiry for a complimentary quote. Don't miss out on this month's fantastic incentives and discounts! Give us a call at 253-246-7906 (select option 1) to get set up today!" *Id.,* at ¶ 32.

Thereafter, Plaintiff alleges he continued to receive additional calls and text messages from "Melissa from Bath Planet." *Id.,* at ¶ 33. On some occasions, Plaintiff

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

alleges "Melissa" left "identical or "nearly identical voicemails." *Id.*

Although Plaintiff acknowledges that the caller identified "Bath Planet" during these communications, he alleges that the calls and messages referenced "Bath Planet" generally and did not specifically identify "Bath Planet Seattle" or Northwest Bath Specialist as the entity making the calls or on whose behalf the calls were made. *Id.* ¶ 49.

As demonstrated below, Plaintiff's allegations are insufficient to state a claim under Count II of the TCPA.

## III.    <u>LEGAL STANDARD</u>

To survive a motion to dismiss for failure to state a claim pursuant to FRCP 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Iqbal*, 556 U.S. at 678. Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true …allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In other words, the complaint must contain "more than 'an unadorned, the-defendant-unlawfully harmed-me accusation'" to suffice. *Id.* (quoting *Iqbal*, 556 U.S. at 681). In practice, "a complaint … must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)).

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Therefore, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## IV.    ARGUMENT—COUNT II OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

### A.    Plaintiff Does Not Allege Receipt of an Artificial or Prerecorded-Voice Telephone Call.

A complaint must contain sufficient factual allegations to plausibly support each element of the asserted claim. *See Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG NLS, 2013 WL 2252646, at *3 (S.D. Cal. May 22, 2013) (analyzing whether the plaintiffs "allege sufficient factual content to support each element of the TCPA claims alleged"); *see e.g., Brown v. Contra Costa Cnty.*, No. C 12-1923 PJH, 2013 WL 5422947, at *9 (N.D. Cal. Sept. 27, 2013) (stating a "complaint must set forth facts under each separate cause of action establishing the elements of each cause of action and tying each defendant individually to specific conduct that supports each element.").

Pursuant to 47 C.F.R. § 64.1200(d)(4), "[a] person or entity making an ***artificial or prerecorded-voice telephone call*** pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." 47 C.F.R. § 64.1200(d)(4) (emphasis added). Thus, as a threshold matter, the regulation applies only where a plaintiff alleges receipt of an artificial

or prerecorded-voice call. *See Dobronski v. Tobias & Assocs., Inc.*, 769 F. Supp. 3d 681, 696 (E.D. Mich. 2025) (dismissing the plaintiff's 47 C.F.R. § 64.1200(d)(4) claim for failing to allege receipt of an artificial or prerecorded-voice telephone call).

*Dobronski* is on point. In *Dobronski*, the plaintiff alleged that the defendant violated the TCPA and more specifically, that "Call 13" violated Section 64.1200(d)(4). *Dobronski*, 769 F. Supp. 3d at 696. However, the court stated clearly stated that, "Plaintiff's claim that Call 13 violated § 64.1200(d)(4) must be dismissed because he does not allege that Call 13 involves 'an artificial or prerecorded-voice telephone call.'" *Id.*

Here, Plaintiff's own allegations describe communications from what appears to be a live caller. Plaintiff alleges receipt of at least 37 calls and text messages from "Melissa with Bath Planet" and provided a call back number at 253-246-7906. *Id.,* at ¶ 31. The next day, Plaintiff alleges he received the following text message: "Hi there! This is Melissa from Bath Planet here. I'm excited to follow up on your online inquiry for a complimentary quote. Don't miss out on this month's fantastic incentives and discounts! Give us a call at 253-246-7906 (select option 1) to get set up today!" *Id.,* at ¶ 32. Thereafter, Plaintiff alleges he continued to receive additional calls and text messages from "Melissa from Bath Planet." *Id.,* at ¶ 33. Notably absent from the Complaint, however, are any allegations that any of these calls involved an artificial or prerecorded voice. Plaintiff does not allege that the calls used a prerecorded message, an artificial voice, or any automated audio technology.

Plaintiff's allegations do not plausibly suggest the use of an artificial or prerecorded voice. To the contrary, Plaintiff alleges that a specific individual, "Melissa", personally identified herself in the communications and invited Plaintiff to return the call. Such allegations are consistent with ordinary telemarketing communications from a live representative, not with prerecorded or artificial voice technology. *See Whittaker v. Freeway Ins. Services Am., LLC*, No. CV-22-8042-PCT-DGC, 2023 WL 167040 (D. Ariz. Jan. 12, 2023) (finding that the plaintiff sufficiently alleged the use of a prerecorded voice

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

because "the caller did not identify himself, refer to Plaintiff by name or refer to any specific information about Plaintiff and that the voicemail left on her phone did not have the cadence of a live person").

