THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MARK HOFFMAN, individually and on behalf of all other similarly situated,

Plaintiff,

v.

BCI ACRYLIC LLC et al.,

Defendant(s).

Case No. 2:25-CV-02032-RSM

**DEFENDANT NORTHWEST BATH SPECIALISTS, LLC D/B/A BATH PLANET OF SEATTLE'S MOTION TO STRIKE CLASS ALLEGATIONS**

**NOTE ON MOTION CALENDAR: APRIL 17, 2026**

## I.  INTRODUCTION

Plaintiff Mark Hoffman ("Plaintiff") seeks to represent three classes in this case—a National Do-Not-Call ("DNC") class, a Telephone Consumer Protection Act ("TCPA") Identification class, and a Washington Commercial Electronic Message Act ("CEMA") class. However, all of Plaintiff's class definitions are fatally flawed, and in a manner that discovery cannot repair.

The National DNC class mut be stricken. It is overly broad and lacks commonality because it is not limited to residential telephone subscribers, individuals who personally registered their telephone numbers on the National Do Not Call Registry ("DNCR"), and individuals who did not consent or have an existing business relationship ("EBR") with Northwest Bath Specialists, LLC d/b/a Bath Planet of Seattle ("Defendant").

Similarly, the proposed TCPA Identification class must be stricken. It is overly

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
(949) 350-5612

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

broad and fails to satisfy commonality because it is not limited to residential telephone subscribers.

Additionally, the TCPA Identification class is defined based upon the merits instead of objective criteria because an individual must have received a "telemarketing" text message.

The CEMA class also must be stricken. It is overly broad and lacks commonality because it includes individuals who consented to communications from Northwest Bath.

Since the class definitions are fatally flawed for critical reasons that cannot be cured in discovery, they must be stricken here and now.

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff alleges his phone number is a residential, non-commercial Washington telephone number. Compl., at ¶ 18. Plaintiff alleges despite him listing his phone number on the DNCR in 2007, he received at least "37 calls and text messages from either Bath Planet or Bath Planet Seattle between December 5, 2024 and present". *Id.,* at ¶¶ 27-29. Based on these allegations, Plaintiff seeks to represent the following three classes:

**National DNC Class:** All person in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Defendants encouraging the purchase of Bath Planet's goods or a Bath Planet Franchisee's services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**TCPA Identification Class:** All persons in the United States who (1) received more than one telemarketing message or call from or on behalf of Defendants encouraging the purchase of Bath Planet's goods or a Bath Planet Franchisee's services, (2) within a 12-month period, (3) which such text message or call did not provide the called party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made and (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Washington CEMA Class:** All persons, as that term is defined in RCW 19.190.010(11) and RCW 19.86.010(1); (1) to whose cellular telephone numbers or pager numbers; (2) received a text message from or on behalf

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

of Northwest Bath and Defendant BCI Acrylic, LLC d/b/a Bath Planet of Seattle's ("Bath Planet") (Bath Planet and Northwest Bath collectively herein referred to as "Defendants") encouraging the purchase of Bath Planet's goods or a Bath Planet Franchisee's services; and (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

*Id.,* at ¶ 78.

### III. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter."

Although disfavored when used for the purposes of delay, "[t]he essential function of a Rule 12(f) motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 517 (1994). A motion to strike is particularly proper when "allegations create[] serious risks of prejudice to [the defendant], delay, and confusion of the issues." *Id*. at 1528.

A class action complaint must plead "the existence of a group of putative class members whose claims are susceptible of resolution on a classwide basis." *Manning v. Boston Med. Ctr. Corp.,* 725 F.3d 34, 59 (1st Cir. 2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). "If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations." *Id*.

Striking a class definition at the pleadings stage is particularly appropriate when it is facially uncertifiable in a manner that discovery cannot resolve. *See, e.g., Brazil v. Dell, Inc.*, 585 F. Supp. 2d 1158, 1166-67 (N.D. Cal. 2008). Indeed, courts have recognized the dangers of allowing a facially uncertifiable class to proceed to discovery. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of [the] evidence at the summary judgment stage," will protect defendants

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

from incurring enormous discovery costs); *see also Yagman v. Allianz Ins.,* No. LACV1500921JAKJCX, 2015 WL 5553460, at *4 (C.D. Cal. May 11, 2015) (failing to strike plaintiff's class allegations "would inject significant uncertainty as to the scope of discovery and other pretrial proceedings").

