UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK HOFFMAN,

                Plaintiff,

        v.

BCI ACRYLIC LLC, *et al.*,

                Defendants.

Case No. C25-2032-RSM

ORDER DENYING STIPULATED
PROTECTIVE ORDER

This matter comes before the Court on the parties' Stipulated Protective Order, Dkt. #61.

"The court may enter a proposed stipulated protective order as an order of the court if it adequately and specifically describes the justification for such an order, it is consistent with court rules, it does not purport to confer blanket protection on all disclosures or responses to discovery, its protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the parties to file confidential information under seal." LCR 26(c)(2).

The Court finds that the proposed protective order does not conform to the above requirements. Under the section entitled Confidential Material, the Court's Model Protective Order instructs: "[t]he parties must include a list of specific documents such as 'company's

ORDER DENYING STIPULATED PROTECTIVE ORDER - 1

customer list' or 'plaintiff's medical records;' do not list broad categories of documents such as 'sensitive business material.'" The parties have not followed this instruction. The instant proposed protective order lists as confidential, *inter alia*: "Confidential business or financial information, information regarding confidential business practices, or other confidential research, development, pricing, revenue derived, or other commercial information[,]" as well as "[o]ther information[.]" Dkt. #61 at 2. This is specifically the type of broad "sensitive business material" category that the Court's Local Rules prohibit. The Court also questions many of the types of material the parties have listed as "confidential," given that this case concerns claims concerning telemarketing text messages and phone calls.

The Court finds that the parties have impermissibly left the door open to labeling a wide variety of documents as confidential, and the Court does not want to waste time denying motions to seal. The parties have not followed the Court's requirement to list specific documents and instead include vague categories such as those listed above. The parties have also included an improper catch-all provision, stating that the listed material is "not limited to," as well as "[o]ther information . . . or tangible things that qualify for protection[,]" that allows the attorneys to label as confidential anything the parties say is confidential. Furthermore, the parties have failed to file a redlined version of their proposed order, as the Local Rules require, and the Court declines to search for other departures. *See* LCR 26(c)(2) ("Parties that wish to depart from the model order must provide the court with a redlined version identifying departures from the model."). The parties submit no argument to justify this departure from the model protective order's guidelines. Accordingly, this Stipulated Protective Order will be denied.

Having reviewed the briefing and the remainder of the record, the Court hereby finds and ORDERS that the parties' Stipulated Protective Order, Dkt. #61, is DENIED. The Court advises

ORDER DENYING STIPULATED PROTECTIVE ORDER - 2

the parties to follow the Local Rules and to come up with a narrower list of confidential documents before re-submitting this motion.

DATED this 24th day of March, 2026.

_____
Ricardo S. Martinez
United States District Judge

ORDER DENYING STIPULATED PROTECTIVE ORDER - 3