**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

MARK HOFFMAN, on behalf of himself and
all others similarly situated,

                Plaintiff,

           vs.

BCI ACRYLIC, LLC D/B/A BATH PLANET,
and NORTHWEST BATH SPECIALISTS,
LLC D/B/A BATH PLANET OF SEATTLE,

                Defendants.

Case No. 2:25-cv-02032-RSM

Honorable Judge Ricardo S. Martinez

**PLAINTIFF'S OPPOSITION TO THE DEFENDANT NORTHWEST**
**BATH SPECIALISTS, LLC'S MOTION TO STRIKE CLASS ALLEGATIONS**

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page i

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

## TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ............................................................................................................ 1

BACKGROUND ............................................................................................................. 1

ARGUMENT ................................................................................................................... 2

A.    The Class Allegations Should be Addressed on a Full Record, not Determined Prior to any Discovery. ....................................................................................................... 2

B.    The Classes Are Not Overly Broad. ................................................................. 3

C.    There is no Requirement in the TCPA that Individuals Personally Register their Telephone Number on the Do Not Call Registry to have a Claim. ............................ 7

D.    The Potential Prescence of an Affirmative Defense is not a Basis to Strike Class Allegations. ................................................................................................................ 9

E.    The Court Need Not Review Each Message To Determine if it Was "Telemarketing"... 12

F.    The Washington CEMA Class Should Not Be Stricken.................................... 13

CONCLUSION.............................................................................................................. 14

CERTIFICATE OF SERVICE ...................................................................................... 16

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page ii

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Barnes v. Coca-Cola Co.,*
  2025 U.S. Dist. LEXIS 66248 (E.D. Cal. Apr. 4, 2025)...................................................... 10, 11

*Bates v. Bankers Life & Casualty Co.,*
  848 F.3d 1236 (9th Cir. 2017) ............................................................................................ 2

*Berman v. Freedom Fin. Network, LLC,*
  400 F. Supp. 3d 964 (N.D. Cal. 2019) ............................................................................... 9

*Braver v. Northstar Alarm Servs., LLC,*
  329 F.R.D. 320 (W.D. Okla. 2018)................................................................................. 5, 10

*Bridging Cmtys. Inc. v. Top Flite Fin. Inc.,*
  843 F.3d 1119 (6th Cir. 2016) ............................................................................................ 9

*Brown v. Nano Hearing Tech Opco, LLC,*
  2024 U.S. Dist. LEXIS 120371 (S.D. Cal. July 9, 2024). ............................................. 10, 11

*Callier v. Am.-Amicable Life Ins. Co. of Texas,*
  2022 WL 17732717 (W.D. Tex. Oct. 18, 2022) .......................................................... 8, 9

*Chesbro v. Best Buy Stores, L.P.,*
  705 F.3d 913 (9th Cir. 2012) ............................................................................................ 12

*Chinitz v. Intero Real Est. Servs.,*
  2020 WL 7391299 (N.D. Cal. July 22, 2020)............................................................... 4, 6, 8

*Cholakyan v. Mercedes-Benz USA, LLC,*
  796 F. Supp. 2d 1220 (C.D. Cal. 2011) ............................................................................ 2

*Comcast Corp. v. Behrend,*
  569 U.S. 27 (2013)............................................................................................................. 3

*Heard v. Nationstar Mortg. LLC,*
  2018 WL 4028116 (N.D. Ala. Aug. 23, 2018) ............................................................... 2

*Holmes v. Elec. Document Processing, Inc.,*
  966 F. Supp. 2d 925 (N.D. Cal. 2013) ............................................................................. 2

*Hubble v. LoanDepot.Com, LLC,*
  2025 U.S. Dist. LEXIS 186864 (E.D. Mich. Sep. 23, 2025). ....................................... 10

*Ira Holtzman, C.P.A., & Assocs. v. Turza,*
  728 F.3d 682 (7th Cir. 2013) ............................................................................................ 2

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

*Jackson v. Athena Bitcoin, Inc.*,
    2025 WL 2237453 (N.D. Fla. June 18, 2025) ................................................................. 7

