**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BCI ACRYLIC, LLC *d/b/a* BATH PLANET, and NORTHWEST BATH SPECIALISTS, LLC *d/b/a* BATH PLANET OF SEATTLE,<br><br>Defendants. | Case No. 2:25-cv-02032-RSM<br><br>Honorable Judge Ricardo S. Martinez |

**PLAINTIFF'S OPPOSITION TO DEFENDANT**
**<u>NORTHWEST BATH SPECIALISTS, LLC'S MOTION TO DISMISS</u>**

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page i

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

## TABLE OF CONTENTS

**Page(s)**

I.  INTRODUCTION ........................................................................................................ 1

II.  BACKGROUND.......................................................................................................... 2

III.  LEGAL STANDARD................................................................................................... 2

IV.  LAW AND ARGUMENT ............................................................................................ 3

    A.  The plain text of Section 64.1200(d)(4) applies to any call made for "telemarketing purposes," so it applies to the telemarketing calls here................... 3

    B.  *Tobias* is distinguishable and wrong........................................................................ 8

    C.  The historical context of § 64.1200(d) confirms it belongs as a regulation relating to telemarketing promulgated under § 227(c), not prerecorded calls promulgated under § 227(b) or (d).............................................................................. 11

    D.  Plaintiff does not plead himself out of court because Bath Planet Seattle did not identify itself. ...................................................................................................... 13

    E.  The Court should give the order granting leave to amend to rectify any deficiencies.................................................................................................................. 17

V.  CONCLUSION............................................................................................................. 17

CERTIFICATE OF SERVICE ................................................................................................ 19

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page ii

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

## **TABLE OF AUTHORITIES**

**Cases**                                                                            **Page(s)**

*Barton v. Am. Fam. Life Assurance Co. of Columbus*,
  2026 WL 177598 (W.D. Wash. 2026) ................................................................... 6, 7, 9

*Bilek v. Nat'l Cong. of Emps., Inc.*,
  470 F. Supp. 3d 857 (N.D. Ill. 2020) .................................................................. 6, 12

*Bowen v. Georgetown Univ. Hosp.*,
  488 U.S. 204 (1988)................................................................................................. 9

*Charvat v. NMP, LLC*,
  656 F.3d 440 (6th Cir. 2011) ...................................................................... 5, 10, 15

*Dobronski v. Selectquote Ins. Servs.*,
  773 F. Supp. 3d 373 (E.D. Mich. 2025)............................................................ 1, 9, 10

*Dobronski v. Tobias & Assocs., Inc.*,
  769 F. Supp. 3d 681 (E.D. Mich. 2025)................................................................... 8

*Gilligan v. Jamco Dev. Corp.*,
  108 F.3d 246 (9th Cir. 1997) ................................................................................. 2

*Laccinole v. Cova Home Realty LLC*,
  2026 WL 617312 (E.D. Va. Feb. 11, 2026)........................................................... 15

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008) ............................................................................... 2

*Matthews v. Mid City Cannabis Club, Inc.*,
  2021 WL 1567496 (C.D. Cal. Mar. 2, 2021)........................................................... 2

*Newell v. JR Cap., LLC*,
  791 F. Supp. 3d 571 (E.D. Pa. 2025) ................................................................. 1, 11

*Pariseau v. Built USA, LLC*,
  619 F. Supp. 3d 1203 (M.D. Fla. 2022)................................................................... 6

*Robison v. 7PN, LLC*,
  569 F. Supp. 3d 1175 (D. Utah 2021)............................................................. *passim*

*Salisbury v. City of Santa Monica*,
  998 F.3d 852 (9th Cir. 2021) ................................................................................. 5

*Van Baalen v. Mut. of Omaha Ins. Co.*,
  729 F. Supp. 3d 1239 (D.N.M. 2024)...................................................................... 6

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page iii

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

**Administrative Decisions**

*GM Financial Waiver Order,*
  34 F.C.C. Rcd. 11193 (2019) .......................................................................................... 16

*National Grid Waiver Order,*
  30 F.C.C Rcd. 13276 (2015) .......................................................................................... 16

*In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991,*
  20 F.C.C. Rcd. 3788 (2005) .......................................................................................... 14

**Statutes**

47 U.S.C. § 227(b) ................................................................................................... 3, 10
47 U.S.C. § 227(c) ................................................................................................... *passim*
47 U.S.C. § 227(d). ................................................................................................. *passim*
47 U.S.C. § 227(e) ......................................................................................................... 10

