THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MARK HOFFMAN, individually and on behalf of all other similarly situated,

Plaintiff,

v.

BCI ACRYLIC LLC et al.,

Defendant(s).

Case No. 2:25-CV-02032-RSM

**DEFENDANT NORTHWEST BATH SPECIALISTS, LLC D/B/A BATH PLANET OF SEATTLE'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE CLASS ALLEGATIONS**

Defendant Northwest Bath Specialists, LLC d/b/a Bath Planet of Seattle ("Defendant"), hereby respectfully submits this Reply in support of its Motion to Strike Class Allegations (the "Motion").

## MEMORANDUM OF LAW

### I.    INTRODUCTION

Plaintiff Mark Hoffman's ("Plaintiff") Opposition fails to address the fundamental defects identified in Defendant's Motion. The National Do-Not-Call ("DNC"), Telephone Consumer Protection Act ("TCPA") Identification, and Washington Commercial Electronic Message Act ("CEMA") classes are facially overbroad and necessarily include individuals who lack viable claims under the TCPA and CEMA. As currently defined, they can never be certified. As such, the Court should strike Plaintiff's class allegations here and now.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

## II.   ARGUMENT

### A.   The Motion Is Not Premature.

Plaintiff first argues that the Motion is premature and "the Rule 23 record is underdeveloped." Opp. at 7-8. However, Ninth Circuit precedent counsels that errant class definitions should be removed at the earliest possible stage. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939-40 (9th Cir. 2009). Consistent with that principle, courts in this Circuit routinely grant motions to strike class allegations at the pleadings stage. *See Wysocki v. Zoom Techs. Inc.*, No. 3:22-CV-05453-DGE, 2024 WL 1139094, at *6 (W.D. Wash. Mar. 15, 2024) (striking class allegations at the pleadings stage); *Salaiz v. eHealthInsurance Servs., Inc.*, No. 22-CV-04835-BLF, 2023 WL 2622138, at *6 (N.D. Cal. Mar. 22, 2023) (same).

Whether or not a motion to strike is premature turns on whether the flaws in the class definition might be overcome in the discovery process. *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). Where such flaws may be addressed through discovery, class allegations should not be stricken. *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 615–16 (N.D. Cal. 2007). But where a class can never be certified, the class allegations should be stricken. *See Pepka v. Kohl's Dep't Stores, Inc.,* No. CV164293MWFFFMX, 2016 WL 8919460, at *4 (C.D. Cal. Dec. 21, 2016) (striking class allegations because "[t]he class cannot be certified given these issues, and because discovery would not cure this defect"). Thus, Plaintiff's suggestion that courts require discovery prior to ruling on certification is without merit.

### B.   Plaintiff Concedes His Classes Are Overbroad.

#### 1.   Plaintiff's National DNC and TCPA Identification Classes Improperly Include Non-Residential Telephone Subscribers.

To state a viable claim under the TCPA's DNC provisions, a plaintiff must be a residential telephone subscriber. *See Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1223 (9th Cir. 2022) (stating a plaintiff must be a residential telephone subscriber to have a

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

cause of action). Plaintiff's National DNC and TCPA Identification classes, however, are not so limited. *See* Compl., at ¶ 78.

Plaintiff attempts to sidestep this deficiency by asserting that a "majority of courts to address this issue at the pleadings stage" have found this argument premature. Opp. at 8. But Plaintiff's authority does not support such a proposition. *Williams v. Pillpack LLC*, No. C19-5282 TSZ, 2021 WL 535215, at *8 (W.D. Wash. Feb. 12, 2021) was not decided at the pleading stage, and *Lopez v. Consumer Safety Tech., LLC*, No. 8:24-CV-150-WFJ-AAS, 2024 WL 2111876, at *5 (M.D. Fla. May 10, 2024) is an out-of-circuit case and is not binding. *See Stairmaster Sports/Med. Prods., Inc. v. Pac. Fitness Corp.*, 916 F. Supp. 1049, 1056 (W.D. Wash. 1994), aff'd, 78 F.3d 602 (Fed. Cir. 1996) ("This Court, however, is not bound by the decision of another district court").

