THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MARK HOFFMAN, individually and on behalf of all other similarly situated,

Plaintiff,

v.

BCI ACRYLIC LLC et al.,

Defendant(s).

Case No. 2:25-CV-02032-RSM

**DEFENDANT NORTHWEST BATH SPECIALISTS, LLC D/B/A BATH PLANET OF SEATTLE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

Defendant Northwest Bath Specialists, LLC d/b/a Bath Planet of Seattle ("Defendant"), hereby respectfully submits this Reply in support of its Motion to Dismiss Count II of Plaintiff Mark Hoffman's ("Plaintiff") Complaint (the "Motion").

**MEMORANDUM OF LAW**

**I.    INTRODUCTION**

Plaintiff's Opposition (ECF. No. 69) fails to address the fundamental defects identified in Defendant's Motion. Count II of the Complaint purports to assert a violation of the Telephone Consumer Protection Act's ("TCPA") identification provision, 47 C.F.R. § 64.1200(d)(4), but Plaintiff's allegations do not satisfy the basic elements of such a claim.

First, Plaintiff does not allege facts showing that he received an "artificial or prerecorded-voice telephone call," which is a threshold requirement of Section 64.1200(d)(4). Instead of pleading this required fact, Plaintiff attempts to rewrite the

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

regulation, arguing that it applies to "any call for telemarketing purposes." That reading, however, is incompatible with the plain text. The provision expressly applies to "a person or entity making an artificial or prerecorded-voice telephone call," and the subsequent phrase "or any call for telemarketing purposes" operates within that defined category, not as a free-standing expansion to all telemarketing calls. Plaintiff's interpretation disregards the regulation's grammatical structure, violates settled interpretive canons, and would render the limiting language superfluous.

Second, even if Plaintiff's allegations are accepted as true, the Complaint affirmatively pleads compliance with the regulation. Plaintiff alleges that the caller identified herself as "Melissa with Bath Planet" and provided a callback number. That is precisely what Section 64.1200(d)(4) requires: identification of the individual caller, the entity on whose behalf the call is made, and a means of contact. Plaintiff's attempt to recast those allegations as insufficient impermissibly adds requirements that are not found in the text of the regulation.

Because the Complaint fails to allege receipt of an artificial of prerecorded-voice telephone call and, in any event, establishes on its face that the identification requirements were satisfied, Plaintiff has pled himself out of court. Accordingly, Count II should be dismissed for failure to state a claim.

II.    **ARGUMENT**

   A.    **Plaintiff's Reading of 47 C.F.R. § 64.1200(d)(4) Improperly Expands the Statute Beyond its Plain Text.**

47 C.F.R. § 64.1200(d)(4) provides that "[a] person or entity making **an artificial or prerecorded-voice telephone call** pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." 47 C.F.R. § 64.1200(d)(4) (emphasis added). Properly

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

construed, this provision applies only to artificial or prerecorded-voice telephone calls. *See Dobronski v. Tobias & Assocs., Inc.,* 769 F. Supp. 3d 681 (E.D. Mich. 2025) (dismissing the plaintiff's 47 C.F.R. § 64.1200(d)(4) claim for failing to allege receipt of an artificial or prerecorded-voice telephone call). The operative phrase—"[a] person or entity making an artificial or prerecorded-voice telephone call"—establishes the universe of conduct regulated by the provision. What follows is a description of qualifying circumstances within that defined category of calls, not an expansion beyond it.

Rather than adhere to the plain language of the statute, Plaintiff contends that 47 C.F.R. § 64.1200(d)(4) applies to both "artificial or prerecorded-voice telephone call[s]" *and* "any call for telemarketing purposes." *See* Opp. at 8. According to Plaintiff, the use of the term "or" in the statute, creates "alternatives" and "satisfaction of either alternative" is sufficient. *Id.* But Plaintiff's reading of the statute ignores the grammatical structure of the regulation and violates settled principles of interpretation.