Nor do the allegations that voicemails were "identical" or "nearly identical" plausibly support such an inference that such communications were prerecorded, as similar messages may just as easily result from a live caller repeating the same script. *See Blair v. Assurance IQ LLC*, No. C23-0016-KKE, 2023 WL 6622415 (W.D. Wash. Oct. 11, 2023) (stating that "District courts in the Ninth Circuit generally require plaintiffs to plead circumstances sufficient to support an inference that the calls were placed with an artificial or prerecorded voice" and simply saying the calls are identical are generally insufficient) (citing *Rogers*, 2023 WL 2646468, at \*3); *see also Rahimian v. Adriano*, No. C22-2189, 2022 WL 798371 (D. Nev. Mar. 16, 2022) (explaining that most courts in California have required specific facts to support the conclusion that defendants used a pre-recorded voice).

Courts routinely reject the notion that similarity alone transforms a voicemail into a prerecorded message. *See Rahimian v. Adriano*, No. C22-2189, 2022 WL 798371, at \*2 (D. Nev. Mar. 16, 2022) (holding that a plaintiff must plead specific facts to support the conclusion that a defendant used a pre-recorded voice and without further specifics, such allegations of similarity are conclusory). Without factual allegations describing a robotic or artificial voice, a recorded message, or other indicia of prerecorded technology, the Complaint provides no basis to infer that the calls involved anything other than a live caller. *See Forney v. Hair Club for Men Ltd., Inc.*, No. CV 16-9640-R, 2017 WL 4685549 (C.D. Cal. June 26, 2017) (holding that "it is not technical specifications which are required, rather "a TCPA plaintiff could describe the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the 'person' calling [her], the generic content of the message [she] received, or anything else about the circumstances of a call or message") (citing *Johansen v. Vivant, Inc.*, 2012 WL

6590551 at *3 (N.D. Ill. Dec. 18, 2011)).

Plaintiff will likely rely on *Barton v. Am. Fam. Life Assurance Co. of Columbus*, No. 3:25-CV-05671-TMC, 2026 WL 177598 (W.D. Wash. Jan. 22, 2026) to argue that 47 C.F.R. § 64.1200(d)(4) applies broadly to "any telemarketing call". However, this argument is unpersuasive. To begin, *Barton* is not controlling authority. *See Stairmaster Sports/Med. Prods., Inc. v. Pac. Fitness Corp.,* 916 F. Supp. 1049, 1056 (W.D. Wash. 1994), aff'd, 78 F.3d 602 (Fed. Cir. 1996) ("This Court, however, is not bound by the decision of another district court, even if that decision was rendered in this district."). Accordingly, the Court must independently analyze and interpret 47 C.F.R. § 64.1200(d)(4).

More importantly, the court in *Barton* offered little analysis of the regulatory language and simply concluded—without explanation—that 47 C.F.R. § 64.1200(d)(4) applies to "any call for telemarketing purposes." *Barton*, 2026 WL 177598, at *7. That conclusion overlooks the grammatical structure of the provision. Section 64.1200(d)(4) applies to "a person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes." Properly read, the phrase "artificial or prerecorded-voice telephone call" establishes the operative subject of the provision. The remainder of the sentence, "pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes", modifies the circumstances under which such artificial or prerecorded-voice calls are made. In other words, the regulation governs two categories of artificial or prerecorded-voice calls: (1) those made pursuant to the enumerated exemptions; and (2) those made for telemarketing purposes. *See* 47 C.F.R. § 64.1200(d)(4). Section 64.1200(d)(4) does not expand its reach to "all telemarketing calls" regardless of whether an artificial or prerecorded voice is used. Reading the phrase "or any call for telemarketing purposes" as an independent category would improperly sever it from the operative phrase "artificial or prerecorded-voice telephone call" and would

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 2:25-CV-02032-RSM
7

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
(949) 350-5612

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

effectively rewrite the provision to regulate "any telemarketing call," language the Federal Communications Commission did not adopt.