## IV.   ARGUMENT- PLAINTIFF'S CLASS DEFINITIONS MUST BE STRICKEN BECAUSE THEY ARE FACIALLY UNCERTIFIABLE AS A MATTER OF LAW

### A.   Plaintiff's National DNC Class is Overly Broad and Lacks Commonality.

#### 1.   Plaintiff's National DNC Class is Overly Broad.

It is a well-settled principle of law that a class definition may not be certified when it sweeps in a substantial number of individuals who do not possess valid claims. *Kohen v. Pac. Inv. Mgmt. Co. LLC & PIMCO Funds*, 571 F.3d 672, 678 (7th Cir. 2009) ("[A] class should not be certified if it contains a great many of persons who have suffered no injury."); *Walewski v. Zenimax Media, Inc.*, 502 F. App'x 857, 861 (11th Cir. 2012) (affirming denial of class certification where proposed class definition "impermissibly include[d] members who have no cause of action"); *Lackawanna Chiropractic P.C. v. Tivity Health Support, LLC*, No. 18-CV-00649-LJV-JJM, 2019 WL 7195309, at *3 (W.D.N.Y. Aug. 29, 2019), report and recommendation adopted, No. 18-CV-649, 2019 WL 7194525 (W.D.N.Y. Dec. 26, 2019) (citing *Vigus v. Southern Illinois Riverboat/Casino Cruises, Inc*., 274 F.R.D. 229, 235 (S.D. Ill. 2011)) ("[The plaintiff's] proposed class includes a substantial number of people who voluntarily gave their telephone numbers to the [defendant] knowing the [defendant] would call those numbers to present special commercial offers. They have no grievance with the [defendant], and ... their inclusion in the proposed class definition renders it overbroad and the class unfit for certification").

Where overbreadth is apparent at the pleadings stage, a class is properly stricken.

DEFENDANT'S MOTION TO STRIKE CLASS
Case No. 2:25-CV-02032-RSM
4

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
(949) 350-5612

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

*See Garza v. Swift Beef Co.*, No. CV 22-06223 PSG (E), 2024 WL 5415842, at *12 (C.D. Cal. Jan. 23, 2024) ("A court, therefore, may strike class allegations when no class action can possibly be maintained on the face of the pleading."); *Stokes v. CitiMortgage, Inc.*, No. CV 14-00278-BRO (SHx), 2015 WL 709201, at *4 (C.D. Cal. Jan. 16, 2015) ("Rule 12(f) also grants courts the authority to strike class allegations that cannot possibly move forward on a classwide basis." (citations omitted)); *Route v. Mead Johnson Nutrition Co.*, No. CV 12-7350-GW (JEMx), 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013) ("[W]here the matter is sufficiently obvious from the pleadings, a court may strike class allegations."); *Keith Barnes, Plaintiff, v. The Coca-Cola Co., Defendant.*, No. 1:22-CV-01511-KJM-EPG, 2025 WL 1027431, at *4 (E.D. Cal. Apr. 7, 2025) (granting motion to strike class action allegations in the complaint and finding that the court need not allow facially overbroad claims to proceed beyond the pleadings stage).

Courts regularly decline to certify overbroad classes. *See Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000) (affirming denial of class certification because the proposed class was overly broad). And, where a "defined class is facially overbroad, it is appropriate to strike the class allegations at the pleadings stage." *Vann v. Dolly, Inc.*, 2020 WL 902831, at *5 (N.D. Ill. Feb. 25, 2020).