*Klassen v. Solid Quote LLC*,
    2023 WL 7544185 (D. Colo. Nov. 14, 2023) ................................................................. 8

*Krakauer v. Dish Network, L.L.C*,
    925 F.3d 643 (4th Cir. 2019) ................................................................................. 2, 6

*Lopez v. Consumer Safety Tech., LLC*,
    2024 U.S. Dist. LEXIS 84873 (M.D. Fla. May 10, 2024) .......................................... 4

*Mantha v. Quotewizard.com, LLC*,
    347 F.R.D. 376 (D. Mass. 2024) ............................................................................. 6

*Meyer v. Nat'l Tenant Network, Inc.*,
    10 F. Supp. 3d 1096 (N.D. Cal. 2014) ..................................................................... 2

*Meyer v. Portfolio Recovery Assocs., LLC*,
    707 F.3d 1036 (9th Cir. 2012) ................................................................................. 9

*Murch v. GPS Cap. Mkts., LLC*,
    2025 U.S. Dist. LEXIS 169651 (D. Or. June 6, 2025) ............................................... 8

*Nichols v. eHealthInsurance Servs.*,
    2025 U.S. Dist. LEXIS 37917 (N.D. Ca., March 3, 2025) .......................................... 9

*Ott v. Mortg. Inv'rs Corp. of Ohio, Inc.*,
    65 F. Supp. 3d 1046, 1065 (D. Or. 2014) ............................................................... 11

*Panacci v. A1 Solar Power, Inc.*,
    2015 WL 3750112 (N.D. Cal. June 15, 2015) .......................................................... 3

*Payne v. Sieva Networks, Inc.*,
    347 F.R.D. 224 (N.D. Cal. July 29, 2024) ............................................................. 6, 7

*Rombough v. Robert D. Smith Ins. Agency, Inc.*,
    2022 WL 2713278 (N.D. Iowa June 9, 2022) .......................................................... 8

*Rosenberg v. LoanDepot.com LLC*,
    435 F. Supp. 3d 308 (D. Mass. 2020). ..................................................................... 10

*Ross v. Blake*,
    578 U.S. 632 (2016) ................................................................................................. 5

*True Health Chiropractic, Inc. v. McKesson Corp.*,
    896 F.3d 923 (9th Cir. 2018) .............................................................................. 9, 10

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page iv

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

*Williams v. Pillpack LLC,*
  2021 WL 535215 (W.D. Wash. Feb. 12, 2021) ................................................................. 3-5

*Zyburo v. NCSPlus, Inc.,*
  44 F. Supp. 3d 500 (S.D.N.Y. 2014) ................................................................................. 9


**Statutes**

47 U.S.C. § 227(a)(4) ............................................................................................................. 1


**Rules**

Fed. R. Civ. P. Rule 12(f) ................................................................................................... 1, 4

Fed. R. Civ. P. Rule 23 .............................................................................................. 1, 2, 4, 14

Fed. R. Civ. P. Rule 23(b)(3) ................................................................................................ 9


**Regulations**

47 C.F.R. § 64.1200(c)(2) ..................................................................................................... 8

47 C.F.R. § 64.2305 .............................................................................................................. 5


**Administrative Decisions**

*In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,*
  18 FCC Rcd. 14014 (2003) ............................................................................................. 6, 8

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

## INTRODUCTION

Defendant Northwest Bath Specialists, LLC d/b/a Bath Planet of Seattle's overlength[1] Motion to Strike Class Allegations requests that the Court to strike the class allegations before any discovery has meaningfully occurred. That request is premature. The Complaint alleges a uniform telemarketing campaign, centralized records, and common issues that are routinely litigated on a classwide basis in TCPA cases.

The Complaint alleges a uniform telemarketing campaign carried out in the Bath Planet name, using the same caller identification, substantially identical messages, and a common sales objective: to induce consumers to purchase Bath Planet products and franchisee installation services. Defendant's arguments do not establish that the proposed classes are facially uncertifiable. Instead, they raise merits and Rule 23 issues that depend on evidence, including the nature of Defendants' calling campaign, the sources of Defendants' leads, Defendants' consent records, the relationship between Bath Planet and its franchisees, and the extent to which those matters can be shown through common proof. Those questions are not resolved on the pleadings.