**Regulations**

47 C.F.R. § 64.1200(b) ................................................................................................ 11
47 C.F.R. § 64.1200(d) ............................................................................................. *passim*
47 C.F.R. § 64.1200(e). ............................................................................................... 11
47 C.F.R. § 64.1200(f). .................................................................................................. 7
47 C.F.R. § 64.1601(e). ............................................................................................. 9, 10

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 2
Fed. R. Civ. P. 15(a)(2) ................................................................................................. 17

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

**Other Authorities**

Antonin Scalia & Bryan A. Garner (2012),
  *Reading Law: The Interpretation of Legal Texts* ........................................................ 3, 4

*Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991*,
  68 Fed. Reg. 44,144 ................................................................................................. 14

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

**INTRODUCTION**

Defendant asks this Court to accept a cramped and ahistorical reading of 47 C.F.R. § 64.1200(d)(4) that would excise the phrase "*or any* call for telemarketing purposes," from that regulation, relocating its identification rule from § 227(c) into another section of the TCPA entirely, and treat a generic reference to "Bath Planet" as conclusive compliance even though the Complaint alleges that the actual entity on whose behalf the calls were made was never adequately identified. The text, structure, history, and weight of authority all point the other way.

Defendant's motion is especially problematic because it depends on the same kind of misreading that courts have already begun correcting in adjacent TCPA disputes. The Eastern District of Michigan's later analysis in *Dobronski v. Selectquote Ins. Servs.*, 773 F. Supp. 3d 373 (E.D. Mich. 2025), and the cases following it, demonstrate why earlier minority decisions that tried to shoehorn privacy focused telemarketing regulations into § 227(d)'s technical bucket have become increasingly unstable. The same structural error infects the *Tobias* reading of § 64.1200(d)(4). As another court put it, addressing an attempt to shoehorn another one of the TCPA's regulations into Section 227(d)'s technical and procedural standards bucket, that argument "misunderstands the structure of the statute." *Newell v. JR Cap., LLC*, 791 F. Supp. 3d 571, 579 (E.D. Pa. 2025). Defendant's argument does the same.

The motion should be denied for at least four independent reasons. *First*, the explicit text of § 64.1200(d)(4) reaches "*any* call for telemarketing purposes," not merely artificial or prerecorded voice calls. *Second*, that regulation sits comfortably within the company-specific do-not-call regime promulgated under 47 U.S.C. § 227(c), so a private right of action exists under § 227(c)(5). *Third*, *Tobias* repeats the same structural and historical mistakes that other Courts, including the Eastern District of Michigan itself, have increasingly held to be untenable. *Fourth,*

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 1

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

even apart from the threshold scope question, Plaintiff did not plead himself out of court merely by alleging that the caller referenced "Bath Planet" and gave a callback number, because the regulation requires disclosure of the *actual person or entity* on whose behalf the call was made (i.e. Bath Planet Seattle), not just a vague consumer-facing nationalized brand.

## BACKGROUND

Plaintiff alleges that he received multiple telemarketing calls and text message calls to his telephone number, a residential, non-commercial number assigned to a cellular service and used for personal, household purposes. Plaintiff alleges that the calls were promotional and made to sell the Defendant's bathtubs from an individual who identified herself as "Melissa with Bath Planet," despite those calls apparently having been placed by moving Defendant, Bath Planet Seattle. Based on these allegations, Plaintiff brought this action on behalf of himself and three proposed classes and three causes of action. Defendant has moved to dismiss the second of these, for violations of 47 C.F.R. § 64.1200(d)(4)'s company- and caller- specific identification requirements. This response follows.

## LEGAL STANDARD

"The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6)." *Matthews v. Mid City Cannabis Club, Inc.*, No. CV 20-07841 PA (JPRx), 2021 WL 1567496, at *2 (C.D. Cal. Mar. 2, 2021). Indeed as the Ninth Circuit noted, "[t]he Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). In assessing a Rule 12(b)(6) motion to dismiss, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 2

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

## LAW AND ARGUMENT

**A. The plain text of Section 64.1200(d)(4) applies to any call made for "telemarketing purposes," so it applies to the telemarketing calls here.**

As with any question of statutory construction, this Court begins with the regulation's actual text. Section 64.1200(d)(4) applies to "[a] person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section *or any call for telemarketing purposes*." 47 C.F.R. § 64.1200(d)(4) (emphasis added). The operative phrase for the instant case is not "any artificial or prerecorded-voice telephone call for telemarketing purposes." Rather, it is "an artificial or prerecorded-voice telephone call . . . *or* any call for telemarketing purposes." The word "or" does real work. It creates alternatives. It does not silently collapse the second clause back into the first.