Plaintiff's predominance argument similarly misses the mark. *See* Opp. at 9. Whether residential status is ultimately provable on a classwide basis is irrelevant, whereas here, the class is not tethered to a viable claim in the first instance. And in any event, determining whether a number qualifies as "residential" is a fact-intensive inquiry. *See Chennette*, 50 F.4th at 1223 ("determining whether any particular wireless subscriber is a 'residential subscriber' may be more fact-intensive"). By failing to limit the class accordingly, Plaintiff includes individuals outside the TCPA's DNC protections. *See Danner v. Leading Healthcare Sols., Inc.*, No. 2:22-CV-11498, 2023 WL 12233477, at *2 (E.D. Mich. July 17, 2023) (striking the plaintiff's classes because they "go beyond the limits of § 64.1200(c)-(d)" since they were not limited "residential [telephone subscribers] as required by the statute).

Lastly, Plaintiff's reliance on the Federal Communications Commission's ("FCC") presumption that subscribers on the DNC are residential is misplaced. *See* Opp. at 10-11 (citing *FCC Report and Order*, 18 FCC Rcd. 14014, 14039 (2003) (cleaned up)). The Supreme Court has clarified that there is no "absolute-deference rule" for the FCC's rulemaking. *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 168

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

(2025). Following *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), courts are no longer bound by Chevron deference and must "exercise independent judgment" when interpreting statutes. *Loper Bright*, 603 U.S. at 412; *McLaughlin*, 606 U.S. 146, at 168. To the extent Plaintiff's authorities rely on deference to the FCC's interpretation, they are unpersuasive. *See* Opp. at 11 (citing *Krakauer v. Dish Network, L.L.C,* 925 F.3d 643, 657 (4th Cir. 2019)*; Mantha v. Quotewizard.com,* LLC, 347 F.R.D. 376, 397 (D. Mass. 2024)).

At bottom, Plaintiff concedes his National DNC and TCPA Identification classes are overbroad. They should be stricken.

### 2.    Plaintiff Ignores the Plain Language of the Statute that Requires Personal Registration on the National DNC Registry.

In the Motion, Defendant argues that Plaintiff's DNC Class is overbroad because the class necessarily includes individuals who did not *personally* register their phone numbers on the DNC Registry. Mot. at 7. Plaintiff responds that no such requirement exists, but he misreads the statute. *See* Opp. at 12.

The TCPA and its implementing regulations protect only numbers that are personally registered on the National DNC Registry at the time of the call. *See* 47 C.F.R. § 64.1200(c); 2003 TCPA Order, 18 FCC Rcd. 14014, 14037. Courts have enforced this requirement. *See Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at *5 (N.D. Iowa June 9, 2022) (dismissing case with prejudice where the plaintiff failed to allege that she registered her telephone on the DNCR). That the government may not collect personally identifiable information does not eliminate the need for class members to have complied with this requirement.

*Rombough* was properly decided. The language of the applicable statute is clear and unambiguous. *See Rombough*, 2022 WL 2713278, at *2 (stating Section 64.1200(c) is unambiguous). While Defendant respects that courts may not desire to apply a narrowly-worded provision that seemingly allows unwanted calls to be made without punishment, the task of this Court is to apply the law as written. *See United States v. Ron Pair Enterprises,*

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE CLASS ACTION
Case No. 2:25-CV-02032-RSM
4

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
(949) 350-5612

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

*Inc.*, 489 U.S. 235, 241 (1989) (Where "the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'") (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). Where the words used are unambiguous, no further analysis of intent or impact is necessary or appropriate. *See Animal Legal Def. Fund v. United States Dep't of Agric.,* 933 F.3d 1088 (9th Cir. 2019) ("If the language has a plain meaning or is unambiguous, the statutory interpretation inquiry ends there."). As such, Plaintiff's National DNC class should be stricken.