First, the phrase "making an artificial or prerecorded-voice telephone call" functions as a limiting modifier that governs the entire clause. *See DJL AZ Invs. LLC v. Chicago Title Ins. Co.,* No. CV-22-08030-PCT-SPL, 2024 WL 1829256, at *3 (D. Ariz. Mar. 13, 2024), reconsideration denied, No. CV-22-08030-PHX-SPL, 2024 WL 3085759 (D. Ariz. June 5, 2024) ("Under the series-qualifier canon of statutory interpretation, a pre-positive modifier modifies all items that follow in a series" where "the items in the series have a 'straightforward, parallel construction.'") (quoting Black's Law Dictionary 1574 (Bryan A. Garner ed., 10th ed. 2009)); *see also Facebook, Inc. v. Duguid*, 592 U.S. 395, 402-03 (2021) (citing Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 148 (2012)). The subsequent language—"pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes"—is best read as a single, integrated series describing alternative types of such calls, not as creating a second, free-standing category of calls untethered from the initial limitation. *See Facebook, Inc.*, 592 U.S. at 403 (declining to apply the "rule of the last antecedent" where

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

a modifier follows a "concise, integrated clause" connected by "or," and explaining that it would be "odd" to apply the modifier to only part of the cohesive clause). In other words, the disjunctive "or" separates subcategories within the same class of regulated calls, rather than expanding the rule to encompass all telemarketing calls, including live calls. *See Facebook, Inc.*, 592 U.S. at 403; *United States v. Smeathers*, 884 F.2d 363, 364 (8th Cir. 1989) (holding that normally, word "or" connotes disjunction, but this rule of construction yields when "a disjunctive reading would frustrate a clear statement of legislative intent.").

Second, under the series-qualifier canon, a modifier at the beginning of a provision applies to each element in a parallel series unless a contrary intent appears. *See Facebook, Inc.*, 592 U.S. at 402–03 (applying the series-qualifier canon to a parallel construction and recognizing that a modifier "normally applies across the series"); *Paroline v. United States,* 572 U.S. 434, 447 (2014) ("When several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all."). Here, nothing in the text indicates that the phrase "any call for telemarketing purposes" was intended to break free from the initial limitation to artificial or prerecorded calls. Had the drafters intended such a sweeping expansion, they could have easily repeated the subject (e.g., "or any person or entity making any call for telemarketing purposes") or otherwise signaled a shift in scope. *See McDonald v. Donofrio,* No. 221CV01892GMNEJY, 2023 WL 5275183, at *3 (D. Nev. Aug. 15, 2023) ("If the rule drafters intended to limit the rule…they would have done so."). They did not.

Third, Plaintiff's interpretation renders the opening limitation superfluous. If 47 C.F.R. § 64.1200(d)(4) truly applied to all telemarketing calls as Plaintiff suggests, regardless of whether they are artificial or prerecorded, then the careful specification of "artificial or prerecorded-voice telephone call[s]" would serve no meaningful purpose. Courts avoid constructions that render statutory language redundant or meaningless. *See Davis v. Oasis Legal Fin. Operating Co., LLC*, 936 F.3d 1174, 1180 (11th Cir. 2019)

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
Case No. 2:25-CV-02032-RSM
4

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
(949) 350-5612

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

(holding that the court "disfavors interpretations that render statutory language meaningless, redundant, or mere surplusage.").

Defendant's reading does not render "or any call for telemarketing purposes" meaningless; it gives that language a distinct and operative role by identifying an additional subset of the already-defined category of artificial or prerecorded calls—namely, those made for telemarketing purposes, as opposed to those made pursuant to the listed exemptions. The disjunctive "or" is not "neutralized"; it continues to separate alternative conditions under which the disclosure obligation is triggered within the same class of calls. What Plaintiff's interpretation does, by contrast, is create true surplusage: it effectively nullifies the regulation's express limitation to "artificial or prerecorded-voice telephone call[s]" by expanding the rule to all telemarketing calls.

Plaintiff's reliance on comparisons to Section 227(b) is likewise misplaced. The issue before the Court is not whether the Federal Communications Commission ("FCC") could have written Section 64.1200(d)(4) differently, but whether the language it actually adopted can reasonably be read to expand beyond its stated subject. It cannot. And Plaintiff's "the FCC knew how to say prerecorded" argument cuts against Plaintiff, not Defendant. The FCC also knows how to clearly create independent regulatory categories when it intends to do so. *See* 47 C.F.R. § 64.1200(a)(1)(i) (prohibits calls made to emergency telephone lines) and § 64.1200(a)(1)(ii) (prohibits calls made to a telephone line of any guest room or patient room of a hospital); 47 C.F.R. § 64.1200(a)(9)(i) (exempting calls made by a package delivery company) and § 64.1200(a)(9)(ii) (exempting calls made by an inmate collect call). It routinely does this by repeating the subject or structuring provisions into separately enumerated clauses. *See* 47 C.F.R. § 64.1200(a)(9)(iii). The absence of that structure here is telling. Rather than drafting two parallel categories, the FCC used one subject followed by a disjunctive series, which, under ordinary grammar, signals alternative conditions within the same category, not an expansion beyond it. *See DJL AZ Invs. LLC*, 2024 WL 1829256, at *3; *Facebook, Inc.*,