Standard principles of textual interpretation counsel against such a reading. *See Salisbury v. City of Santa Monica*, 998 F.3d 852, 858 (9th Cir. 2021) (stating "[i]t is a fundamental canon that where the 'statutory text is plain and unambiguous,' a court 'must apply the statute according to its terms.'" (quoting *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1054 (9th Cir. 2018)). Courts must interpret regulatory language according to its plain language and grammatical structure and avoid constructions that render key terms superfluous. *See Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (stating that "[t]he rule against superfluities complements the principle that courts are to interpret the words of a statute in context.") (citing 2A N. Singer, Statutes and Statutory Construction § 46.06, pp. 181–186 (rev. 6th ed. 2000) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant ... ." (footnotes omitted))). Here, treating "any call for telemarketing purposes" as a standalone category would eliminate the limiting phrase "artificial or prerecorded-voice telephone call" from the provision entirely. The more natural reading is that Section 64.1200(d)(4) applies only when a caller makes an artificial or prerecorded-voice telephone call, whether pursuant to an exemption or for telemarketing purposes. *See Dobronski*, 769 F. Supp. 3d at 696. Therefore, this Court should decline to follow *Barton.*

Because Plaintiff fails to allege the receipt of an artificial or prerecorded-voice call—a prerequisite to liability under 47 C.F.R. § 64.1200(d)(4)—Count II should be dismissed. *See Dobronski*, 769 F. Supp. 3d 681 at * 696; *See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (stating that a plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits.").

**TROUTMAN AMIN, LLP**
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

**B.    Even Accepting Plaintiff's Allegations as True, Defendant Complied with 47 C.F.R. § 64.1200(d)(4).**

Even assuming that Plaintiff could satisfy the threshold requirement of alleging an artificial or prerecorded voice call (he cannot), Count II still fails because Plaintiff's own allegations demonstrate compliance with the identification requirements set forth in 47 C.F.R. § 64.1200(d)(4).

47 C.F.R. § 64.1200(d)(4) requires that a caller making an artificial or prerecorded voice call for telemarketing purposes provide three pieces of identifying information: (1) the name of the individual caller, (2) the name of the person or entity on whose behalf the call is being made, and (3) a telephone number or address at which that person or entity may be contacted. 47 C.F.R. § 64.1200(d)(4). Where the allegations in the complaint establish that this information was provided, a plaintiff cannot plausibly state a claim for violation of the regulation. *See Laccinole, v. Cova Home Reality LLC, et al.,* No. 2:21CV507, 2026 WL 617312, at *13 (E.D. Va. Feb. 11, 2026), report and recommendation adopted, No. 2:21CV507, 2026 WL 615862 (E.D. Va. Mar. 4, 2026) (finding that the plaintiff failed to establish a violation under Section 64.1200(d)(4) because the defendant "included the appropriate identification information when contacting plaintiff.").

Indeed, courts routinely dismiss claims where the allegations demonstrate compliance with the statutory or regulatory requirements on which the claim is based. *See Thompson v. Replacements, Ltd.*, No. 4:23CV246 HEA, 2024 WL 1253836, at *3 (E.D. Mo. Mar. 25, 2024), appeal dismissed, No. 24-1852, 2025 WL 1232509 (8th Cir. Feb. 4, 2025) (granting the defendant's motion to dismiss finding that the plaintiff's own allegations—specifically, his acknowledgment that he completed the consent form containing the relevant disclosures—undermined the central premise of his TCPA claim); *Shields v. Lefta, Inc.*, 888 F. Supp. 894, 897 (N.D. Ill. 1995) (granting motion to dismiss since the complaint itself established compliance of the regulation by defendant and

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

therefore the plaintiff was "deemed to have pleaded themselves out of court.") (citing *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir.1993)).

*Laccinole* is instructive. In *Laccinole,* the plaintiff brought suit against the defendant for violations of several statutes. Pertinent here, the plaintiff alleged that the defendant violated Section 64.1200(d)(4). More specifically, the plaintiff claimed that the defendants made multiple unsolicited telemarketing calls to his cell phone despite his number being on the National Do-Not-Call Registry and claimed that the defendants used an automated system or a prerecorded voice for purposes of soliciting real estate services. *Laccinole*, 2026 WL 617312 at *2. The court found that the plaintiff failed to establish a violation of the 47 C.F.R. § 64.1200(d)(4) because the defendant provided the required identification information when it contacted the plaintiff. *Id*., at 13. Furthermore, the court held that since the text messages that were sent to the plaintiff included the person and company's name as well as the phone number, the defendant "identified himself, who he was calling on behalf of and listed a phone number to reach him." *Id*. Because the communications contained the identification information required by the regulation, the court concluded that plaintiff failed to state a viable claim under Section 64.1200(d)(4) and dismissed the claim.