Allowing an overbroad class to proceed past the pleadings stage creates an inherent unfairness to the defendant in view of the "in terrorem character of a class action." *Kohen*, 571 F.3d at 677-78 ("[A] class should not be certified if it contains a great many of persons who have suffered no injury."). As the Seventh Circuit has aptly observed:

> Even if a class's claim is weak, the sheer number of class members and the potential payout that could be required if all members prove liability might force a defendant to settle a meritless claim in order to avoid breaking the company. While that prospect is often feared with large classes, **the effect can be magnified unfairly if it results from a class defined so broadly as to include many members who could not bring a valid claim even under the best of circumstances.**

*Messner v. Northshore Univ. Health Sys.*, 699 F.3d 802, 825 (7th Cir. 2012) (citing *Oshana*, 472 F.3d at 514) (emphasis added). Moreover, "[w]hen the potential liability

created by a lawsuit is very great, even though the probability that the plaintiff will succeed in establishing liability is slight, the defendant will be under pressure to settle rather than to bet the company, even if the betting odds are good." *Kohen*, 571 F.3d at 678.

Here, Plaintiff's National DNC class is impermissibly overbroad as the class definition: (1) is not limited to residential telephone subscribers, (2) individuals who personally registered their telephone numbers on the DNCR, and (3) individuals who did not consent or have an EBR with Defendant.

### a. It is Not Limited to Individuals Who Are Residential Telephone Subscribers.

Section 64.1200(c) provides, in relevant part, "[n]o person or entity shall initiate any telephone solicitation to …[a] *residential* telephone subscriber who has registered his or her telephone number on the national do-not-call registry…" 47 C.F.R. § 64.1200(c)(ii) (emphasis added). Hence, the residential usage of the telephone number is a critical element of Plaintiff's claims. *See Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 655 (W.D. Tenn. 2020) ("To succeed on a claim alleging violations of the relevant regulations, a plaintiff must [allege] … that she was a 'residential telephone subscriber'"); *See also Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1223 (9th Cir. 2022) (holding that because 47 C.F.R. § 64.1200(c) specifically protects "residential telephone subscribers," a plaintiff must meet this requirement to have a cause of action).

Here, Plaintiff's National DNC class is over-inclusive in that it includes individuals who have no valid claim because the calls and text messages may have been to a business telephone subscriber or non-residential cellular phone number. By the statute's clear language, the call or text must have been made to a residential telephone subscriber. *See* 47 C.F.R. § 64.1200(c)(ii). Because Plaintiff's class definition is not limited to residential telephone subscribers, the class is overly broad and must be stricken. *See Payne v. Sieva Networks, Inc.*, 347 F.R.D. 224, 228 (N.D. Cal. 2024) (granting the defendant's motion to deny class certification finding that determining which numbers in the class were business

DEFENDANT'S MOTION TO STRIKE CLASS
Case No. 2:25-CV-02032-RSM
6

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
(949) 350-5612

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

numbers versus residential numbers would require individualized proof).

### b.    It is Not Limited to Individuals Who Personally Registered Their Telephone Numbers on the DNCR.

47 C.F.R. § 64.1200(c), provides, in relevant part "[n]o person or entity shall initiate any telephone solicitation to …[a] residential telephone subscriber *who has registered his or her telephone number on the national do-not-call registry*…" 47 C.F.R. § 64.1200(c)(ii) (emphasis added). The plain language of Section 64.1200(c) indicates that Section 227(c)(5)'s private action exists only for a residential telephone subscriber who has registered his or her telephone number on the DNCR.

Here, Plaintiff's National DNC class is overly broad because it is not limited to individuals who personally placed their number on the DNCR. The class, as defined, includes all persons in the United States whose "telephone numbers were on the National Do Not Call Registry for at least 31 days…." Compl. at ¶ 78. This definition encompasses all individuals whose number is registered on the DNCR, regardless of whether he or she personally registered it. However, those individuals who did not personally register their telephone number on the DNCR, lack a valid claim. *See Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at *5 (N.D. Iowa June 9, 2022) (dismissing case with prejudice where the plaintiff failed to allege that she registered her telephone on the DNCR).

Allowing this action to proceed with the proposed class definition as is, would therefore work an inherent unfairness against Defendant, because it would be required to undertake the burden and expense of defending against a putative class that contain members with no standing and no conceivable claim. *See Klassen v. Solid Quote LLC*, No. 23-CV-00318-GPG-NRN, 2023 WL 7544185, at *4 (D. Colo. Nov. 14, 2023) (modifying the class to state "the person's telephone number was registered by the person...").