Defendant's motion is, in substance, a premature class certification motion. Rule 12(f) is not the vehicle for that relief. The Court should deny the motion and permit the parties to proceed with the class discovery already contemplated by the Court's Scheduling Order.

## BACKGROUND

Plaintiff alleges that he received multiple telemarketing calls and text message calls to his telephone number, a residential, non-commercial number assigned to a cellular service and used for personal, household purposes. Plaintiff alleges that the calls were promotional and made to

---

[1] The Motion to Strike is a Local Rule 7(d)(3) 21-day motion. Accordingly, Defendant's motion should not have exceeded 4,200 words. Local Rule 7(e)(3), but it exceeds this limit by more than 800 words.

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page 1

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

sell the Defendant's bathtubs. Based on these allegations, Plaintiff brought this action on behalf of himself and three proposed classes. Defendant has moved to strike those class allegations. This response follows.

## **ARGUMENT**

**A. The Class Allegations Should be Addressed on a Full Record, not Determined Prior to any Discovery.**

As Judge Easterbrook wrote: "Class certification is normal in litigation under [the TCPA], because the main questions . . . are common to all recipients." *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013); *accord Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 656 (4th Cir. 2019) ("Given the remedial purpose of the TCPA, it is no surprise that its cause of action would be conducive to class-wide disposition.").

Striking class allegations before discovery is disfavored. *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013). "A decision to grant a motion to strike class allegations . . . is the functional equivalent of denying a motion to certify." *Bates v. Bankers Life & Casualty Co.*, 848 F.3d 1236, 1238 (9th Cir. 2017). Courts therefore generally decline to strike class allegations on the pleadings because the Rule 23 record is undeveloped. *See Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011); *Meyer v. Nat'l Tenant Network, Inc.*, 10 F. Supp. 3d 1096, 1104 (N.D. Cal. 2014).

Significantly, because "the TCPA is 'a consumer protection statute which is remedial in nature,' this Court must interpret the statute broadly" and certainly not allow it to be turned on its head and weaponized against consumers." *Heard v. Nationstar Mortg. LLC*, No. 16-cv-00694-MHH, 2018 WL 4028116, at *5 (N.D. Ala. Aug. 23, 2018). A class is not fail-safe if "[m]embership … can be determined without reaching any legal conclusions to determine whether someone is in the class, one simply needs to answer questions … determined by objective criteria."

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page 2

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

*Panacci v. A1 Solar Power, Inc.*, No. 15-cv-00532-JCS, 2015 WL 3750112, at \*8 (N.D. Cal. June 15, 2015). Contrary to what Defendant argues, to determine class membership in this case, the Court will ask the following objective, factual questions:

- Did Defendant place telemarketing calls?
- Did it place those calls on behalf of the co-defendant?
- Were those intended for individuals or businesses?
- Were those calls to numbers on the National Do Not Call Registry?
- Were those numbers assigned to a cellular telephone service in Washington?
- Does Defendant claim to have obtained consent to call them in the same manner Defendant claims to have obtained consent to call Plaintiff?

*See id*. at \*8-9 (denying similar motion). These issues are ordinarily addressed through calling records, lead sources, consent records, opt-out data, and Do-Not-Call scrubbing evidence. Whether that proof satisfies Rule 23 is an evidentiary question that requires discovery. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (cleaned up). Each of the speculative reasons by the Defendant to strike the class allegations prior to discovery fails.