Under the Conjunctive/Disjunctive Canon, "and joins a conjunctive list, or a disjunctive list." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, (2012). When the law lists alternatives with "or," satisfaction of either alternative suffices. *Id.* Put differently, the word "or" "creates alternatives," and [competent users of the language rarely hesitate over [or's] meaning." *Id.* Defendant's reading rewrites the provision by treating the second alternative, "any call for telemarketing purposes," as if it were merely a subordinate modifier of the first. That is not textualism. It fails to even pay lip service to textualism, treating it as an infinitely malleable pretext to achieve a policy objective that Bath Planet Seattle and other businesses find expedient. A reading that deprives the disjunctive of operative force is not textualism. It is textual revisionism.

The textual comparison makes the point sharper. Congress and the FCC know perfectly well how to draft narrower provisions tied only to artificial or prerecorded voice systems. Section 227(b) of the TCPA, for example, speaks in just those narrower technological terms,

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 3

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

"system[s]" using an "artificial or prerecorded voice." By contrast, § 64.1200(d) uses the far broader phrase "*any* call for telemarketing purposes." If the FCC intended to regulate only prerecorded telemarketing calls, it could easily have said "any prerecorded call for telemarketing purposes," or "any such artificial or prerecorded call made for telemarketing purposes." The FCC used neither of those formulations. It instead used the broader disjunctive structure now before this Court.

Defendant's motion devotes several pages to parsing the grammar of § 64.1200(d)(4), arguing that the phrase "artificial or prerecorded-voice telephone call" establishes the "operative subject" and that the remainder of the sentence merely modifies the circumstances under which such calls are made. That reading fails on its own terms.

First, Defendant's reading would render the phrase "or any call for telemarketing purposes" mere surplusage. Under the surplusage canon, a court should not read "or any call for telemarketing purposes" as dead weight. *See Reading Law* at 174 ("If possible, every word and every provision is to be given effect. . . . None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence."). That is precisely what Defendant's reading does. It neutralizes the word "or" and lumps "any call for telemarketing purposes" into the preceding alternative addressing prerecorded calls. That turns "telemarketing purposes" into a decorative redundancy rather than operative language. That reading cannot be squared with ordinary grammar, the surplusage canon, or the overarching structure of the regulation. Defendant invokes principles of textual interpretation, citing *Hibbs*, and its rule against surplusage. But *Hibbs* cuts against Defendant, not in its favor. It is Defendant's reading that renders key terms superfluous. Under Defendant's construction, the phrase "or any call for telemarketing purposes" adds nothing to the regulation. It becomes, at best, a type of subset of

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 4

the prerecorded voice category already encompassed within it, which is an interpretation that violates the very canon Defendant invokes.

The more natural reading, which gives effect to every word, is that § 64.1200(d)(4) applies when a caller makes either (1) an artificial or prerecorded-voice call pursuant to an exemption, or (2) any call (including an artificial or prerecorded-voice call) for telemarketing purposes. Both categories trigger the identification obligation independently.

Second, Defendant's reading strips operative force from the disjunctive phrase "or any call for telemarketing purposes." Even if "artificial or prerecorded-voice telephone call" were the "operative subject," the provision still separately reaches "any call for telemarketing purposes" because the disjunctive clause establishes an alternative basis for application. This does not "rewrite the provision" as Defendant claims; it is Defendant who rewrites it, not Plaintiff. Defendant rewrites the provision by adding an extra limitation, "any artificial or prerecorded-voice call for telemarketing purposes," to any "artificial or prerecorded-voice telephone call," that the FCC did not adopt. Defendant's reading does not merely interpret the word "or"; it steamrolls it. And once "or" is ignored, the phrase "any call for telemarketing purposes" becomes surplusage rather than operative text. The plain language canon requires courts to "apply the statute according to its terms." *Salisbury v. City of Santa Monica*, 998 F.3d 852, 858 (9th Cir. 2021). Those terms include the word "or."