### C. **Plaintiff is Mistaken that Consent and an EBR are Affirmative Defenses for the National DNC Class and CEMA Class**.

Plaintiff contends that consent and an EBR are affirmative defenses that need not be addressed in his class definitions. Opp. at 14-16. That argument is incorrect.

First, Plaintiff is wrong that consent and EBR are affirmative defenses with respect to his DNC claim. To properly state a DNC claim, Plaintiff must prove that a "telephone solicitation" took place. *See Perrong v. Bradford*, No. 2:23-CV-00510-JDW, 2023 WL 6119281, at *4 (E.D. Pa. Sept. 18, 2023) ("To violate [47 C.F.R. § 64.1200(c)(2)], a call must be a 'telephone solicitation'"). A "telephone" solicitation is specifically defined as a call made without consent and without an EBR. 47 C.F.R § 64.1200(f)(15)(i), (ii). So, Plaintiff must definitively prove that a call was made without consent or an EBR before that call can qualify as a telephone solicitation subject to the TCPA.

Second, Plaintiff is wrong that the Court cannot strike a class for failing to account for an affirmative defense. As *Gene & Gene* demonstrates, consent is the critical issue in TCPA cases, and courts must not certify TCPA cases without a clear path forward to prove consent on general class-wide proof. *Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318, 329 (5th Cir. 2008). True, the case is at the pleadings stage, but the Complaint's inclusion of classes that make no accounting for consent or EBR whatsoever demonstrates that such classes are facially overly broad and lack commonality. Plaintiff has provided no allegations to the effect that no one receiving messages could possibly have consented.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

And in the absence of such allegations, Defendant should not be subjected to wide-ranging discovery on class members who could never conceivably be part of the classes. As such, Plaintiff's National DNC and CEMA classes must be stricken.

### D.  Plaintiff's Fails to Demonstrate that his TCPA Identification Class is Not Impermissibly Merits-Based.

A class must be defined based upon clear and objective criteria. *See Wilcox v. Swapp,* 330 F.R.D. 584, 595 (E.D. Wash. 2019) ("the determining factor in creating a clear and definite class definition is whether class members are determined with 'an objective criterion.'"). Plaintiff's TCPA Identification class, however, is not so defined. *See* Mot., at 7-9. More specifically, to determine who is in the class, the Court would need to review each call recording and/or message made to each class member to determine whether the message was "telemarketing".

Plaintiff contends that "'telemarketing' as used in the class definition is not a merits-based criterion" but "a *descriptive* term identifying the *type* of communication at issue, commercial calls promoting Defendants' goods and services." Opp. at 17 (emphasis in original). However, whether a particular communication constitutes "telemarketing" under the TCPA is not self-evident from the message alone. Courts routinely recognize that the determination depends on the content, purpose, and context of each communication, which requires individualized analysis. *See An Phan v. Agoda Co. Pte. Ltd.,* 351 F. Supp. 3d 1257, 1265 (N.D. Cal. 2018), aff'd sub nom.*, 798 F. App'x 157 (9th Cir. 2020) (looking at the context and the content of the messages to determine whether the text messages were telemarketing).

Plaintiff further asserts that "[t]he determination of whether the communications at issue constitute 'telemarketing' does not require reviewing each individual call recording; rather, it requires examining the nature of the campaign itself, which is alleged to have used substantially identical messages for a common commercial purpose." But not only is that argument speculative, but Plaintiff's TCPA Identification class is not limited to a

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

specific campaign. As the TCPA Identification class is currently defined, it encompasses *all* individuals who received "telemarketing" calls, regardless of the campaign the messages originated from. Thus, determining class membership would require reviewing each individual communication to assess whether it qualifies as "telemarketing." As a result, Plaintiff's TCPA Identification class is based on merits criteria and should be stricken.