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

592 U.S. at 402–03.

Plaintiff further conflates the definition of "telemarketing" in Section 64.1200(f)(13) with how that term operates within Section 64.1200(d)(4). While "telemarketing" may be broadly defined, Section 64.1200(d)(4) does not adopt that definition to define its scope. It applies only to a person or entity "making an artificial or prerecorded-voice telephone call," with "any call for telemarketing purposes" functioning as one of two triggering circumstances within that already limited class of calls. Plaintiff's approach improperly assumes that every use of the term "telemarketing" imports the full breadth of the definition, even where the operative text clearly narrows its application. However, a general definition cannot override an express limitation embedded in the operative provision. *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012) (stating that the general/specific canon prevents a general provision from "swallow[ing]" a more specific one).

Plaintiff's policy argument cannot override the text Congress and the FCC actually adopted. Whatever policy concerns may have motivated Section 64.1200(d)(4), the provision is still limited by its operative language to "artificial or prerecorded-voice telephone call[s]," and courts may not extend regulatory requirements beyond the statute's plain text. *See Guido v. Mount Lemmon Fire Dist.*, 859 F.3d 1168, 1175 (9th Cir. 2017), aff'd, 586 U.S. 1 (2018) (stating "it is not our role to choose what we think is the best policy outcome and to override the plain meaning of a statute, apparent anomalies or not."). Nor is there any "evasion" gap, as Plaintiff suggests. The fact that Section 64.1200(d)(4) imposes an additional identification requirement in the context of artificial or prerecorded calls reflects a judgment that those calls present distinct risks, particularly because the caller is not a live speaker and the consumer cannot interact in real time in the same way. Plaintiff's reliance on general consumer privacy interests therefore proves too much. It would justify rewriting the provision to cover all telemarketing calls, which is a task for the agency or Congress, not the Court. *See Lindenbaum v. Realgy, LLC*, 13 F.4th 524, 529

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

(6th Cir. 2021) ("under our constitutional framework, federal courts do not sit as councils of revision, empowered to rewrite legislation in accord with their own conceptions of prudent public policy.") (citing *United States v. Rutherford*, 442 U.S. 544, 555 (1979)).

Plaintiff takes *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011) out of context. *See* Opp. at 10. The court in *Charvat* was confronted with the issue of whether the court had subject matter or diversity jurisdiction over the case that involved telemarketing calls being placed to the plaintiff's home for purposes of selling a Nascar membership. *Charvat*, 656 F.3d at 442. The court held that the district court erred in ruling that it did not have subject matter jurisdiction over the TCPA claims or diversity jurisdiction given the amount in controversy was satisfied. *Id*. at 455. In evaluating whether subject matter jurisdiction existed, the court noted that since Section 64.1200(d) and its accompanying statues covered calls, the court does have subject matter jurisdiction, noting there are "minimum procedures" required, but not whether the plaintiff's claims were covered by the applicable statute. *Id*. at 449.

Plaintiff further cites a string of cases in the Opposition but none of them address the precise argument made here. All such cases address whether 47 C.F.R. § 64.1200(d) affords a plaintiff a private right of action. *See* Opp. at 11 (citing *Bilek v. Nat'l Cong. of Emps., Inc.*, 470 F. Supp. 3d 857, 863 (N.D. Ill. 2020); *Robison v. 7PN, LLC*, 569 F. Supp. 3d 1175, 1183 (D. Utah 2021); *Pariseau v. Built USA, LLC*, 619 F. Supp. 3d 1203, 1206 (M.D. Fla. 2022); *Van Baalen v. Mut. of Omaha Ins. Co.*, 729 F. Supp. 3d 1239, 1252 (D.N.M. 2024)).