Here, Plaintiff's own Complaint confirms that the caller satisfied each of these requirements. First, Plaintiff alleges that the caller identified herself by name, stating: "Hi there. This is Melissa with Bath Planet." Compl. ¶ 31. This allegation alone establishes that the individual caller identified herself, as required by the regulation.

Second, Plaintiff alleges that the caller identified the entity associated with the call—"Bath Planet." *Id*. Plaintiff also alleges that subsequent communications likewise identified "Melissa from Bath Planet." *Id*. ¶¶ 32–33. These allegations demonstrate that the caller disclosed the entity associated with the communication. The regulation does not require the caller to identify every possible affiliated company, or related business entity; rather, it requires only the name of the person or entity on whose behalf the call is made.

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT    TROUTMAN AMIN, LLP
Case No. 2:25-CV-02032-RSM                400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
10                                                                    (949) 350-5612

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

47 C.F.R. § 64.1200(d)(4). Plaintiff's own allegations establish that this requirement was satisfied.

Third, Plaintiff alleges that the caller provided a call-back telephone number, 253-246-7906, and that the same number was included in the follow-up text message encouraging Plaintiff to call back. Compl. ¶¶ 31–32. Providing a telephone number at which the entity may be contacted is precisely what the regulation requires. 47 C.F.R. § 64.1200(d)(4).

Plaintiff attempts to manufacture a violation by alleging that the communications referenced "Bath Planet" generally and did not specifically identify "Bath Planet Seattle" or Northwest Bath Specialist as the entity making the calls or on whose behalf they were made. Compl. ¶ 49. But nothing in Section 64.1200(d)(4) imposes such a requirement. The regulation requires identification of the caller and the entity on whose behalf the call is made, not every corporate affiliate, or regional operator associated with the brand. Allegations that the caller identified "Bath Planet" therefore demonstrate compliance with the rule rather than a violation of it.

Moreover, the follow-up text message quoted in the Complaint further confirms compliance with Section 64.1200(d)(4). The message again identifies the caller as "Melissa from Bath Planet" and provides the same contact telephone number. Compl. ¶ 32. Thus, even taking Plaintiff's allegations as true, the communications at issue repeatedly identified the caller, the entity on whose behalf the calls were being made, and a telephone number for contact.

Because the Complaint itself establishes that Defendant Northwest Bath Specialists, LLC d/b/a Bath Planet of Seattle ("Defendant") provided all of the information required under Section 64.1200(d)(4), Plaintiff pled himself out of court. *See Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 (9th Cir. 1997) (holding that a plaintiff can "plead herself out of court" if the pleadings establish facts compelling a decision for the defendant); *Tamayo*, 526 F.3d 1074 at *1086 ("A party may plead itself out of court by

pleading facts that establish an impenetrable defense to its claims."). Accordingly, Count II should be dismissed. *See Laccinole*, 2026 WL 617312, at \*13.

## V.    **CONCLUSION**

Based on the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss Count II of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Pursuant to Local Civil Rule 7(e)(6), we certify that this memorandum contains 3,519 words, in compliance with the Local Civil Rules.

Dated: March 19, 2026                    TROUTMAN AMIN, LLP

Eric J. Troutman (*Pro Hac Vice*)
Puja Amin (*Pro Hac Vice*)
Brittany A. Andres (*Pro Hac Vice*)
400 Spectrum Center Drive
Suite 1550
Irvine, CA 92618
troutman@troutmanamin.com
amin@troutmanamin.com
brittany@troutmanamin.com
Tel: (949) 350-5612

PACIFIC NORTHWEST FAMILY LAW

By: */s/ David M. Rose*
David M. Rose (WSBA # 32849)
dmr@pnwfamilylaw.com
216 S. Palouse Street
Walla Walla, Washington 99362
Telephone: (509) 288-4806

*Attorneys for Defendant Northwest Bath Specialist, LLC d/b/a Bath Planet of Seattle*

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned, an attorney, hereby certifies that a copy of the foregoing *Defendant Northwest Bath Specialists, LLC d/b/a Bath Planet of Seattle's Motion to Dismiss Count II of Plaintiff's Complaint* was served upon all counsel of record via the Court's CM/ECF systems on the 19th day of March, 2026.

 /s/ *Brittany A. Andres*
Brittany A. Andres

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com