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

**c.    It is Not Limited to Individuals Who Did Not Consent or Don't Have an EBR with Defendant.**

While the TCPA prohibits "telephone solicitations" to a "subscriber who has registered his or her number on the national do-not-call registry," no person or entity may be held liable for calling individuals that have given their "prior express invitation or permission" or with whom they have an "established business relationship." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2), (f)(15). Thus, absence of consent or an EBR is an affirmative allegation that must be included in a complaint to state a claim for violation of the TCPA's DNC rules.

*Barnes v. Coca-Cola Co.*, No. 1:22-CV-01511-KJM-EPG, 2025 WL 1027431 (E.D. Cal. Apr. 7, 2025) is instructive. There, the plaintiff sought to represent a nationwide class of everyone who had "received a telephone call … made by or on behalf of" the defendant. 2025 WL 1027431, at *4. The court found the class's breadth was "implausible", because the class was not limited to calls that were made without consent, a characteristic "core to calls that violate the TCPA". *Id*. at *5 (emphasis added).

Similarly, in *Brown v. Nano Hrg. Tech Opco, LLC*, No. 3:24-CV-00221-BTM-JLB, 2024 WL 3367536 (S.D. Cal. July 9, 2024), the court granted the defendant's motion to strike class allegations finding that class definition was overly broad. More specifically, the court stated:

> "*[T]he class definition is overly broad because it fails to exclude any members who may have consented to receiving phone calls from Nano*. The TCPA expressly precludes claims made by individuals who consented to be called. 47 U.S.C. § 227(b)(1)(A) (excluding from liability any call "made with the prior express consent of the called party.") Brown's class definition necessarily includes any individuals who have consented to calls from Nano. Like in *Sanders*, these individuals would also lack standing. 672 F. Supp. 2d at 991.

*Brown*, 2024 WL 3357536 at *8 (emphasis added).

Here, Plaintiff's National DNC class is problematic because it is overly broad in its failure to exclude calls lawfully made under the TCPA. Plaintiff's over-inclusive

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

definition necessarily includes individuals who have no viable claim against Defendant (and who lack standing to sue under the TCPA), as it includes individuals who either consented to be contacted by Defendant or had an EBR with Defendant. As calls made with the requisite consent are not actionable under the TCPA, the class therefore includes a great number of individuals who were not and could not have been harmed by Defendant. *See Brown*, 2024 WL 3367536 at *8; *Barnes*, 2025 WL 1027431, at *5.

Consistent with this framework, courts have properly rejected class definitions as impermissibly overbroad where the "proposed class could potentially include thousands of individuals who consented to receiving calls on their cellphones…" *Jamison v. First Credit Servs., Inc.*, No. 12 C 4415, 2013 WL 3872171, at *8 (N.D. Ill. July 29, 2013); *see Hicks v. Client Servs., Inc.*, No. 07-61822-CIV, 2008 WL 5479111, at *8 (S.D. Fla. Dec. 11, 2008) (denying class certification of the TCPA claim because the Court found "consent is an issue that would have to be determined on an individual basis at trial); *Balthazor v. Cent. Credit Servs., Inc.*, No. 10-62435 CIV, 2012 WL 6725872, at *5 (S.D. Fla. Dec. 27, 2012) (same). This is because, under the TCPA, a call or message made with prior express consent is lawful—i.e., a plaintiff suffers no harm—and the absence of consent is fatal to an individual's TCPA claim.

Moreover, Plaintiff's National DNC class would include members who lack valid claims because they have an EBR with Defendant by completing a transaction within 18 months of receiving a call or text message. Plaintiff's class definition entirely fails to exclude or carve out individuals who had an EBR with Defendant, and thus these individuals are unavoidably included in the class definition. Compl. at ¶ 78. Additionally, there are no allegations from which the Court could plausibly discern a class which exclude such individuals. For example, nothing in the class definition or class allegations provides a mechanism to identify individuals who consented to messages or who made a purchase with Defendant in the past 18 months so as to properly exclude them from the putative class.

DEFENDANT'S MOTION TO STRIKE CLASS
Case No. 2:25-CV-02032-RSM
9

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
(949) 350-5612

Thus, Plaintiff's National DNC class is overbroad and should be stricken. *See Brown*, 2024 WL 3367536 at *8; *Barnes*, 2025 WL 1027431, at *5; *Lindsay Transmission, LLC v. Off. Depot, Inc.*, No. 4:12-CV-221 CEJ, 2013 WL 275568 (E.D. Mo. Jan. 24, 2013) (granting a motion to strike class allegations and determining that a "class membership will require the kind of individualized determinations—the absence of prior consent and the absence of a prior business relationship—precluded by Rule 23.").