### B. The Classes Are Not Overly Broad.

Before any discovery has taken place, Defendant claims that Plaintiff's class allegations should be stricken and that no court could ever certify a case under the TCPA's National Do Not Call Registry provision or the Identification provision because the determination of whether a number is residential would need to be made on a case-by-case basis. Luckily for consumers bombarded with unwanted telemarketing calls despite their numbers being registered on the National Do Not Call Registry, this is not the case as the majority of courts to address this issue at the pleadings stage, including this one, have found arguments like Defendant's argument to be premature at best. *Williams v. Pillpack LLC*, No. C19-5282 TSZ, 2021 WL 535215, at \*8 (W.D. Wash. Feb. 12, 2021) (granting class certification: "Defendant likewise maintains that Plaintiff has

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page 3

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

not proposed a reliable means of identifying residential phone numbers without individual inquiry. … Plaintiff's expert excluded from the list of proposed Class members 'all telephone numbers that were associated with any types of business and/or government' using LexisNexis data, and proposed other methods to 'cross-check the business identification process.' … Plaintiff's method reliably excludes non-residential numbers from the proposed Class list."); *Lopez v. Consumer Safety Tech., LLC*, No. 8:24-cv-150-WFJ-AAS, 2024 U.S. Dist. LEXIS 84873, at *14 (M.D. Fla. May 10, 2024) ("The instant matter is not before the Court on a Rule 23 motion to certify. Instead, Intoxalock brings a Rule 12(f) Motion to Strike at an early stage of proceedings, before discovery has taken place. Nothing in the Amended Complaint indicates that a large portion of the class members' telephone numbers are nonresidential"). As a result, the need to ultimately determine whether National Do Not Call Registry registered telephone numbers Defendant sent text messages to were residential or business numbers is not a basis to deny class certification at this or any other stage.

Defendant's argument that the TCPA Identification Class must be stricken because it is not limited to "residential telephone subscribers" is essentially identical to the argument Defendant advances against the National DNC Class, and it fails for the same reasons. The determination of whether a telephone number is residential is readily ascertainable through objective means, including commercial databases such as LexisNexis, and does not require individualized mini-trials. *Williams*, 2021 WL 535215, at *8 (W.D. Wash. Feb. 12, 2021); *Chinitz v. Intero Real Est. Servs.*, No. 18-CV-05623-BLF, 2020 WL 7391299, at *6 (N.D. Cal. July 22, 2020) (collecting cases for the proposition that an expert employed a reliable methodology to remove business numbers). What's more, "[t]he majority of courts to have considered this issue have concluded that factual questions related to personal use, as opposed to commercial use, do not prevent

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT NORTHWEST BATH SPECIALISTS, LLC'S MOTION TO STRIKE CLASS ALLEGATIONS
Page 4

certification of consumer protection class actions." *Braver v. Northstar Alarm Servs., LLC*, 329 F.R.D. 320, 329 (W.D. Okla. 2018). Indeed, as in *Braver*, in which the defendant sold residential alarm systems, here, the caller that refused to identify itself, Bath Planet, sells plastic bath tubs. That shows "quite clearly that defendants wanted to call residential telephone numbers" and moreover that Defendant obtained the Plaintiff's telephone number, it claims, from a website selling *home* improvements, and not a website geared toward businesses. *Id.* at 329-30.

Defendant's argument in this regard is strained, particularly as it does not sell its tubs to businesses. In any event, how does the FCC, the agency charged with implementing rules for Do Not Call Registry, define "residential subscriber" as opposed to "business subscriber?" Quite simply. As with any question of statutory interpretation, the court's inquiry "begins with the text." *Ross v. Blake*, 578 U.S. 632, 638 (2016). And, under the TCPA, a "residential subscriber refers to a subscriber to telephone exchange service that is not a business subscriber" and a business subscriber is a "subscriber to telephone exchange service for businesses." 47 C.F.R. § 64.2305. This language which excludes only one type of service–telephone exchange services for businesses–from the protections afforded by the DNC.