The Sixth Circuit's decision in *Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011), explicitly and definitively forecloses the Defendant's argument. In *Charvat*, the Sixth Circuit stated, "Subsection (c) and its *accompanying regulations* in 47 C.F.R. § 64.1200(d) impose minimum procedures for maintaining a do-not-call list that *apply to all calls*—live or automated—initiated for telemarketing purposes to residential telephone subscribers." District

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 5

courts have consistently followed this reasoning. *See Bilek v. Nat'l Cong. of Emps., Inc.*, 470 F. Supp. 3d 857, 862 (N.D. Ill. 2020) ("the FCC promulgated section 64.1200(d) pursuant to section 227(c) . . . section 64.1200(d) applies to all telemarketing calls. Thus, Plaintiff has a private right of action for violations of section 64.1200(d) of the FCC's regulations and Defendants motion to dismiss Count II is denied."); *Robison v. 7PN, LLC*, 569 F. Supp. 3d 1175, 1184 (D. Utah 2021) (same); *Pariseau v. Built USA, LLC*, 619 F. Supp. 3d 1203, 1206 (M.D. Fla. 2022); *Van Baalen v. Mut. of Omaha Ins. Co.*, 729 F. Supp. 3d 1239, 1252 (D.N.M. 2024) (collecting cases and examining legislative history). Indeed, as Defendant is forced to concede, this Court recently decided the same issue in the Plaintiff's favor in *Barton v. Am. Fam. Life Assurance Co. of Columbus*, No. 3:25-CV-05671-TMC, 2026 WL 177598, at *6-*7 (W.D. Wash. Jan. 22, 2026) ("It also argues that § 64.1200(d)(4) applies only to prerecorded telephone calls. This is incorrect: the regulation applies to "a person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section *or any call for telemarketing purposes*." 47 C.F.R. § 1200(d)(4) (emphasis added).").

The structure of 47 C.F.R. § 64.1200(d) confirms this reading. Subsection (d) is not a robocall provision and barely addresses them as such. Rather, it is the company-specific do-not-call subsection. It requires telemarketers to maintain written *do-not-call* policies, train personnel on those policies, record internal do-not-call requests, identify themselves and the entity on whose behalf the call is made and maintain records. 47 C.F.R. § 64.1200(d)(1)–(6). That architecture makes sense only if it is read to govern telemarketing generally. The training of live personnel, the maintenance of written policies, and the recording of do-not-call requests have nothing to do with "technical and procedural standards" relating to fax machines and autodialers,

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 6

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

as required to have been promulgated under 47 U.S.C. § 227(d). These regulations impose requirements for *every* entity engaged in telemarketing, precisely the mainstay of 47 U.S.C. § 227(c), which requires regulations "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." Reading 47 C.F.R. § 64.1200(d) as a hidden subpart of § 227(d)'s narrow technical standards regime would turn the entire company-specific do-not-call apparatus into a dead letter for any telemarketer that uses live agents.

Defendant will likely point that *Barton* does not bind this court. That is true as far as it goes, since district court decisions are not controlling on other judges of the same Court. However, its plain language reading is correct because it appropriately acknowledges and addresses the use of the word "or" in the statute. For that matter, *Tobias* is even less persuasive, particularly because, as will be addressed, that case doesn't even acknowledge the use of the word "or" in the statute or reason why it ruled the way it did. The true question is which reading is correct applying well-established principles of textualism. And here, the majority of courts to have examined the text, structure, and history of § 64.1200(d)(4) have reached the same conclusion that *Barton* reached, while the minority line has failed to engage seriously with the regulatory text.

Moreover, the attendant structure of the subject provision also forecloses the Defendant's reading that "*any* call for telemarketing purposes" must modify "artificial or prerecorded-voice telephone call." The FCC defines a call for "telemarketing" purposes as "the initiation of a *telephone call or message* for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(13). That definition contains no limitation to any particular calling technology. It encompasses live calls, prerecorded calls, and text message calls alike. When the regulation applies its obligations to "any call for

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 7

telemarketing purposes," it draws on that deliberately broad definition, a definition that would serve no purpose if, as Defendant contends, the regulation already reached only "artificial or prerecorded-voice telephone calls."