### E. Plaintiff's CEMA Class Lack Commonality.

Rule 23(a)(2) mandates that there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).[1]

Plaintiff asserts that her CEMA class meets this standard because there are purported "common questions" that exist, including "whether Defendants transmitted commercial text messages to Washington cellular telephone numbers; whether Defendants' consent-gathering procedures satisfied CEMA's "clearly and affirmatively consented in advance" standard, RCW 19.190.070(1)(b); and whether Defendants' telemarketing practices were uniform across the putative class." Opp. at 18.

But Plaintiff is wrong. Each of these so-called "common questions" is inherently individualized and does not satisfy the requirement that class-wide issues be capable of resolution "in one stroke" for all members. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011). Determining whether a particular class member validly consented under CEMA requires examining the specific circumstances surrounding that individual's interaction with Defendant (i.e., how consent was obtained). Likewise, proving that a commercial message was "transmitted" to a particular number is a fact-intensive inquiry that cannot be generalized across the class. *See Hirsch v. USHealth Advisors, LLC*, 337

---

[1] Defendant also argued that Plaintiff's National DNC and TCPA Identification classes lack commonality. *See* Mot. at 10-11. Plaintiff fails to address these arguments. Thus, he concedes them. *See Khalif v. City of Belvedere,* No. 4:22-CV-04097-YGR, 2023 WL 4143266, at *3 (N.D. Cal. May 31, 2023), aff'd, No. 23-15919, 2024 WL 4144418 (9th Cir. Sept. 11, 2024) ("Failure to address an argument raised in a motion is generally understood as a concession.") (citing *Reyes v. Wells Fargo Bank,* No. EDCV 17-909-JFW(KKX), 2017 WL 11568871, at *4 (C.D. Cal. Aug. 17, 2017)).

F.R.D. 118, 131 (N.D. Tex. 2020) (finding whether calls were made to a number "is not susceptible to generalized proof. The inquiry is fact intensive."). As a result, there is no method to adjudicate all claims "in one stroke." Accordingly, Plaintiff's CEMA class must be stricken.

## III.   **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion to Strike Class Allegations.

Dated: April 9, 2026

TROUTMAN AMIN, LLP

Eric J. Troutman (*Pro Hac Vice*)
Puja Amin (*Pro Hac Vice*)
Brittany A. Andres (*Pro Hac Vice*)
400 Spectrum Center Drive
Suite 1450
Irvine, CA 92618
troutman@troutmanamin.com
amin@troutmanamin.com
brittany@troutmanamin.com
Tel: (949) 350-5612

PACIFIC NORTHWEST FAMILY LAW

By: */s/ David M. Rose*
David M. Rose (WSBA # 32849)
dmr@pnwfamilylaw.com
216 S. Palouse Street
Walla Walla, Washington 99362
Telephone: (509) 288-4806

*Attorneys for Defendant Northwest Bath Specialist, LLC d/b/a Bath Planet of Seattle*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7(e)(6), we certify that this memorandum contains 2,096 words, in compliance with Local Civil Rule 7(e)(3).[2]

Dated: April 9, 2026                                          /s/ *Brittany A. Andres*
                                                             Brittany A. Andres

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing *Defendant Northwest Bath Specialists, LLC d/b/a Bath Planet of Seattle's Reply in Support of its Motion to Strike Class Allegations* was served upon all counsel of record via the Court's CM/ECF systems on the 9th day of April, 2026.

                                                             /s/ *Brittany A. Andres*
                                                             Brittany A. Andres

---

[2] Plaintiff failed to include a certificate of compliance in Plaintiff's Opposition as required by Local Rule 7(e)(6). *See* ECF No. 66. Furthermore, an opposition to a Local Rule 7(d)(3) motion may not exceed 4,200 words, but Plaintiff's opposition exceeds this limit by more than 280 words.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com