Because Plaintiff's interpretation is contrary to the plain text, structure, and established canons of construction governing Section 64.1200(d)(4), and because Plaintiff fails to allege facts showing that the calls at issue fall within the provision's scope, Count II fails and must be dismissed.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

**B.    Plaintiff's Attempt to Discount *Tobias* Fails.**

Of course, *Tobias* was properly decided. There, the court properly dismissed a Section 64.1200(d)(4) claim because the plaintiff "d[id] not allege that [the call] involve[d] 'an artificial or prerecorded-voice telephone call". *Tobias*, 769 F. Supp. 3d at 696.

Plaintiff's attempt to discount *Tobias* because the court issued its holding "without explanation" is unavailing. *See* Opp. at 14. A court is not required to elaborate at length where the statutory text is clear on its face. *See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989) (Where "the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'") (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). Rather, it is obligated to apply the statute as written. Indeed, where the words used are unambiguous, no further analysis of intent or impact is necessary or appropriate. *See Animal Legal Def. Fund v. United States Dep't of Agric.,* 933 F.3d 1088 (9th Cir. 2019) ("If the language has a plain meaning or is unambiguous, the statutory interpretation inquiry ends there.").

Plaintiff instead relies on *Selectquote* and suggests that Sections 64.1601(e) and 64.1200(d)(4) are "analogous" to each other. *See* Opp. at 15-16. But Plaintiff's reliance on *Selectquote* only highlights the flaw in his argument. As an initial matter, *Selectquote* addressed whether Section 64.1601(e) creates a private right of action and did not analyze Section 64.1200(d)(4) at all. *Dobronski v. Selectquote Ins. Servs.*, 773 F. Supp. 3d 373, 375 (E.D. Mich. 2025). More importantly, the provisions are textually distinct in a way that is dispositive. Section 64.1601(e) expressly applies to "[a]ny person or entity that engages in telemarketing," thereby tying the obligation directly to telemarketing activity itself. By contrast, § 64.1200(d)(4) is expressly limited to "a person or entity making an artificial or prerecorded-voice telephone call." 47 C.F.R. § 64.1200(d)(4). The FCC's inclusion of a limitation in one provision and its omission in the other reflects a deliberate drafting choice, not a gap to be judicially harmonized away. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("where Congress includes particular language in one section of a statute but omits

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
Case No. 2:25-CV-02032-RSM
8

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
(949) 350-5612

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

it in another section of the same Act, it is generally presumed that the Congress acts intentionally and purposely in the disparate inclusion or exclusion."). Accordingly, Plaintiff's reliance on *Selectquote* only underscores the weakness of his position: it confirms that where the FCC intends to regulate telemarketing generally, it says so explicitly, whereas Section 64.1200(d)(4) does not. Because Plaintiff has not alleged that he received an artificial or prerecorded-voice call, and because *Tobias* correctly holds that such an allegation is required to state claim under Section 64.1200(d)(4), Plaintiff's Count II must be dismissed.

### C.    The Historical Context of 47 C.F.R. § 64.1200(d) Does Not Alter the Analysis.

Plaintiff next suggests that the historical context of 47 C.F.R. § 64.1200(d) further supports extending the provision to all telemarketing calls. *See* Opp. at 16-18. Not so.

Plaintiff's historical narrative depends on the premise that Section 64.1200(d) was promulgated under the authority in 47 U.S.C. § 227(c). *See* Opp. at 16-17. But courts have not reached a consensus on that point. To the contrary, several courts have concluded that Section 64.1200(d)(4) was promulgated under 47 U.S.C. § 227(d). *See Burdge v. Ass'n Health Care Mgmt., Inc.,* No. 1:10-CV-00100, 2011 WL 379159, at *4 (S.D. Ohio Feb. 2, 2011) (finding that the regulations under "64.1200(d)(4) are technical and procedural in nature and were promulgated pursuant to section 227(d) of the TCPA"); *Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373, at *7 (D. Md. Sept. 2, 2016), aff'd, 678 F. App'x 165 (4th Cir. 2017) (same); *Worsham v. Disc. Power, Inc.*, No. CV RDB-20-0008, 2021 WL 50922, at *4 (D. Md. Jan. 6, 2021), amended, No. CV RDB-20-0008, 2021 WL 1390310 (D. Md. Apr. 13, 2021) (same).