### 2. Plaintiff's National DNC Class Lacks Commonality.

In analyzing the merits of a putative class, closely related to, but analytically distinct from the over-breadth inquiry, is the commonality analysis.

Rule 23(a)(2) mandates that there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality requires more, however, than merely raising common questions "but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation" is required. *Dukes*, 564 U.S. at 350 (emphasis in original). If "the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question" and commonality is absent. *Hansen v. United Airlines, Inc.*, No. 20 CV 2142, 2021 WL 4552552, at *5 (N.D. Ill. Oct. 5, 2021). Stated differently, the putative class's "claims must depend upon a common contention … that is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350.

Here, because the National DNC class definition fails to account for class members that lack valid claims (i.e., those who provided consent), there is no conceivable method to prove the validity of all class member claims' "in one stroke." *Dukes*, 564 U.S. at 350. Some class members will lack a valid claim because they provided consent to the messages, and it would be impossible to determine through common evidence who has a valid claim amongst the entire class.

DEFENDANT'S MOTION TO STRIKE CLASS
Case No. 2:25-CV-02032-RSM
10

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
(949) 350-5612

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

Indeed, the National DNC class does not account for the critical issue of consent at all. Thus, the available defenses facially and necessarily thwart class-wide "answers" on the critical issue of liability. Stated simply—there is no pertinent commonality amongst class members which would hold the class together. The class, therefore, facially lacks commonality, as answers to critical common issues cannot be determined "in one stroke." *Dukes*, 564 U.S. at 350.

> **B.   Plaintiff's TCPA Identification Class is Overly Broad, Lacks Commonality and is Defined Based Upon the Merits Instead of Objective Criteria.**
>
> **1.   Plaintiff's TCPA Identification Class is Overly Broad and Lacks Commonality Because it is Not Limited to Residential Telephone Subscribers.**

Section 64.1200(c) provides, in relevant part, "[n]o person or entity shall initiate any telephone solicitation to …[a] *residential* telephone subscriber who has registered his or her telephone number on the national do-not-call registry…" 47 C.F.R. § 64.1200(c)(ii) (emphasis added). Hence, the residential usage of the telephone number is a critical element of Plaintiff's claims. *See Chennette*, 50 F.4th at 1223.

Similar to Sections IV(A)(1)(a) and IV(A)(2), Plaintiff's TCPA Identification class is overly broad and lacks commonality because it includes non-residential telephone subscribers. Calls and text messages may have been to a business telephone subscriber or non-residential cellular phone number. Because Plaintiff's class definition is not limited to residential telephone subscribers, the class is overly broad and must be stricken. *See Payne v*, 347 F.R.D. at 228. Further, because the TCPA Identification class fails to account for class members that lack valid claims (i.e., those who are not residential telephone subscribers), there is no conceivable method to prove the validity of all class member claims' "in one stroke." *Dukes*, 564 U.S. at 350.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

**2.       Plaintiff's TCPA Identification Class is Defined Based Upon the Merits Instead of Objective Criteria.**

A class must be defined based upon clear and objective criteria. *See Wilcox v. Swapp*, 330 F.R.D. 584, 595 (E.D. Wash. 2019) ("the determining factor in creating a clear and definite class definition is whether class members are determined with 'an objective criterion.'"). A class defined based upon the merits of a claim is simply not certifiable. *See Hanni v. Am. Airlines, Inc.*, 2010 WL 289297, at *9 (N.D. Cal. Jan. 15, 2010) ("a class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a person is a member of the class.") (quoting 5 James W. Moore, Moore's Federal Practice § 23.21(3)(c) (Matthew Bender 3d ed.2011); *see Sonner v. Schwabe N. Am., Inc.*, No. 515CV01358VAPSPX, 2019 WL 4266808, at *2 (C.D. Cal. July 2, 2019) ("The order defining the class should avoid … terms that depend on resolution of the merits…") (quoting Federal Judicial Center, Manual for Complex Litigation, Fourth § 21.222 (2004)). This is so because merits determinations must not be made at the certification stage—yet a class defined based upon the merits of a claim assures that all members of a class have already won on a critical substantive issue. *See Wilcox*, 330 F.R.D. at 596. And that, in turns, creates problems of fairness for defendants and violates the protections of the one-way intervention rule.  This is so because merits determinations must not be made at the certification stage—yet a class defined based upon the merits of a claim assures that all members of a class have already won on a critical substantive issue. *Burkhead*, 250 F.R.D. at 293-294; *Wilcox*, 330 F.R.D. at 596.