Thus, the only way of proving a number is *not* residential is by showing that the number is assigned to a telephone exchange service for business, a fact which is readily ascertainable from various commercial databases or third-party discovery to telephone carriers themselves, as this Court has recognized. *Williams*, 2021 WL 535215, at *8 (W.D. Wash. Feb. 12, 2021). Courts in this Circuit and others, have *certified* substantially similar class definitions, including those which include "residential" in their class definition. What's more, the FCC has adopted enhanced protective standards for cellular telephone numbers. To this end, the FCC has established a presumption that "wireless subscribers who ask to be put on the national do-not-

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page 5

call list *are residential subscribers*." *FCC Report and Order*, 18 FCC Rcd. 14014, 14039 (2003) (cleaned up) (emphasis added). This is so, *even if they also use such numbers partially for business purposes.* Indeed, the Fourth Circuit in *Krakauer v. Dish Network, L.L.C*, 925 F.3d 643, 657 (4th Cir. 2019), concluded the TCPA's language was clear and upheld certification of a class of cell phones on the Do Not Call Registry, which it held were, by virtue of their mere registration, *presumptively residential. See also Mantha v. Quotewizard.com, LLC*, 347 F.R.D. 376, 397 (D. Mass. 2024) (rejecting defendant's argument "determination of whether the proposed Class Members' telephone numbers are 'residential'…is too individualized of an inquiry to permit a finding of predominance[,]" because "numbers on the NDNCR benefit from the 'presumption that [their] cellular phone number constitutes a "residential telephone subscriber[.]"). Furthermore, discovery can address the residential nature of telephone numbers that are at issue. *Id.* at 389 ("Of course, QuoteWizard itself is the source of the original list of numbers, and the fact that it was aiming its telemarketing campaign at consumers tends to suggest the original list is comprised of residential numbers) ; *see also Chinitz,* 2020 WL 7391299, at *6 (N.D. Cal. July 22, 2020) (rejecting challenge to expert witnesses' use of LexisNexis to remove business numbers).

The cases Defendant cites do not support a different conclusion. For example, *Payne v. Sieva Networks, Inc.,* 347 F.R.D. 224, 227 (N.D. Cal. July 29, 2024), arose from text messages directed to owners of trucking businesses who had used their telephone numbers to register their trucking business with the Department of Transportation—including the plaintiff. In granting the defendant's motion to strike, the court relied on undisputed evidence that the defendant "target[ed] trucking businesses that ha[d] registered with the USDOT" and the plaintiff failed to provide any proof that any telephone number text messages "including what he contend[ed] [was] his personal

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page 6

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

cell phone number—[were] registered with the USDOT for any non-business purpose." *Id*. That is not the case here, where Defendant targeted consumers.

Furthermore, in *Payne* the court acknowledged that other circumstances certification of classes under the TCPA's National Do Not Call Registry is appropriate, like when the communications are directed towards consumers—like here—in which case expert testimony and databases like Lexis-Nexis could be used to determine whether numbers were residential. *Payne,* 347 F.R.D. at 227; *Jackson v. Athena Bitcoin, Inc.*, No. 4:24CV331-MW/MJF, 2025 WL 2237453, at *6–7 (N.D. Fla. June 18, 2025) (rejecting residential subscriber overbreadth argument and noting that an expert can "reliably exclude[] business phone numbers."). Here, Defendants targets consumers for consumer purchases, Plaintiff has never used his number in connection with a business, and there is no evidence that any other putative class member did either. Accordingly, based on the court's analysis in *Payne*, Defendant's premature and otherwise unsupported motion to strike Plaintiff's class allegations should be denied. If the mere theoretical possibility that some class members' numbers might be non-residential were sufficient to strike class allegations, no TCPA class action under the Do Not Call Registry or the identification provisions of the TCPA could ever proceed past the pleadings. Courts have consistently rejected this argument.

**C. There is no Requirement in the TCPA that Individuals Personally Register their Telephone Number on the Do Not Call Registry to have a Claim.**

The provisions of the TCPA do not require that one *personally register* their number on the Do Not Call Registry because that fact would be *impossible to prove*, as the FTC is neither authorized to nor collects such information. For that matter, such a holding would also run afoul of the 2003 TCPA Order establishing the Registry, which explicitly noted that "the only consumer information telemarketers and sellers will receive from the national registry is the registrant's telephone number. *This is the minimum amount of information that can be provided*

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page 7

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

to implement the national registry." *In re Rules* ("2003 TCPA Order"), CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14037 (emphasis added). Registering a telephone number on the Registry does not require the provision of any personally identifiable information. Thus, as an initial matter, the government is *not even authorized* to collect the information the Defendant claims the Plaintiff is required to prove as a legal matter, and as a result, cannot be a basis to strike class allegations prior to any discovery because this is not a claim requirement.