The policy rationale confirms the textual reading. As *Robison* observed, limiting § 64.1200(d)(4) to prerecorded calls would allow telemarketers to evade the identification requirement simply by switching to live agents who refused to identify themselves "with no fear of legal reprisal." *Robison*, 569 F. Supp. 3d at 1184-85. The *Robison* Court went on to explain, quoting the FCC's implementing comments, that "Adequate identification information is vital so that consumers can determine the purpose of the call, possibly make a do-not-call request, and monitor compliance with the TCPA rules." *Id.* at 1185. A consumer who receives a live telemarketing call from an anonymous or generic caller has exactly the same need to know who is calling and on whose behalf as a consumer who receives a prerecorded call. The privacy interest is identical. The identification requirement serves that interest, regardless of the technology used to place the call.

### B. *Tobias* is distinguishable and wrong.

The *sole authority* that Defendant cites for the proposition that § 64.1200(d)(4) applies only to prerecorded calls is *Dobronski v. Tobias & Assocs., Inc.*, 769 F. Supp. 3d 681, 696 (E.D. Mich. 2025). There, all the Court had to say on the matter was that 'the TCPA requires a "person or entity making an artificial or prerecorded-voice telephone call ... for telemarketing purposes [to] provide the called party with the name of the individual caller,'" explicitly omitting the disjunctive "or" language present there. It then went on to conclude that, because a single call was not alleged to have involved "an artificial or prerecorded-voice telephone call," it was not actionable under that section. *Id.* The *Tobias* court conducted no further analysis.

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 8

Defendant attacks this Court's decision in *Barton* by claiming it "offered little analysis of the regulatory language and simply concluded—without explanation—that 47 C.F.R. § 64.1200(d)(4) applies to 'any call for telemarketing purposes.'" (MTD at 7). But whatever issues Defendant may have with *Barton*, which was decided in line with practically every other court to have considered the issue using commonsense principles of statutory interpretation, *Tobias* fails to do even that, reading the words "or any call for telemarketing purposes" right out of the statutory text without explanation.

*Tobias* does not emerge from a reasoned textual analysis of the current regulation at all. The procedural history of *Tobias* is itself telling. There, the court summarily affirmed the magistrate judge's recommendation without conducting the kind of searching textual and structural analysis that the question demands, and which Defendant concedes is necessary. In this respect, the Eastern District of Michigan later undertook precisely that analysis in *SelectQuote*, 773 F. Supp. 3d 373. Although *SelectQuote* concerned 47 C.F.R. § 64.1601(e), the TCPA's caller ID rule, its analysis proves enlightening as to why 47 C.F.R. § 64.1200(d) was promulgated as a privacy-focused regulation pursuant to 47 U.S.C. § 227(c).

As a codified federal regulation dealing with "any call for telemarketing purposes," that is, "telemarketing," § 64.1200(d) must have been promulgated under *some* part of the TCPA. "It is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). In this regard, only a handful of subsections of the TCPA allow for the promulgation of regulations:

· § 227(b)(2) authorizes the FCC to implement requirements that relate to the use of prerecorded voices and automatic telephone dialing systems;

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 9

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

· §227(c) authorizes the FCC to promulgate rules relating to the "need to protect residential telephone subscribers' privacy rights";

· §227(d)(1)–(3) allow regulations relating to technical and procedural standards related to fax machines, automatic telephone dialing systems, and "systems that are used to transmit any artificial or prerecorded voice message";

· §227(e)(3) provides for regulations relating to misleading or inaccurate caller ID; and

· §227(i) allows for the FCC to promulgate regulations to streamline information sharing with the FCC related to violations

As the Court observed in *SelectQuote*, 773 F. Supp. 3d at 376, all but §227(c) are quickly eliminated as not even remotely applicable to the statutory provision here. The statutory provision at issue here could not have been promulgated pursuant to Section 227(d), because that Section relates *only* to fax machines and automatic telephone dialing systems, not to telemarketing calls in general—and Section 227(b) is inapplicable for identical reasons. *Id.* Company-specific do not call rules and individual identification requirements also have nothing to do with a later-promulgated regulation in 227(e)(3) or information sharing with the FCC in 227(i). *See id.* The *SelectQuote* court explicitly noted that "it is clear in this circuit that § 227(c) creates rights of action for violations of some parts of TCPA regulations despite their lack of express linking language," citing the Sixth Circuit's own decision with respect to § 64.1200(d) in *Charvat*. *Id.* at 380.