But even assuming Section 64.1200(d) was promulgated under the authority in 47 U.S.C. § 227(c), that does not advance Plaintiff's position. The fact that Section 64.1200(d) contains a mix of obligations that may apply broadly to telemarketing generally says nothing about the scope of the specific requirement at issue in Section 64.1200(d)(4).

Regulatory subsections often address different conduct, and different triggering conditions within a single framework. They are not all coextensive merely because they share a common statutory lineage or policy objective. Here, the FCC did exactly what agencies routinely do: it imposed generally applicable compliance obligations in some provisions, while separately limiting other obligations to a narrower subset of conduct. Section 64.1200(d)(4) is one of those narrower provisions.

Plaintiff's argument improperly collapses that distinction by treating the general privacy-oriented structure of Section 64.1200(d) as controlling over the text of Section 64.1200(d)(4). But courts do not infer breadth from surrounding provisions where the operative subsection contains its own express limiting condition. *Dubin v. United States*, 599 U.S. 110, 120 (2023) (stating that while statutory context may inform interpretation, it cannot "override the plain words" of the operative text). To the contrary, the inclusion of the language—"a person or entity making an artificial or prerecorded-voice telephone call"—is a deliberate limitation in scope that must be given effect. Reading Section 64.1200(d)(4) to apply to all telemarketing calls would render that limitation surplusage, contrary to basic principles of interpretation. *See Davis*, 936 F.3d at 1180.

Whatever the historical evolution of Section 64.1200(d) as a whole, Congress and the FCC chose to include within it a discrete requirement that applies specifically to "a person or entity making an artificial or prerecorded-voice telephone call." That express limitation cannot be overridden. In short, the historical framework confirms what the text already makes clear: Section 64.1200(d)(4) applies to artificial or prerecorded-voice calls, not all telemarketing communications. Because that text limits the provision to artificial or prerecorded-voice calls, and Plaintiff does not allege such a call, Count II fails as a matter of law.

### D.    Defendant Complied with Section 64.1200(d)(4).

47 C.F.R. § 64.1200(d)(4) provides that "[a] person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii)

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

through (v) of this section or any call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." 47 C.F.R. § 64.1200(d)(4). The Complaint confirms those requirements were satisfied here.

Plaintiff attempts to transform a straightforward pleading challenge into a far more demanding interpretation of Section 64.1200(d)(4) than the text supports. At the outset, Plaintiff does not allege that the caller failed to identify herself as "Melissa with Bath Planet," nor that she failed to provide a callback number. Instead, Plaintiff's theory depends on the assertion that the regulation requires disclosure of the precise long form name of an entity. That is not what Section 64.1200(d)(4) requires. The regulation mandates disclosure of "the name of the individual caller" and "the name of the person or entity on whose behalf the call is being made", not a corporate genealogy.

Plaintiff's reliance on FCC waiver decisions ultimately reinforces Defendant's position. *See* Opp. at 21. Those waiver decisions confirm that the FCC does permit substitution of a d/b/a for a legal name where use of the legal name would confuse consumers. Accordingly, the FCC's willingness to allow d/b/a usage in appropriate circumstances underscores that compliance should turn on whether the information conveyed meaningfully identifies the caller to the consumer, not whether it mirrors the company's legal name. Here, Plaintiff's own allegations confirm that the caller identified both herself ("Melissa") and the entity on whose behalf she was calling ("Bath Planet"), thereby satisfying Section 64.1200(d)(4)'s purpose and requirements.

Courts addressing Section 64.1200(d)(4) do not impose the hyper-technical requirement Plaintiff advances here. Instead, they look to whether the caller provided the identifying information specified in the regulation. *See Laccinole v. Cova Home Realty LLC*, No. 2:21CV507, 2026 WL 617312, at *13 (E.D. Va. Feb. 11, 2026), report and recommendation adopted, No. 2:21CV507, 2026 WL 615862 (E.D. Va. Mar. 4, 2026)

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

(holding that Plaintiff cannot recover under § 64.1200(d)(4) in part because defendant "included the appropriate identification information when contacting plaintiff."). Plaintiff cites no authority requiring a caller to identify the precise legal entity behind a consumer-facing brand, and this Court should decline to read such a requirement into the regulation.

Plaintiff's theory would also lead to impractical results. Telemarketing communications routinely use brand names rather than formal corporate titles. Requiring callers to disclose the exact legal entity behind a brand down to corporate suffixes or subsidiary relationships, would impose obligations not found in the regulation and create uncertainty where none exists. Nothing in Section 64.1200(d)(4) supports such a rule.