Here, Plaintiff's TCPA Identification class violates all of these rules and raises all attendant concerns. The class turns on whether a consumer received telemarketing call or text message from Defendant. Compl. at ¶ 78. Yet, to determine who is in the class here, the Court would need to review each call recording and/or text message sent to each class member to determine whether the message was "telemarketing". This is obviously problematic from a predominance perspective, but this is also plainly a merits

DEFENDANT'S MOTION TO STRIKE CLASS
Case No. 2:25-CV-02032-RSM
12

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
(949) 350-5612

determination. That is, at the class certification stage, this Court will need to decide whether or not a class member received a telemarketing message. And that is per se improper. *See Barnes v. Allsup Employment Services, LLC*, No. 21-CV-21121, 2022 WL 2390715, at *5 (S.D. Fla. July 1, 2022) (striking plaintiff's class where an individualized inquiry would need to be undertaken in determining which potential class members received more than one phone call, and in turn whether the respective calls each received was subject to liability).

Because membership in the class is determined by whether the consumer received a telemarketing call or text message, Defendant would be unfairly prejudiced by a proceeding where a crucial merits inquiry has already been determined in the class members' favor—individuals are either already determined to have won on this critical issue, or they are not members of the class at all. *See Thompson v. Vintage Stock, Inc.*, No. 4:23-CV-00042-SRC, 2024 WL 492052, at *10 (E.D. Mo. Feb. 8, 2024) (striking the class definition in count three because in order to certify this class, the court would have to determine whether a text message is a "telephone solicitation").

As Plaintiff's TCPA Identification class could never be certified, this Court should strike the class. *See Thompson*, 2024 WL 492052, at *10; *see e.g., Taylor v. Universal Auto Group I, Inc.*, No. 3:13-cv-05245-KLS, 2014 WL 6654270, at *22 (W.D. Wash. Nov. 24, 2014) (finding that the "inclusion of the 'without prior consent' language in the national classes definition makes it a [improper] class, as clearly the issue of consent is central to determining defendant's liability").

### C.    Plaintiff's CEMA Class is Overly Broad and Lacks Commonality.

#### 1.    Plaintiff's CEMA Class is Overly Broad Because It Is Not Limited to Individuals Who Did Not Consent to Receive the Messages.

CEMA provides that, "[n]o person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number

DEFENDANT'S MOTION TO STRIKE CLASS
Case No. 2:25-CV-02032-RSM
13

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
(949) 350-5612

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

assigned to a Washington resident for cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages." RCW 19.190.060(1). However, "it is **not** a violation of RCW 19.190.060 if: the unsolicited commercial electronic text message is transmitted by a person to a subscriber and the subscriber has ***clearly and affirmatively consented*** in advance to receive these text messages." RCW 19.190.070(1)(b) (emphasis added). Plaintiff's CEMA in this case does not exclude individuals who consented—even though such individuals lack viable substantive claims. Thus, Plaintiff's CEMA class is overly broad.

Here, Plaintiff's CEMA class fails to exclude calls lawfully made under the CEMA. Plaintiff's over-inclusive definition necessarily include individuals who have no viable claim against Defendant (and who lack standing to sue under the CEMA), as it includes individuals who consented to be contacted by Defendant. As calls made with the requisite consent are not actionable under CEMA, the CEMA class therefore includes a great number of individuals who were not and could not have been harmed by Defendant. *See Dominick Leon v. loanDepot.com, LLC*, No. 2:25-cv-01787-JLS-AGR, slip op. at *6. (C.D. Cal. Aug. 22, 2025) (granting the defendant's motion to strike class allegations, finding that the class was overly broad "[b]ecause the class fail[ed] to exclude [] members who necessarily lack standing to sue under the TCPA"); *Brown*, 2024 WL 3367536 at *8; *Barnes*, 2025 WL 1027431, at *5.