Relying on *Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at *2 (N.D. Iowa June 9, 2022), the Defendant misstates the applicable law. The FCC's regulations permit a "residential telephone subscriber" to register "his or her telephone number" on the Registry. 47 C.F.R. § 64.1200(c)(2). Once a telephone number is registered on the Registry, the "registrations must be honored indefinitely, or until the registration is cancelled by the consumer of the telephone number is removed by the database administrator." *Id*. *Rombough* purports to require some TCPA plaintiffs to do the impossible–personally *re*register a number already on the Registry. It has been disagreed with by every other court to consider it and its premises. *See, e.g.*, *Klassen v. Solid Quote LLC*, No. 23-CV-00318-GPG-NRN, 2023 WL 7544185, at *4 (D. Colo. Nov. 14, 2023).

*Rombough* was most notably rejected in *Callier v. Am.-Amicable Life Ins. Co. of Texas,* No. EP-22-CV-00018-FM, 2022 WL 17732717, at *5 (W.D. Tex. Oct. 18, 2022), where the Western District of Texas called the argument underlying the *Rombough* decision one that "borders on the frivolous." The *Callier* Court is far from alone. *See e.g. Murch v. GPS Cap. Mkts., LLC,* 2025 U.S. Dist. LEXIS 169651, *38 (D. Or. June 6, 2025) ("After fully considering the TCPA's private right of action, the statutory scheme, and other language in the implementing regulation as discussed above, the Court declines to follow *Rombough*."). Indeed, three years

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page 8

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

after *Callier*, another federal court recently made forcefully clear how far of an outlier *Rombough* was in *Nichols v. eHealthInsurance Servs.*, 2025 U.S. Dist. LEXIS 37917, *8-9 (N.D. Ca., March 3, 2025). This Court should hold the same and not use this view of the law to strike the class definition.

**D. The Potential Prescence of an Affirmative Defense is not a Basis to Strike Class Allegations.**

Defendant's next argument focuses on two affirmative defenses of consent or established business relationship (of which they've produced no evidence to support) to assert that the action in its entirety is incapable of being maintained as a class action.

Defendant's standard is inconsistent with the law of consent in TCPA matters such as this one. Courts have held that TCPA consent issues are not problematic from a class certification perspective, particularly when there are potentially uniform issues with the offered consent evidence. *Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 972 (N.D. Cal. 2019); *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012); *Zyburo v. NCSPlus, Inc.*, 44 F. Supp. 3d 500, 504 (S.D.N.Y. 2014). Fortunately for consumers bombarded with illegal telemarketing calls, it is not enough for a telemarketer to allege consent, it must prove it. *True Health Chiropractic, Inc. v. McKesson Corp.,* 896 F.3d 923, 925 (9th Cir. 2018) (holding consent is an affirmative defense). What's more, merely mentioning that discovery will reveal that one has an affirmative defense to some class members' claims is insufficient to strike class allegations, as appellate courts have ruled in other TCPA cases. *Bridging Cmtys. Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1126 (6th Cir. 2016) (holding that "the mere mention of a defense is not enough to defeat the predominance requirement of Rule 23(b)(3)" and that "allowing such speculation to dictate the outcome of a class-certification decision would afford litigants in future cases wide latitude to inject frivolous issues to bolster or undermine a finding of

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page 9

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

predominance").