This analogical point between § 64.1601(e) and § 64.1200(d)(4) deserves emphasis. Both regulations impose telemarketing-related identification obligations. Both apply to calls beyond just prerecorded or artificial voice technology. Both were promulgated as part of the FCC's broader framework for protecting subscriber privacy. If courts have already recognized that

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 10

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

technology-bound reasoning is structurally mistaken in the caller ID context because it misreads the statute's delegation and the FCC's privacy-focused rulemaking, then the same faulty reasoning should not be imported into § 64.1200(d)(4), which is even more obviously part of the company-specific do-not-call rules and regulations aimed at protecting subscriber privacy.

From their very text and context, the regulations at issue here "appl[y] to a broader range of telemarketing calls, including traditional manually dialed telemarketing calls," not merely to autodialed calls and faxes. *Newell*, 791 F. Supp. 3d at 579. It is, the court continued, "difficult to discern how [the regulation] could have been lawfully promulgated under § 227(d) without exceeding the FCC's delegated authority." *Id.* That observation applies with equal force to § 64.1200(d)(4). An independent textual analysis favors Plaintiff, not Defendant. The text, structure, history, and weight of authority all support reading § 64.1200(d)(4) as reaching any telemarketing call and as having been promulgated under 47 U.S.C. § 227(c), which deals with consumer privacy for telephone solicitations. *Tobias* reached the contrary result not because its analysis was more rigorous, but because it did not conduct the analysis at all.

**C. The historical context of § 64.1200(d) confirms it belongs as a regulation relating to telemarketing promulgated under § 227(c), not prerecorded calls promulgated under § 227(b) or (d).**

Defendant's position that § 64.1200(d) applies to prerecorded calls only depends on a historical mistake that, once corrected, removes much of its foundation. As *Robison* explained, the current § 64.1200(d) does not descend from the original § 64.1200(d), which tracked § 227(d)'s technical standards and now resides in substance at § 64.1200(b). The current § 64.1200(d) descends instead from the former company-specific do-not-call provisions, originally codified at § 64.1200(e), which the FCC renumbered in 2003, but promulgated in the early 1990s

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 11

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

pursuant to Congress' mandate in 47 U.S.C. § 227(c). *Robison*, 569 F. Supp. 3d at 1184; *see Bilek*, 470 F. Supp. 3d at 862.

The content of § 64.1200(d), as it is now appears, tracks § 227(c)'s concern with subscriber privacy rights and telemarketing procedures aimed at protecting those rights. The various subsections of § 64.1200(d) all confirm the same. For example, they require companies conducting telemarketing to create written internal do-not-call policies, record such requests, identify themselves, and retain records of compliance. All these apply equally to prerecorded telemarketing calls as they do to live ones. In fact, some of the regulations, such as training personnel, simply *do not neatly apply* to prerecorded calls, as it is impossible to train a robot.[1] When Congress or the FCC intends to confine an obligation to artificial or prerecorded voice systems, it says so explicitly. Sections 227(b) and (d) do exactly that. Other TCPA provisions do exactly that with respect to other requirements. But in § 64.1200(d)(4), the regulation says "or any call for telemarketing purposes." That broad phrase cannot be reduced to "any artificial or prerecorded-voice call for telemarketing purposes" without adding limiting words that are not in the text.

The foregoing textual and historical analysis makes this point straightforward. The text of 47 U.S.C. § 227(c) authorizes the FCC to promulgate regulations to protect telephone subscribers through enumerated methods and procedures, including company-specific do-not-call systems. 47 U.S.C. § 227(c)(1)(A), (E) ("including the use of . . . . special directory markings, industry-based or company-specific "do not call" systems, and any other alternatives, individually or in combination"). The current § 64.1200(d) fits this statutory authorization perfectly. Its content is

---

[1] That proposition is now open to question given the modern ability to train AI agents, which did not exist in 1991.

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 12

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

the substance of subscriber privacy protection, not technical transmission standards relating to prerecorded calls. And, as has been mentioned, Defendant's reading would also create a bizarre enforcement gap. If § 64.1200(d)(4) applied only to prerecorded calls, telemarketers could evade a core identification rule, as well as the company-specific do not call requirements, simply by switching to live agents. That is exactly the policy consequence the regulation was designed to prevent, and it underscores why the Defendant's reading does not fit either the text or the structure of the statute.

### D. Plaintiff does not plead himself out of court because Bath Planet Seattle did not identify itself.

Defendant alternatively argues that because the caller allegedly said she was "Melissa with Bath Planet" and provided a callback number, the Complaint itself establishes compliance with § 64.1200(d)(4). That argument asks the Court to draw inferences favorable to the defense and consider unpled, undeveloped evidence at the pleading stage, which is the opposite of the standard this Court must apply.