*Robinson*, an out-of-circuit case, is distinguishable. In *Robinson,* the plaintiff allegedly received text messages from the defendant 7PN, LLC without her consent. *Robison*, 569 F. Supp. 3d at 1185. As an example, one of the text messages read: "BUY1-GET1 50% OFF SALE! Today ONLY @7 Point Nutrition. Some restrictions may apply. Call 801-617-1090 for phone orders!" *Id.* The plaintiff claimed defendant violated Section 64.1200(d)(4) because the text message did not provide the name of the individual caller. *Id.* Importantly, the court stated "[t]he FCC clarified that providing a d/b/a in a telemarketing message is permissible". *Id.* But while the court still held that the plaintiff plausibly alleged the defendant violated Section 64.1200(d)(4), it was because the plaintiff failed to provide the name of the individual caller <u>and</u> entity on whose behalf the calls was being made. *Id.* By contrast, Defendant here identified the name of the individual caller "Melissa" and the entity on whose behalf the calls were being made "Bath Planet." *See* Compl., at ¶¶ 31-33.

At bottom, Plaintiff's argument conflates corporate affiliation questions with a violation of the disclosure rule itself. Section 64.1200(d)(4) ensures that consumers know who is calling and how to contact them. It does not require disclosure of every affiliated or upstream entity that may have some contractual or other relationship to the brand under which the call is placed. Plaintiff's own allegations confirm that purpose was satisfied: the

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
Case No. 2:25-CV-02032-RSM
12

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
(949) 350-5612

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com

caller identified herself and the brand under which she was calling and provided a callback number. Accordingly, Count II fails as a matter of law.

### E.   This Court Should Deny Plaintiff Leave to Amend.

A district court need not grant leave to amend where the proposed further details consist of facts that were known to the plaintiff from the outset of the case and therefore could have been pleaded in the original complaint. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (affirming denial of leave to amend "when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.")[1]

To the extent the Court grants Defendant's Motion (it should), Plaintiff asks the Court for leave to amend to add further details regarding "the nature of the calls, the entity identification deficiency, the relationship between the Bath Planet and Northwest Bath Specialists, and the consumer confusion caused". *See* Opp. at 22. However, since Plaintiff has known these purported additional facts since the inception of this action, any amendment would be improper. *See Acri*, 781 F.2d at 1398. As such, the Court should not grant Plaintiff leave to amend.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion to Dismiss Count II of Plaintiff's Complaint.

---

[1] *See also M/V American Queen v. San Diego Marine Construction Corp.*, 708 F.2d 1483, 1492 (9th Cir.1983) (same); *Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir.1982) (same).

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
Case No. 2:25-CV-02032-RSM
13

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
(949) 350-5612

Dated: April 16, 2026                    TROUTMAN AMIN, LLP

Eric J. Troutman (*Pro Hac Vice*)
Puja Amin (*Pro Hac Vice*)
Brittany A. Andres (*Pro Hac Vice*)
400 Spectrum Center Drive
Suite 1450
Irvine, CA 92618
troutman@troutmanamin.com
amin@troutmanamin.com
brittany@troutmanamin.com
Tel: (949) 350-5612

PACIFIC NORTHWEST FAMILY LAW

By: */s/ David M. Rose*
David M. Rose (WSBA # 32849)
dmr@pnwfamilylaw.com
216 S. Palouse Street
Walla Walla, Washington 99362
Telephone: (509) 288-4806

*Attorneys for Defendant Northwest Bath
Specialist, LLC d/b/a Bath Planet of Seattle*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Civil Rule 7(e)(6), we certify that this memorandum contains 4,075 words, in compliance with Local Civil Rule 7(e)(4).

Dated: April 16, 2026                    /s/ *Brittany A. Andres*
                                         Brittany A. Andres

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
Case No. 2:25-CV-02032-RSM
14

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
(949) 350-5612

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing *Defendant Northwest Bath Specialists, LLC d/b/a Bath Planet of Seattle's Reply in Support of its Motion to Dismiss Count II of Plaintiff's Complaint* was served upon all counsel of record via the Court's CM/ECF systems on the 16th day of April, 2026.

 /s/ *Brittany A. Andres*
Brittany A. Andres

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450, Irvine, CA 92618
troutman@troutmanamin.com