**2.    The Overbreadth of the CEMA Class Also Means It Lacks Commonality as a Matter of Law.**

Rule 23(a)(2) mandates that there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality requires more than merely raising common questions, it requires "the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation…." *Dukes*, 564 U.S. at 350.

Here, similar to Section IV(A)(2) and IV(B)(1), Plaintiff's CEMA class lacks commonality. Plaintiff's CEMA class include individuals who may not have valid claims,

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
(949) 350-5612

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

such as those who consented to be contacted, requiring individualized evidence to determine liability. Because these individualized inquiries preclude a uniform determination of liability across the class, the proposed classes lack the commonality required for certification and must be stricken. *See Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013) (holding that because individualized inquiries could not provide a common answer to satisfy the commonality requirement under Rule 23(a)(2), vacating a prior class certification order was warranted).

**D.    The Court Should Not Wait Until the Certification Stage to Address These Issues but Should Strike Plaintiff's Class Allegations Here and Now.**

Plaintiff will undoubtedly ask the Court to overlook the flaws in his proposed classes and allow him to leverage the cumbersome machinery of class discovery. That would be manifestly unfair and does not comport with how class actions are designed to work. Defendant has raised valid challenges to the class definitions proposed in the Complaint. There is no reason to allow the case to proceed to certification briefing when it is apparent at the outset that the proposed class definitions cannot be certified. *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 444 (5th Cir. 2007) ("Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings."); *Barnes*, 2025 WL 1027431, at *5 (granting motion to strike the class allegations in the complaint and holding that a defendant "is entitled to know the class definition being alleged against [it]"); *Lyons v. Bank of Am., NA*, No. C 11-1232 CW, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011) (granting motion to strike class allegations because "the proposed class includes many members who have not been injured"); *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013) ("This is a case where 'the issues are plain enough from the pleadings' to allow the court to conclude that no class can be certified.").

Should Plaintiff's facially uncertifiable classes be allowed to proceed, Defendant

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

will be forced to engage in extensive and burdensome discovery and litigation only for class certification to be inevitably denied, which wastes both the parties' and judicial resources. *See Pilgrim v. Universal Health Card, LLC, 660 F.3d 943, 949 (6th Cir. 2011)* ("[T]he problem for the plaintiffs is that we cannot see how discovery or for that matter more time would have helped them."). These inefficiencies can be avoided by striking Plaintiff's class allegations that are plainly incapable of certification.

## V.    **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests this Court strike the class allegations in Plaintiff's Complaint.

Pursuant to Local Civil Rule 7(e)(6), we certify that this memorandum contains 5,018 words, in compliance with the Local Civil Rules.

Dated: March 19, 2026                TROUTMAN AMIN, LLP

Eric J. Troutman (*Pro Hac Vice*)
Puja Amin (*Pro Hac Vice*)
Brittany A. Andres (*Pro Hac Vice*)
400 Spectrum Center Drive
Suite 1550
Irvine, CA 92618
troutman@troutmanamin.com
amin@troutmanamin.com
brittany@troutmanamin.com
Tel: (949) 350-5612

PACIFIC NORTHWEST FAMILY LAW

By: */s/ David M. Rose*
David M. Rose (WSBA # 32849)
dmr@pnwfamilylaw.com
216 S. Palouse Street
Walla Walla, Washington 99362
Telephone: (509) 288-4806

*Attorneys for Defendant Northwest Bath Specialist, LLC d/b/a Bath Planet of Seattle*

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

### CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing *Defendant Northwest Bath Specialists, LLC d/b/a Bath Planet of Seattle's Motion to Strike Class Allegations* was served upon all counsel of record via the Court's CM/ECF systems on the 19th day of March, 2026.

 /s/ *Brittany A. Andres*
Brittany A. Andres

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
troutman@troutmanamin.com

DEFENDANT'S MOTION TO STRIKE CLASS
Case No. 2:25-CV-02032-RSM
17

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine, CA 92618
(949) 350-5612