Plaintiff's class is not overbroad merely because of a purported defense of consent to some potential class members under the TCPA. Discovery is needed to understand that evidence. Even at the *class certification* stage, evidence of a defense as to some prospective class members does not render a class overbroad if the plaintiff demonstrates a means of ultimately excluding consumers that are subject to the defense from the class. *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 932 (9th Cir. 2018) (holding predominance was satisfied where "the record shows . . . little or no variation" in the forms used to obtain consent). Moreover, discovery can be used to identify which telephone numbers that were called had provided consent and any other class member identification issues. *See, e.g., Braver*, 329 F.R.D. at 329; *Hubble v. LoanDepot.Com, LLC*, 2025 U.S. Dist. LEXIS 186864, *8-9 (E.D. Mich. Sep. 23, 2025).

Nor is Plaintiff's class a "fail-safe" class. A fail-safe class is one that defines membership by reference to the ultimate merits of liability—for example, limiting the class to "those who received unlawful calls without consent." The Plaintiff did not include language about "prior express written consent" in the class definition, as other federal courts *have found that* to be an impermissible fail-safe class in TCPA cases. Nor does the determination of the consent issue necessitate thousands of individual mini-trials as the Defendant claims. The cases Defendant relies on, including *Jamison*, *Hicks*, and *Balthazor*, to argue that individualized consent issues *may* provide a basis to deny class certification were largely all decided on a full evidentiary record at class certification.

Defendant's reliance on *Barnes* and *Brown* is also misplaced. In *Barnes*, the plaintiff proposed a class consisting of essentially every person in the United States who had ever received

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

any telephone call from Coca-Cola. *See Barnes v. Coca-Cola Co.,* 2025 U.S. Dist. LEXIS 66248, at \*12–13 (E.D. Cal. Apr. 4, 2025). The Court struck that class because it attempted to sweep in virtually every call, but granted leave to amend. *Id*. Plaintiff's classes here are much narrower and are tied to specific alleged conduct: repeated telemarketing calls or texts within a twelve-month period, or commercial text messages sent during the class period. ECF No. 1 ¶ 78.

In *Brown,* the court first held that the plaintiff failed to plausibly allege that the defendant made the calls and then concluded the plaintiff had not shown she was even a member of her own proposed class. *See Brown v. Nano Hearing Tech Opco, LLC*, 2024 U.S. Dist. LEXIS 120371, at \*6–24 (S.D. Cal. July 9, 2024). That defect is not present here. Plaintiff alleges repeated calls and texts identifying "Bath Planet," and a franchise system through which Defendants generated, controlled, and benefited from them. ECF No. 1 ¶¶ 29–35, 41–55, 62. And, as in *Barnes*, the court in *Brown* granted leave to amend. *Brown*, 2024 U.S. Dist. LEXIS 120371, at \*24.

Defendant's consent argument is premature because it depends on speculation about defenses and evidence that may or may not exist and that, if it does exist, may or may not present individualized issues. Nothing on the face of the Complaint establishes that consent must be resolved through person-by-person mini-trials, or that Defendant's asserted affirmative defenses render the proposed classes incapable of certification. At this stage, the Court does not know, because no class discovery has occurred. That is precisely why courts have repeatedly held that speculation about possible consent by some putative class members is not a basis to strike TCPA class allegations on the pleadings. *See Ott v. Mortg. Inv'rs Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046, 1065, 1067 (D. Or. 2014) ("Since the face of the [] Complaint does not reveal that [defendant] had express consent before it called cell phones, [defendant]'s speculation . . .  is not

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page 11

sufficient to strike that class action allegation . . . . This is not a matter that can be resolved from the face of the [] Complaint.").

### E. The Court Need Not Review Each Message To Determine if it Was "Telemarketing"

Defendant also argues that the classes are impermissibly defined because class membership allegedly requires a merits determination as to whether each communication was a "telemarketing" call or text message. This argument fundamentally mischaracterizes both the class definition and the nature of the communications at issue. As an initial matter, the term "telemarketing" as used in the class definition is not a merits-based criterion requiring individualized adjudication. It is a *descriptive* term identifying the *type* of communication at issue, commercial calls promoting Defendants' goods and services. In the context of a uniform telemarketing campaign like the one alleged here, whether a communication constitutes "telemarketing" is a common question with a common answer. After all, Defendants claim that they relied on generated leads to sell bathtubs. 47 U.S.C. § 227(a)(4). The inquiry of whether or not a call was telemarketing involves a "measure of common sense," and is a legal question susceptible to common proof. *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012).