The regulation requires disclosure of "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." 47 C.F.R. § 64.1200(d)(4). Plaintiff alleges that the calls referenced "Bath Planet" generally while failing to identify whether the actual entity behind the calls was Bath Planet Seattle, Northwest Bath Specialists, LLC, or some other legally distinct entity. Plaintiff also alleges that "Melissa" did not provide her last name. These are not mere trifles but plain violations of the regulation's explicit text. The Regulation is designed to be granular by stopping the buck with an individual named telemarketer and the exact company they are calling from. This is necessary since a consumer, and any business conducting telemarketing, needs to be able to identify who is calling the recipient, including to check its own

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 13

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

records and retrain specific deficient individuals within an organization. Put differently, exact identification is the very purpose the regulation is designed to serve.

The leading case addressing entity identification under § 64.1200(d)(4) is *Robison*. 569 F. Supp. 3d at 1185. In *Robison*, the plaintiff received marketing text messages identifying the sender only by its DBA name, "7 Point Nutrition." The court held that a DBA or trade name alone did not satisfy the regulation and that the *legal name* of the business was required. *Id.* In this regard, the court relied on the FCC's own guidance, which provides that prerecorded messages may contain a d/b/a or alias, so long as the "legal name of the business is also stated." *Id.* (quoting *Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991*, 68 FR 44144-01). In a 2005 TCPA Reconsideration Order, the FCC declined to reconsider that requirement, reasoning that the use of d/b/a "alone in many instances may make it difficult to identify the company calling." *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 20 F.C.C. Rcd. 3788, 3805 (2005).

This is plainly the case here, where the Defendants hotly dispute among themselves who the physical caller was, how the calls were paid for, and the degree to which Bath Planet Seattle was also the seller whose goods and services were promoted on the call *vis a vis* its relationship with Bath Planet. "Bath Planet" is a nationalized brand, just like McDonald's, Coca Cola, or Roto Rooter. The moving Defendant is Northwest Bath Specialists, LLC d/b/a Bath Planet of Seattle, a legally distinct entity which Bath Planet has authorized to use the "Bath Planet" trademark in a regionalized territory. Section 64.1200(d)(4) does not require the caller to identify every possible affiliated company, and Defendant is right about that much. But Plaintiff is not asking for every affiliate. Plaintiff is asking for the *actual entity* on whose behalf the calls were made. Those are very different propositions. A rule requiring identification of the real seller or

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 14

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

sponsoring entity is fully consistent with the text and the FCC's consumer-protection rationale because it avoids the very problems the parties are now arguing about, particularly in Bath Planet's motion for judgment on the pleadings.

The FCC's own reasoning underscores this point. As the *Charvat* court explained, the failure to provide the entity name or contact information causes the injury of preventing the consumer from contacting the right entity to stop future calls. *Charvat*, 656 F.3d at 452. Here, it's unclear whom a prospective consumer would need to contact, and it's equally as clear that Bath Planet does not transmit company-specific do-not-call requests to its dealers like Bath Planet Seattle. "[A]dequate identification information is vital so that consumers can determine the purpose of the call, possibly make a do-not-call request, and monitor compliance with the TCPA rules." *Robison*, 569 F. Supp. 3d at 1185. If the caller uses only a broad brand name that does not identify the actual legal actor behind the campaign, as here, the called party cannot reliably direct a do-not-call request to the correct entity.

*Laccinole* is distinguishable. In *Laccinole*, the court found that the defendant had included "the appropriate identification information" because the caller identified himself by first and last name and his real business name with a telephone number in a text message after the Plaintiff received two calls in which he *did not speak to anyone*. No. 2:21CV507, 2026 WL 617312, at *13 (E.D. Va. Feb. 11, 2026). There are two critical differences there. First, the Plaintiff was not even able to speak to someone, so there was no opportunity to trigger the identification requirements of § 64.1200(d). And even so, the caller identified himself by first and last name and a callback number, even though he was not required to do so. Here, by contrast, the Complaint alleges that a generic brand name was used in lieu of the actual legal entity's name. And whether "Bath Planet" adequately identifies Northwest Bath Specialists, LLC

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 15

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

is a factual question that cannot be resolved on the face of the pleading, since it requires an analysis of the relationship between the parties and the nature of their relationship that would permit or prevent the transmission of internal do not call requests from one entity to the other.