The determination of whether the communications at issue constitute "telemarketing" does not require reviewing each individual call recording; rather, it requires examining the *nature of the campaign itself*, which is alleged to have used substantially identical messages for a common commercial purpose. It is logical that if the messages shared a common source, they shared a common purpose. If the Court has concerns about the use of the word "telemarketing" in the class definition, the appropriate remedy is to refine the class definition at certification, not to strike them entirely before discovery. This issue is more appropriately addressed at class certification.

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page 12

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

**F. The Washington CEMA Class Should Not Be Stricken**

Defendant's first issue with the Washington CEMA class is that it does not exclude individuals who consented to receive text messages is identical in substance to Defendant's consent-based overbreadth argument against the National DNC Class. That argument fails for the same reasons it fails with respect to the DNC Class, and Plaintiff incorporates those arguments here The fact that consent may serve as a defense to a CEMA claim does not mean the class definition must affirmatively exclude individuals who consented. Just as with the TCPA, consent under CEMA is an affirmative defense, and the burden of proving such consent rests with the Defendant. And, like with the TCPA claims, the issue of whether or not any putative class member actually consented to receive commercial text messages under CEMA's consent standard is a uniform question that can be resolvable on a class basis once the basis for that defense is uncovered in discovery.

Relatedly, Defendant's commonality argument with respect to the CEMA Class mirrors its arguments against the other proposed classes and fails for the same reasons. Multiple common questions exist with respect to the CEMA Class. These include whether Defendants transmitted commercial text messages to Washington cellular telephone numbers; whether Defendants' consent-gathering procedures satisfied CEMA's "clearly and affirmatively consented in advance" standard, RCW 19.190.070(1)(b); and whether Defendants' telemarketing practices were uniform across the putative class. Each of these questions is capable of classwide resolution and generates common answers apt to drive the resolution of the litigation as required for a finding of commonality. Again, Defendant asserts that individualized inquiries into consent will be necessary for each class member. But, as discussed above, consent under CEMA is an affirmative defense for which Defendant bears the burden of proof. Merely invoking the possibility that the consent

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page 13

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

inquiry will be individualized, at the pleadings stage, does not defeat commonality, particularly as no evidence of class CEMA consent has been produced.

The CEMA Class is defined by a single, uniform course of conduct: Defendants' transmission of commercial text messages to Washington cellular telephone numbers in connection with their Bath Planet telemarketing campaign. This is the hallmark of commonality in consumer protection class actions. Whether Defendants sent commercial text messages to Washington residents without the requisite consent is determinable from Defendants' own records, their call logs, message logs, lead-generation records, and consent databases, without any need for individualized inquiries of class members.

## **CONCLUSION**

Striking the class allegations now would improperly short-circuit the litigation process, deny Plaintiff the opportunity to develop evidence directly relevant to Rule 23, and effectively resolve contested factual issues in Defendant's favor without discovery.   The motion ought be denied.

*[Counsel signatures to follow on next page.]*

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page 14

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

RESPECTFULLY SUBMITTED this 3rd day of April, 2026.

/s/ Samuel J. Strauss
Samuel J. Strauss (WSBA No. #46971)
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611
Telephone: (872) 263-1100 .
Facsimile: (872) 263-1109
sam@straussborrelli.com

Anthony I. Paronich (pro hac vice)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

Andrew Roman Perrong
**PERRONG LAW LLC**
2657 Mt. Carmel Avenue
Glenside, PA 19038
Telephone: 215-225-5529
Fax: 888-329-0305
A@perronglaw.com

*Counsel for Plaintiff and the Putative Class*

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page 15

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

## CERTIFICATE OF SERVICE

I, Samuel J. Strauss, hereby certify that on April 3, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 3rd day of April, 2026.

Respectfully submitted,

/s/ Samuel J. Strauss
Samuel J. Strauss (WSBA No. #46971)
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS
Page 16

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com