At most, Defendant raises a merits dispute about whether "Bath Planet" adequately identified the actual person or entity on whose behalf the calls were made. Dismissal is inappropriate where, as here, the complaint's allegations can be read to support the claimed violation. The FCC's limited waiver decisions further illustrate why a brand name is not presumptively adequate at the pleadings stage. In the *National Grid Waiver Order*, 30 FCC Rcd. 13276 (2015), and the *GM Financial Waiver Order,* 34 FCC Rcd. 11193 (2019), the Commission granted narrowly tailored waivers permitting specific companies to use *legally registered* DBA names that were *more* recognizable to consumers ("National Grid" and "GM Financial," respectively) instead of their legal names (various regional electric names and "AmeriCredit Financial Services," respectively). These waivers were explicitly justified on the ground that each DBA was formally registered with state authorities, that the legal name would itself *confuse* consumers, and that the DBA, not the legal entity, was commonly known as the calling entity. The FCC did not hold that brand names generally satisfy the regulation, particularly not in a distributor relationship as here. The Commission's willingness to grant individual waivers confirms that the default rule requires the legal entity name. "Bath Planet," a trademark licensor's consumer-facing trademark that does not identify the distributor making the calls, is a far cry from a registered DBA that has received an FCC waiver.

Although no federal court has squarely addressed whether a licensed brand name satisfies § 64.1200(d)(4) when the actual party making or commissioning the call is a licensor or franchisee of that name, the obvious fact remains that the licensee is a distinct legal entity from

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 16

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

the licensor whose brand is displayed. That would be akin to saying that Pierre Ford can discharge its obligation under § 64.1200(d)(4) by simply saying it is calling from "Ford." There are hundreds of Ford dealerships, like Bath Planet dealerships, across the country. Something more is required. At bottom, the regulatory text, the FCC's guidance, and the analogous case law all point toward the conclusion that the actual legal name of the calling or sponsoring entity must be disclosed. Where a licensee of a nationalized brand makes calls promoting its own local business, merely identifying the national brand without identifying the regionalized seller leaves the consumer without the ability to contact the actual entity whose telemarketing generated the call, or to effectively exercise do-not-call rights against that entity. That is precisely the harm that the regulation was designed to prevent.

**E. The Court should give the order granting leave to amend to rectify any deficiencies.**

If this Court were to hold Plaintiff's pleading inadequate in some regard, dismissal with prejudice would be inappropriate. Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff could readily amend to add further detail about the nature of the calls, the entity identification deficiency, the relationship between Bath Planet and Northwest Bath Specialists, and the consumer confusion caused by the generic brand reference. That is another reason the motion should be denied or, at minimum, denied without prejudice.

### CONCLUSION

Defendant's reading of § 64.1200(d)(4) fails textually because it neutralizes the word "or" and erases "any call for telemarketing purposes" from the regulation. It fails structurally because it attempts to relocate a company-specific do-not-call rule into the wrong statutory authority. It also fails historically. And it fails on the pleadings because "Melissa with Bath Planet" does not

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 17

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

necessarily identify the actual person or entity on whose behalf the calls were made. For these reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss.

RESPECTFULLY SUBMITTED this 9th day of April, 2026.

*/s/ Samuel J. Strauss*
Samuel J. Strauss (WSBA No. #46971)
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611
Telephone: (872) 263-1100 .
Facsimile: (872) 263-1109
sam@straussborrelli.com

*I certify this brief contains 5,268 words in compliance with Local Civil Rules.*

Andrew Roman Perrong *(pro hac vice)*
**PERRONG LAW LLC**
2657 Mt. Carmel Avenue
Glenside, PA 19038
Telephone: (215) 225-5529
Fax: (888) 329-0305
a@perronglaw.com

Anthony I. Paronich *(pro hac vice)*
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff and the Putative Class*

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 18

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

# CERTIFICATE OF SERVICE

I, Samuel J. Strauss, hereby certify that on April 9, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 9th day of April, 2026.

Respectfully submitted,

*/s/ Samuel J. Strauss*
Samuel J. Strauss (WSBA No. #46971)
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

PLAINTIFF'S OPPOSITION TO DEFENDANT
NORTHWEST BATH SPECIALISTS, LLC'S
MOTION TO DISMISS
Page 19